IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Red Bend Software, Inc., ) <br> Red Bend Software, Ltd., ) <br> Time Warner Inc., ) <br> ICQ, Inc., ) <br> InstallShield Software Corp., ) <br> and ) <br> ScanSoft, Inc. ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. _____ <br><br> 04 - 11960 RWZ <br><br> MAGISTRATE JUDGE Collings <br><br> **JURY TRIAL DEMANDED** <br><br> RECEIPT #_____ <br> AMOUNT $_____ <br> SUMMONS ISSUED_____ <br> LOCAL RULE 4.1_____ <br> WAIVER FORM_____ <br> MCF ISSUED_____ <br> BY DPTY. CLK._____ <br> DATE_____ |

## COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. by and through its attorneys, hereby demands a jury trial and alleges, upon information and belief, for its Complaint against Defendants Red Bend Software, Inc., Red Bend Software, Ltd., Time Warner, Inc., ICQ, Inc., InstallShield Software Corp., and ScanSoft, Inc. as follows:

### THE PARTIES

1.  Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter, "Plaintiff BIS") is an Israeli company, with its principal place of business at 35 Montefiore Street, Tel Aviv, 65201 Israel.

2.  Plaintiff BIS is the assignee of U.S. Patent No. 6,401,239 (hereinafter, "the '239 Patent"), a true and correct copy of which is attached with the Certificate of Correction as Exhibit A.

3. Defendant Red Bend Software, Inc. is organized and existing under the laws of the State of California, with its principal place of business at 175 Crossing Blvd., Suite 320, Framingham, Massachusetts 01702.

4. Defendant Red Bend Software, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

5. Defendant Time Warner, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 75 Rockefeller Plaza, New York, New York 10019.

6. Defendant ICQ, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. Upon information and belief, ICQ, Inc. is a wholly owned subsidiary of Time Warner, Inc.

7. Defendant InstallShield Software Technologies, Inc. is organized and existing under the laws of the State of Illinois, with its principal place of business at 900 National Parkway, Suite 125, Schaumberg, Illinois 60173.

8. Defendant ScanSoft, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 9 Centennial Drive, Peabody, Massachusetts 01960.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1338.

10. This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Inc. by virtue of the fact that it is headquartered in the State of Massachusetts, thereby availing itself of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

11. This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Ltd. by virtue of the facts that it is related to Red Bend Software, Inc. and that it placed infringing software in the stream of commerce, through its U.S. Massachusetts facility, thereby availing itself of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

12. This Court can properly exercise personal jurisdiction over Defendants Time Warner, Inc. and ICQ, Inc. by virtue of the fact that, upon information and belief, they have used infringing computer software to download updates to their customers in the District of Massachusetts, including, but not limited to, software under the brand names "vCurrent" and/or "vBuild for InstallShield" thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

13. This Court can properly exercise personal jurisdiction over Defendant InstallShield Software Corp. by virtue of the fact that, upon information and belief, they have offered for sale and/or sold infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for InstallShield," and/or "InstallShield Update Service," thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

14. This Court can properly exercise personal jurisdiction over Defendant ScanSoft, Inc. by virtue of the fact that they are headquartered in the State of Massachusetts, thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof, and by virtue of the fact that, upon information and belief, they have used infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand name "InstallShield Update Service."

15. Venue for the present action properly lies in this District pursuant to 28 U.S.C. §§ 1391(a) and (b).

## THE PATENT-IN-SUIT

16. The '239 Patent, entitled "System and method for quick downloading of electronic files," was duly and legally issued on June 4, 2002.

17. The '239 Patent is properly assigned to Plaintiff BIS.

## BACKGROUND

18. On or about March 22, 1999, Plaintiff BIS filed a patent application which ultimately matured into the '239 Patent.

19. The '239 Patent refers generally a system and method for improved transfer of electronic files.

20. In letters dated January 30, 2002, Plaintiff BIS notified Defendants Red Bend, Ltd. and InstallShield Software Technologies, Inc. that certain computer software that they each manufactured, used, or sold infringed the '239 Patent.

21. On more than one occasion since January 30, 2002, Plaintiff BIS has notified Defendants Red Bend, Ltd. and InstallShield Software Technologies, Inc. of the continuing infringement by the computer software that they manufactured, used, or sold.

## COUNT 1 — PATENT INFRINGEMENT

22. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 22 above, as if fully set forth herein.

23. Defendants Red Bend Software, Inc., Red Bend Software, Ltd., Time Warner, Inc., ICQ, Inc., InstallShield Software Corp., and ScanSoft, Inc. (hereinafter, collectively, the "Defendants") have made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

24. Defendants continue to manufacture, use, offer for sale, and/or sell within the United States and/or import into the United States computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

25. Defendants have and continue to induce and/or engage in contributory infringement by marketing, selling, distributing and servicing computer software within the United States incorporating the technology claimed by the '239 Patent without Plaintiff's authorization.

26. The aforementioned acts by Defendants, including making using, selling, offering for sale, importing, distributing, maintaining and/or servicing computer software, infringe and/or have infringed the '239 Patent pursuant to at least Title 35 U.S.C.§ 271(a), (b) and/or (c).

5

27. Defendants do not have a license to make, use, sell, offer for sale or import computer software which incorporates the technology covered by the '239 Patent.

28. Defendants' infringement of the '239 Patent has been, and continues to be, willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BIS seeks a judgment against Defendants as follows:

a. Declaring that Defendants have infringed the '239 Patent;

b. Declaring that Defendants have induced infringement and engaged in contributory infringement of the '239 Patent;

c. Awarding Plaintiff BIS damages for Defendants' infringement of the '239 Patent;

d. Declaring that Defendants' infringement of the '239 Patent is and has been willful;

e. Awarding Plaintiff BIS treble damages and attorneys' fees for Defendants' willful infringement of the '239 Patent;

f. Enjoining Defendants from infringing the '239 Patent in the future, where appropriate;

g. Declaring that the case is exceptional pursuant to 35 U.S.C. § 285; and

h. Awarding Plaintiff BIS such other and further relief as the Court may deem just and proper.

                                        Attorneys for Plaintiff
                                        BIS Advanced Software Systems, Ltd.

                                        By its attorneys,

Dated: September 9, 2004          /s/ [signature]
                                        GRIESINGER, TIGHE, & MAFFEI, LLP
                                        Daniel P. Tighe (BBO # 556583)
                                        176 Federal Street
                                        Boston, Massachusetts 02110-2214
                                        (703) 617-542-9900


                                        GREENBLUM & BERNSTEIN, P.L.C.
                                        Neil F. Greenblum
                                        Michael J. Fink
                                        Benjamin P. Kota
                                        1950 Roland Clarke Place
                                        Reston, Virginia 20191
                                        (703) 716-1191

                                        *Applications for admission pro hac vice*
                                        *to be filed*