**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br>    Plaintiff, <br><br>  v. <br><br> RED BEND SOFTWARE, INC., <br> RED BEND, LTD., <br> TIME WARNER INC., <br> ICQ, INC. <br> INSTALLSHIELD SOFTWARE CORP., <br> and <br> SCANSOFT, INC. <br><br>    Defendants. | Civil Action No. 04cv11960 (RWZ) <br><br> JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS

Defendants Red Bend Software, Inc., Red Bend, Ltd., Time Warner Inc., ICQ, Inc., and InstallShield Software Corp. (collectively, the "Defendants") answer the corresponding numbered paragraphs of Plaintiff BIS Advanced Software Systems, Ltd.'s ("BIS's") Complaint as follows:

1.  The Defendants are without sufficient information to admit or deny the allegations of Paragraph 1.

2.  The Defendants admit that, on its face, the title page of U.S. Patent No. 6,401,239 (the "'239 patent") states that it was issued on June 4, 2002, is entitled "System and Method for Quick Downloading of Electronic Files" and lists B.I.S. Advanced Software Systems Ltd., Jerusalem (IL) as the assignee. The Defendants admit that a copy of the '239 patent, and a Certificate of Correction, are attached to the Complaint, but the Defendants are without

information sufficient to form a belief as to the truth of whether those copies are true and correct, and on that basis deny the same.  The Defendants are also without information sufficient to form a belief as to the truth of whether the '239 patent was properly assigned to BIS, and on that basis deny the same.  The Defendants further deny any and all remaining allegations of Paragraph 2.

3. The Defendants admit that Red Bend Software, Inc. is organized and existing under the laws of the State of California, with its principal place of business at 175 Crossing Blvd., Suite 320, Framingham, Massachusetts 01702.

4. The Defendants are not aware of an entity by the name "Red Bend Software, Ltd."  The Defendants admit that Red Bend, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

5. The Defendants admit that Time Warner Inc. is organized and existing under the laws of the State of Delaware but deny the remaining allegations of Paragraph 5.  Time Warner Inc.'s principal place of business is located at One Time Warner Center, New York, New York.

6. The Defendants admit that ICQ, Inc. is organized and existing under the laws of the State of Delaware and admit that ICQ, Inc.'s main offices are located at 22000 AOL Way, Dulles, Virginia  20166, but deny the remaining allegations of Paragraph 6.

7. The Defendants deny the allegations of Paragraph 7.  Certain assets of InstallShield Software Corporation were purchased by Macrovision Corporation, a Delaware corporation, with its principal place of business at 2830 De La Cruz Blvd, Santa Clara, CA 95050.  Macrovision Corporation shall respond to the allegations of the Complaint that relate to InstallShield Software Corporation on behalf of InstallShield Software Corporation.

8. The Defendants are without knowledge to admit or deny the allegations of Paragraph 8.

9.     The Defendants admit that the Complaint purports to state a claim for patent infringement, pursuant to which this Court has subject matter jurisdiction, but deny that the Complaint states such a claim.

10.     The Defendants admit that Red Bend Software, Inc.'s principal place of business is in the Commonwealth of Massachusetts and that this Court has personal jurisdiction over Red Bend Software, Inc.

11.     The allegations in Paragraph 11 are conclusions of law as to which no response is required. To the extent a response is required, Red Bend Software, Inc. and Red Bend, Ltd. deny the allegations of Paragraph 11. The remaining Defendants are without sufficient information to admit or deny the allegations of Paragraph 11.

12.     The allegations in Paragraph 12 are conclusions of law as to which no response is required. To the extent a response is required, Time Warner Inc. and ICQ, Inc. deny the allegations of Paragraph 12. The remaining Defendants are without sufficient information to admit or deny the allegations of Paragraph 12.

13.     The allegations in Paragraph 13 are conclusions of law as to which no response is required. To the extent a response is required, Macrovision Corporation denies the allegations of Paragraph 13. The remaining Defendants are without sufficient information to admit or deny the allegations of Paragraph 13.

14.     The Defendants are without information to admit or deny the allegations of Paragraph 14.

15.     The allegations in Paragraph 15 are conclusions of law as to which no response is required. To the extent a response is required, the Defendants deny the allegations of Paragraph 15.

LIBNY/4344996.1

16. The Defendants deny the allegations of Paragraph 16.

17. The Defendants are without sufficient information to admit or deny the allegations of Paragraph 17.

18. The Defendants are without sufficient information to admit or deny the allegations of Paragraph 18.

19. The Defendants admit that, on its face, the title page of the '239 patent states that it is entitled "System and Method for Quick Downloading of Electronic Files." The Defendants deny the remaining allegations of Paragraph 19.

20. Red Bend, Ltd. and Red Bend Software, Inc. admit that a letter was sent to Red Bend, Ltd. dated January 30, 2003 that referred to the '239 patent, but deny the remaining allegations of Paragraph 20, and deny all allegations in the January 30, 2003 letter. Macrovision Corporation admits that a letter was sent to InstallShield Software Corporation dated January 30, 2003 that referred to the '239 patent, but denies the remaining allegations of Paragraph 20, and denies all allegations in the January 30, 2003 letter. The remaining Defendants are without sufficient information to admit or deny the allegations of Paragraph 20.

21. Red Bend, Ltd. and Red Bend Software, Inc. admit that BIS, or counsel for BIS, sent letters addressed to Red Bend, Ltd. or its counsel in 2003 relating to the '239 patent. Macrovision Corporation admits that BIS, or counsel for BIS, sent letters addressed to InstallShield Software Corporation or its counsel in 2003 relating to the patent-in-suit. Red Bend, Ltd. and Macrovision Corporation deny the remaining allegations of Paragraph 21, and deny all allegations in the referenced letters. The remaining Defendants are without sufficient information to admit or deny the allegations of Paragraph 21.

22. The Defendants restate their responses to paragraphs 1-21 above.

23. The Defendants are without information to admit or deny the allegations of Paragraph 23 in so far as they relate to ScanSoft, Inc. The Defendants deny the allegations of Paragraph 23 in so far as they relate to themselves.

24. The Defendants are without information to admit or deny the allegations of Paragraph 24 in so far as they relate to ScanSoft, Inc. The Defendants deny the allegations of Paragraph 24 in so far as they relate to themselves.

25. The Defendants are without information to admit or deny the allegations of Paragraph 25 in so far as they relate to ScanSoft, Inc. The Defendants deny the allegations of Paragraph 25 in so far as they relate to themselves.

26. The Defendants are without information to admit or deny the allegations of Paragraph 26 in so far as they relate to ScanSoft, Inc. The Defendants deny the allegations of Paragraph 26 in so far as they relate to themselves.

27. The Defendants are without information to admit or deny the allegations of Paragraph 27 in so far as they relate to ScanSoft, Inc. The Defendants admit that they do not have a license to make, use, sell, offer for sale or import computer software which incorporates any technology allegedly covered by the '239 patent, but deny that the '239 patent is valid or enforceable and deny that the '239 covers any technology incorporated in any computer software made, used, sold, offered for sale or imported by any of the Defendants.

28. The allegations in Paragraph 28 are conclusions of law as to which no response is required. The Defendants are without information to admit or deny the allegations of Paragraph 28 in so far as they relate to ScanSoft, Inc. To the extent a response is required, the Defendants deny the allegations of Paragraph 28.

LIBNY/4344996.1

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, the Defendants assert the following defenses. The Defendants reserve the right to amend their Answer with additional defenses as further information is obtained.

A.   BIS fails to state a cause of action against each of the Defendants.

B.   The Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '239 patent, and are not liable for infringement thereof.

C.   All methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the '239 patent.

D.   On information and belief, the claims of the '239 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

E.   On information and belief, BIS has failed to meet the requirements of 35 U.S.C. § 287 and is not entitled to any damages prior to notifying the Defendants of the alleged infringement.

F.   BIS's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and BIS is estopped from claiming that the '239 patent covers or includes any accused method, system, apparatus and/or product.

G.   BIS has dedicated to the public all methods, systems, apparatus and/or products disclosed in the '239 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatus and/or products.

LIBNY/4344996.1

H. The Complaint is barred in whole or in part for lack of personal jurisdiction.

I. The conduct alleged in the Complaint does not state a basis for an award of treble damages.

J. BIS's claims are barred by BIS's unclean hands.

K. BIS has not sustained any injury or damage as a result of any act or conduct by the Defendants.

## COUNTERCLAIMS

Counterclaimants Red Bend Software, Inc., Red Bend, Ltd., Time Warner Inc., ICQ, Inc., and InstallShield Software Corp. (collectively, "Counterclaimants") for their counterclaims, allege and aver as follows:

### FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

1. This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*

2. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1338, 2201, and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a).

4. Counterclaimant Red Bend Software, Inc. is organized and existing under the laws of the State of California, with its principal place of business at 175 Crossing Blvd., Suite 320, Framingham, Massachusetts 01702.

5. Counterclaimant Red Bend, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

LIBNY/4344996.1

6. Counterclaimant Time Warner Inc. is a Delaware company, with its principal place of business at One Time Warner Center, New York, New York.

7. Counterclaimant ICQ, Inc. is a Delaware company, with its principal place of business at 22000 AOL Way, Dulles, Virginia.

8. Counterclaimant Macrovision Corporation, brings this claim in its capacity as successor by merger to InstallShield Software Technologies, Inc., and is a Delaware corporation, with its principal place of business at 2830 De La Cruz Blvd, Santa Clara, CA 95050.

9. Counterclaim Defendant BIS Advanced Software Systems, Ltd. ("BIS") purports to be the owner of the U.S. Patent No. 6,401,239 (the "'239 patent").

10. BIS has alleged that the Counterclaimants have infringed the '239 patent.

11. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between BIS, on the one hand, and the Counterclaimants, on the other hand, on the non-infringement of the '239 patent.

12. All of the Counterclaimants' methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the '239 patent.

13. The Counterclaimants have not directly infringed any claim of the '239 patent.

14. The Counterclaimants have not induced infringement of any claim of the '239 patent.

15. The Counterclaimants have not contributed to infringement of any claim of the '239 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

16. Counterclaimants repeat and reallege the allegations contained in Paragraphs 1-12 of the Counterclaims as if fully set forth herein.

17. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between BIS, on the one hand, and Counterclaimants, on the other hand, on the invalidity of the '239 patent.

18. On information and belief, the claims of the '239 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants/Counterclaimants pray for an Order:

A. granting judgment in the Defendants'/Counterclaimants' favor on all claims in BIS's Complaint;

B. dismissing BIS's claims with prejudice;

C. a declaration that the '239 patent is invalid;

D. a declaration that the Counterclaimants have not infringed the '239 patent;

E. awarding the Defendants their attorneys' fees, expenses and costs in defending against BIS's claims; and

F. awarding the Defendants such other and further legal and/or equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), the Defendants demand a trial by jury.

             Respectfully submitted,

             /s/ Anastasia Fernands
             Anastasia Fernands (BBO# 633131)
             GOODWIN PROCTER LLP
             53 State Street
             Boston, MA 02109
             Tel:  617-570-1000
             Fax:  617-523-1231

             Ethan Horwitz
             Georgia Yanchar
             GOODWIN PROCTER LLP
             599 Lexington Avenue
             New York, New York 10022
             Tel:  212-813-8800
             Fax:  212-353-3555

             **ATTORNEYS FOR RED BEND SOFTWARE, INC., RED BEND, LTD., TIME WARNER INC., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

Dated:  December 22, 2004