IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND, LTD.,<br>TIME WARNER INC.,<br>ICQ, INC.<br>INSTALLSHIELD SOFTWARE CORP.,<br>and<br>SCANSOFT, INC.<br><br>Defendants. | Civil Action No. 04cv11960 (RWZ)<br><br>JURY TRIAL DEMANDED |



## ANSWER AND COUNTERCLAIMS

Defendant ScanSoft, Inc. answers the corresponding numbered paragraphs of Plaintiff BIS Advanced Software Systems, Ltd.'s ("BIS's") Complaint as follows:

1. Defendant is without sufficient information to admit or deny the allegations of Paragraph 1.

2. Defendant admits that, on its face, the title page of U.S. Patent No. 6,401,239 (the "'239 patent") states that it was issued on June 4, 2002, is titled "System and Method for Quick Downloading of Electronic Files" and lists B.I.S. Advanced Software Systems Ltd., Jerusalem (IL) as the assignee. Defendant admits that a copy of the '239 patent, and a Certificate of Correction, are attached to the Complaint, but Defendant is without information sufficient to form a belief as to the truth of whether those copies are true and correct, and on that basis denies the same. Defendant is also without information sufficient to form a belief as to the truth of

whether the '239 patent was properly assigned to BIS, and on that basis denies the same. Defendant further denies any and all remaining allegations of Paragraph 2.

3. On information and belief, Defendant admits that Red Bend Software, Inc. is organized and existing under the laws of the State of California, with its principal place of business at 175 Crossing Blvd., Suite 320, Framingham, Massachusetts 01702.

4. On information and belief, Defendant is not aware of an entity by the name "Red Bend Software, Ltd." Defendant admits that Red Bend, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

5. On information and belief, Defendant admits that Time Warner Inc. is organized and existing under the laws of the State of Delaware but denies the remaining allegations of Paragraph 5. Time Warner Inc.'s principal place of business is located at One Time Warner Center, New York, New York.

6. On information and belief, Defendant admits that ICQ, Inc. is organized and existing under the laws of the State of Delaware and admits that ICQ, Inc.'s main offices are located at 22000 AOL Way, Dulles, Virginia 20166, but denies the remaining allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7. On information and belief, certain assets of InstallShield Software Corporation were purchased by Macrovision Corporation, a Delaware corporation, with its principal place of business at 2830 De La Cruz Blvd, Santa Clara, CA 95050. Macrovision Corporation will respond to the allegations of the Complaint that relate to InstallShield Software Corporation on behalf of InstallShield Software Corporation.

8. Defendant admits that ScanSoft, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 9 Centennial Drive, Peabody, Massachusetts 01960.

9. Defendant admits that the Complaint purports to state a claim for patent infringement, pursuant to which this Court has subject matter jurisdiction, but denies that the Complaint states such a claim.

10. On information and belief, Defendant admits that Red Bend Software, Inc.'s principal place of business is in the Commonwealth of Massachusetts and that this Court has personal jurisdiction over Red Bend Software, Inc.

11. The allegations in Paragraph 11 are conclusions of law as to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 11.

12. The allegations in Paragraph 12 are conclusions of law as to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 12.

13. The allegations in Paragraph 13 are conclusions of law as to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 13.

14. Defendant admits that ScanSoft, Inc.'s principal place of business is in the Commonwealth of Massachusetts and that this Court has personal jurisdiction over ScanSoft, Inc.

15. The allegations in Paragraph 15 are conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 15.

EM\7179475.1
2505087-3

16. Defendant denies the allegations of Paragraph 16.

17. Defendant is without sufficient information to admit or deny the allegations of Paragraph 17.

18. Defendant is without sufficient information to admit or deny the allegations of Paragraph 18.

19. Defendant admits that, on its face, the title page of the '239 patent states that it is entitled "System and Method for Quick Downloading of Electronic Files." Defendant denies the remaining allegations of Paragraph 19.

20. Defendant is without sufficient information to admit or deny the allegations of Paragraph 20.

21. Defendant is without sufficient information to admit or deny the allegations of Paragraph 21.

22. Defendant restates its responses to paragraphs 1-21 above.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant admits that it does not have a license to make, use, sell, offer for sale or import computer software which incorporates any technology allegedly covered by the '239 patent, but denies that the '239 patent is valid or enforceable and denies that the '239 covers any technology incorporated in any computer software made, used, sold, offered for sale or imported by Defendant.

EM\7179475.1
2505087-3

28. The allegations in Paragraph 28 are conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 28.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Defendant asserts the following defenses. Defendant reserves the right to amend its Answer with additional defenses as further information is obtained.

A. BIS fails to state a cause of action against Defendant.

B. Defendant has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '239 patent, and is not liable for infringement thereof.

C. All methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the '239 patent.

D. On information and belief, the claims of the '239 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

E. On information and belief, BIS has failed to meet the requirements of 35 U.S.C. § 287 and is not entitled to any damages prior to notifying Defendant of the alleged infringement.

F. BIS's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and BIS is estopped from claiming that the '239 patent covers or includes any accused method, system, apparatus and/or product.

G. BIS has dedicated to the public all methods, systems, apparatus and/or products disclosed in the '239 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatus and/or products.

H.  The Complaint is barred in whole or in part for lack of personal jurisdiction.

I.  The conduct alleged in the Complaint does not state a basis for an award of treble damages.

J.  BIS's claims are barred by BIS's unclean hands.

K.  BIS has not sustained any injury or damage as a result of any act or conduct by Defendant.

## COUNTERCLAIMS

Counterclaimant ScanSoft, Inc. for its counterclaims, alleges and avers as follows:

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

1.  This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*

2.  This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1338, 2201, and 2202.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a).

4.  Counterclaimant is a Delaware company, with its principal place of business at 9 Centennial Drive, Peabody, Massachusetts 01960.

5.  Counterclaim Defendant BIS Advanced Software Systems, Ltd. ("BIS") purports to be the owner of the U.S. Patent No. 6,401,239 (the "'239 patent").

6.  BIS has alleged that Counterclaimant has infringed the '239 patent.

7.  An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between BIS, on the one hand, and Counterclaimant, on the other hand, on the non-infringement of the '239 patent.

6

8. Counterclaimant's methods, systems, apparatus, and/or products that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to the infringement of the '239 patent.

9. Counterclaimant has not directly infringed any claim of the '239 patent.

10. Counterclaimant has not induced infringement of any claim of the '239 patent.

11. Counterclaimant has not contributed to infringement of any claim of the '239 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

12. Counterclaimant repeats and realleges the allegations contained in Paragraphs 1-12 of the Counterclaims as if fully set forth herein.

13. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between BIS, on the one hand, and Counterclaimant, on the other hand, on the invalidity of the '239 patent.

14. On information and belief, the claims of the '239 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant/Counterclaimant prays for an Order:

A. granting judgment in the Defendant's/Counterclaimant's favor on all claims in BIS's Complaint;

B.  dismissing BIS's claims with prejudice;

C.  a declaration that the '239 patent is invalid;

D.  a declaration that Counterclaimant has not infringed the '239 patent;

E.  awarding Defendant its attorneys' fees, expenses and costs in defending against BIS's claims; and

F.  awarding Defendant such other and further legal and/or equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant demands a trial by jury.

Respectfully submitted,

_____
Bruce E. Falby (BBO# 544143)
PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
Tel: (617) 406-6120
Fax: (617) 406-6120


John Allcock
Andrew P. Valentine
Timothy Lohse
GRAY CARY WARE & FREIDENRICH LLP
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833-2065
Fax: (650) 833-2001

Dated: December 23, 2004

**ATTORNEYS FOR SCANSOFT, INC.**

EM\7179475.1
2505087-3