IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., RED BEND SOFTWARE, LTD., TIME WARNER INC., ICQ, INC., INSTALLSHIELD SOFTWARE CORP., and SCANSOFT, INC. <br><br> Defendants. | Civil Action No. 04-11960-RWZ <br><br> **JURY TRIAL DEMANDED** |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D), the parties hereto by and through their respective undersigned counsel, hereby file this Joint Statement pursuant to Local Rule 16.1(D):

### I.  Proposed Discovery Schedule

1. The parties agree that discovery will be necessary on the following subjects:

   a. infringement/non-infringement of the patent-in-suit;

   b. validity/invalidity of the patent in suit;

   c. damages; and

   d. willfulness/non-willfulness of any infringement.

2. The parties agree that fact discovery shall be completed by August 1, 2005; and that expert discovery shall be completed by October 1, 2005.

3. The parties have agreed to the following concerning disclosures under Rule 26(a):

   a. disclosures under Rule 26(a)(1) are waived; and;

b. disclosures under Rule 26(a)(2) will be made according to the following schedule:

1) expert reports for which the serving party has the burden of proof shall be exchanged by July 1, 2005; and

2) expert reports for which the serving party does not have the burden of proof shall be exchanged by September 1, 2005.

4. The parties do not at this time anticipate a need for altering or adding to the limitations on the amount of discovery to be conducted.

## II. Proposed Schedule for Motions

1. The parties agree to the following schedule regarding all summary judgment and *Daubert* motions:

   a. all summary judgment and *Daubert* motions shall be filed by November 1, 2005;

   b. all briefs in opposition to summary judgment and *Daubert* motions shall be filed by December 1, 2005; and

   c. any reply briefs on summary judgment and *Daubert* motions, if permitted by the Court, shall be filled by December 15, 2005.

## III. Trial By Magistrate

1. The parties have not consented to trial by a magistrate judge.

## IV. Other Matters

1. The parties agree that they will be ready and available for a final pre-trial conference one (1) month after the Court's decisions on the parties' motions for summary judgment and claim construction.

2. The parties do not believe that early settlement or resolution is likely, and are not currently engaged in settlement discussions. Plaintiff believes that it does not have sufficient information to make a settlement proposal at this time.

## V. Agenda for Scheduling Conference

1. The parties have not reached agreement regarding the following issues:

   a. Plaintiff contends that both sides should simultaneously file *Markman* claim construction briefs on November 1, 2005, and opposition briefs shall be due on December 1, 2005. Defendants contend that Plaintiff's *Markman* claim construction brief shall be due on November 1, 2005, and Defendants' *Markman* claim construction briefs shall be due on December 1, 2005.

   b. Defendants contend that a *Markman* claim construction hearing should be scheduled, and would like to propose that the Court schedule the hearing for a time around January 16, 2006. Plaintiff does not agree that a separate *Markman* claim construction hearing should be held.

   c. Plaintiff contends that Defendants should be required to state whether they will rely on the advice-of-counsel defense to willfulness on or before April 10. Defendants contend that they should be required to state whether they will rely on the advice-of-counsel defense to willfulness on or before June 1, 2005.

   d. Plaintiff contends that by February 8, 2005, Defendants should be required to produce any existing flow diagrams of the accused software products, and state the software language in which their respective accused software products are written; and by March 8, 2005, Plaintiff should be required to provide an initial designation of the allegedly infringed claims. Defendants believe that if accelerated discovery takes place, it should take place by both sides.

   e. Plaintiff contends that the parties should exchange their proposed construction of claim terms on or before October 1, 2005; Defendants contend that October 1, 2005

should be the deadline for the parties to set forth construction of claim terms on which there is agreement.

## VI. Certification of Counsel

The parties shall separately file certifications pursuant to Local Rule 16.1(D)(3).

DATED: 1/20/05

Respectfully submitted,

Dan Tighe /sm
GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe (BBO # 556583)
176 Federal Street
Boston, Massachusetts 02110-2214
(703) 617-542-9900

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Benjamin P. Kota
Caitlin Lhommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff
BIS Advanced Software Systems, Ltd.

Anastasia Fernands (guy)
GOODWIN PROCTOR LLP
Anastasia Fernands (BBO # 633131)

4

53 State Street
Boston, MA 02109
(617) 570-1000

Ethan Horwitz (admission *pro hac vice* pending)
Georgia Yanchar (admission *pro hac vice* pending)
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

Attorneys for Defendants
Red Bend Software, Inc., Red Bend, Ltd.,
Time Warner Inc., ICQ, Inc., and
InstallShield Software Corp.


_____/Andrew Valentine/ SM_____
PIPER RUDNICK LLP
Bruce E. Falby (BBO # 544143)
One International Place, 21st Floor
Boston, MA 02110-2613
(617) 406-6020

GRAY CARY WARE & FREIDENRICH LLP
John Allcock
Andrew P. Valentine
Timothy Lohse
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2065

Attorneys for Defendant ScanSoft, Inc.

NFG/CKL/cdb
(J333802.M01)

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand/facsimile on:
1/20/05   SMcLe