IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., RED BEND SOFTWARE, LTD., TIME WARNER INC., ICQ, INC., INSTALLSHIELD SOFTWARE CORP., and SCANSOFT, INC., <br><br> Defendants. | Civil Action No. 04-11960-RWZ <br><br> **JURY TRIAL DEMANDED** |

**MOTION TO ADD TO THE SCHEDULING ORDER A DEADLINE BY WHICH DEFENDANTS SHALL IDENTIFY RELEVANT PRIOR ART**

The plaintiff, BIS Advanced Software Systems, Ltd. ("BIS"), hereby requests that this Court add to the Scheduling Order a deadline by which the defendants shall identify relevant prior art. As grounds therefore, BIS states as follows:

1. As the parties were drafting the Scheduling Order to submit to the Court, BIS realized that the parties had not agreed to a date by which the defendants would identify prior art relevant to the claims at issue. (BIS has agreed to the dates in the Scheduling Order, but reserved the right to request that a deadline regarding identification of prior art be added.)

2. Although BIS will be requesting this information by interrogatory,[1] it needs to have a definitive statement from each defendant before preparing its motion(s) for summary judgment, and in order to prepare for trial.

---

[1] Interrogatory answers, of course, are sometimes of limited value, since a party may not have determined the relevant prior art by the time the answers are due, and the supplement to the interrogatory answer, if any, could be made at a too-late date.

3.  The deadline provided for by 35 U.S.C. § 282 (thirty days before trial) will not allow BIS sufficient time to evaluate the claimed prior art and incorporate arguments regarding such prior art into its motion(s) for summary judgment and/or its opposition to the defendants' motion(s) for summary judgment, especially if the defendants identify such prior art for the first time in their motion(s) for summary judgment.

4.  The expert report deadline (July , 2005) also provides little comfort to BIS, since the defendants may choose not to offer expert testimony on prior art, and instead identify prior art for the first time in their motion(s) for summary judgment. If this happens, BIS will be prevented from addressing the claimed prior art in its motion(s) for summary judgment and/or will not have sufficient time to evaluate and address the claimed prior art in its opposition to the defendants' motion(s) for summary judgment.

5.  BIS raised this issue with the defendants, and proposed a September 15, 2005 deadline. This proposed date is fifteen days after BIS will identify the claims in issue, and is approximately six weeks before the deadline for motions for summary judgment.

6.  The defendants, however, have refused to add such a deadline to the Scheduling Order, and have declined to propose an alternate date.

WHEREFORE, BIS respectfully requests that this Court add to the Scheduling Order a deadline for the identification of prior art relevant to the claims at issue, and that this be September 15, 2005.

                  Respectfully submitted,

                  BIS ADVANCED SOFTWARE SYSTEMS, LTD.

                  By its attorneys,

                  /s/ Scott McConchie
                  Daniel P. Tighe (BBO #556583)
                  Scott McConchie (BBO #634127)
                  GRIESINGER, TIGHE, & MAFFEI, LLP
                  176 Federal Street
                  Boston, Massachusetts 02110-2214
                  (617) 542-9900

                  Neil F. Greenblum
                  Michael J. Fink
                  Caitlin Lhommedieu
                  Benjamin P. Kota
                  GREENBLUM & BERNSTEIN, P.L.C.
                  1950 Roland Clarke Place
                  Reston, VA 20191
Dated: February 2, 2005        (703) 716-1191

### Certificate Under Local Rule 7.1

In accordance with Local Rule 7.1(a)(2), Caitlin Lhommedieu, counsel for BIS, certifies that on February 1 and 2, 2005, she conferred by telephone with counsel for the defendants, Anastasia Fernands and Bruce Falby, about this Motion and attempted in good faith to resolve the matter, but was unable to reach agreement.

                  /s/ Caitlin Lhommedieu
                  Caitlin Lhommedieu