**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., RED BEND, LTD., TIME WARNER INC., ICQ, INC. INSTALLSHIELD SOFTWARE CORP., and SCANSOFT, INC. <br><br> Defendants. | Civil Action No. 04cv11960 (RWZ) |

## OPPOSITION TO BIS'S MOTION TO ADD TO THE SCHEDULING ORDER A DEADLINE BY WHICH DEFENDANTS SHALL IDENTIFY RELEVANT PRIOR ART

Defendants Red Bend Software Inc., Red Bend, Ltd., Time Warner Inc., ICQ, Inc., and InstallShield Software Corp. (collectively "Red Bend") oppose plaintiff, BIS Advanced Software Systems, Ltd.'s ("BIS") motion to add to the Scheduling Order a deadline by which Defendants must identify relevant prior art. [1]

BIS's motion should be denied because:  1) it is late – BIS failed to even raise this issue until well after the conference between the parties and after the conference with the Court; 2) the requested deadline is unfair to Red Bend because it would sharply cut off the time needed to investigate the prior art, time properly afforded by the patent laws and the rules of discovery; and 3) it is unnecessary – the Federal Rules of Civil Procedure and the Patent Act already ensure adequate notice of the prior art to BIS.

---

[1] The final named defendant, ScanSoft, Inc., concurs in this Opposition.

I.    **BIS's request should be denied because it is late.**

BIS first raised the issue of changing the Scheduling Order by adding a date by which Red Bend must identify prior art on January 31, 2005.  This was twenty-one days after the parties' Rule 26(f) scheduling conference and four days after the parties' Scheduling Conference with the Court.   By the time BIS raised this issue, the parties had already drafted and agreed upon most of the dates in the Scheduling Order and the Court had already issued its decision as to the dates upon which the parties had not agreed.  BIS's motion should be denied because BIS failed to even discuss the requested additional deadline with Red Bend or to raise it with the Court during the time periods contemplated by Local Rule 16.1 and Federal Rule of Civil Procedure 26.

II.    **The requested relief should be denied because it would unfairly prejudice Red Bend.**

The relief sought by BIS would unfairly prejudice Red Bend by sharply cutting off their time to discover prior art.  Identifying the relevant prior art is crucial to Red Bend's case, and that process takes time.

Although some prior art is expected to be found in publications or prior patents (*see* 35 U.S.C. § 102(b)), it is likely that the most relevant prior will be the prior use of similar systems by third party companies (*see* 35 U.S.C. § 102(a)).  Red Bend can only find this type of prior art by talking to people in the industry, tracking down uses of the relevant technology and then finding documentation for such uses.  The patent-in-suit was filed in 1999; thus, it is expected that the relevant prior art will date back to the mid-to-late 1990s.  Red Bend's prior art investigation will therefore require that old recollections be refreshed.  As an additional complication, many of the companies who practiced the relevant technology in the applicable time frame are likely to now be defunct as the result of the bursting of the technology bubble in the late 1990s.

LIBNY/4378017.1

In short, the investigation of the prior art in this case is anticipated to be particularly time-intensive.  Accordingly, Red Bend needs as long as possible to investigate prior art uses, find people who are knowledgeable and document those uses.  Establishing a deadline of September 15, 2005 would cut down the time the Patent Act and the Federal Rules otherwise afford Red Bend to do this, an artificial cut-off to what is expected to be a difficult and time-consuming investigation.

## III.    BIS's request should be denied because it is unnecessary.

Finally, the relief requested is unnecessary because the normal rules of discovery already require Red Bend to timely disclose the relevant prior art.  As BIS concedes, Red Bend must identify relevant prior art in response to interrogatories requesting such information.  Red Bend also has a "a duty seasonably to amend" its responses when new prior art is found.  *See* Fed. R. Civ. P. 26(e)(2).  The Federal Rules regarding expert disclosures provide yet an additional guarantee that BIS will receive adequate notice of the relevant prior art.  *See* Fed. R. Civ. Proc. 26(a)(2).[2]  The very purpose of the Federal Rules of Civil Procedure is to avoid surprise in litigation, and there is no reason to anticipate that Red Bend will fail to comply with those Rules.

In addition to the Federal Rules of Civil Procedure, the Patent Act contains an additional safeguard to ensure that plaintiffs such as BIS receive adequate notice of the relevant prior art.  35 U.S.C. § 282 provides in relevant part:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party *at least thirty days before the trial*, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in

---

[2] BIS argues that the rules regarding expert disclosures do not provide it comfort because Red Bend "may choose" not to offer expert testimony on prior art.  Even if this conjecture had any basis in fact, Red Bend would still be obligated to identify the prior art in response to interrogatories.

LIBNY/4378017.1

> suit or . . . as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit.  In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

35 U.S.C. § 282 (emphasis added).  Section 282 traces its roots at least as far back as the Patent Act of 1836.  Its objective is to "prevent unfair and prejudicial surprise by the production of unexpected and unprepared-for prior art references at trial."  *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed. Cir. 1986).  In other words, Section 282 was enacted to address precisely BIS's concern.  BIS's argument that it will not have adequate time to evaluate the prior art, despite the safeguard of Section 282 and all of the safeguards of the Federal Rules of Civil Procedure, is nothing more than conjecture devised to deprive Red Bend their allotted time to identify the prior art that will form the foundation for their invalidity defense and counterclaim.  BIS's attempt to circumvent Section 282 and provide a cut-off for Red Bend's investigation should be denied.

## IV.    Conclusion

The Patent Act and the Federal Rules of Civil Procedure strike the appropriate balance between the interest of the Red Bend in having adequate time to find and document prior art and the interest of BIS in having adequate time to review the prior art.  BIS's motion asks this Court to alter this balance by changing the deadline of 35 U.S.C. § 282, which has proved to be an adequate balance for over 150 years.  Moreover, the Federal Rules of Civil Procedure provide numerous other guarantees of notice to BIS.  BIS has not shown good cause for giving it yet another level of protection to the detriment of Red Bend.  Accordingly, BIS's motion should be denied.

4

For all of the foregoing reasons, Red Bend respectfully submits that this Court should

deny BIS's Motion to Add to the Scheduling Order a Deadline by Which Defendants Shall

Identify Relevant Prior Art.  In the alternative, if the Court grants the present motion, Red Bend

respectfully submits that the deadline by which defendants shall identify relevant prior should be

double the time set forth in 35 U.S.C. § 282, namely two months before trial, rather than

September 15, 2005.


Respectfully Submitted,


/s/ Anastasia Fernands
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel:  617-570-1000
Fax:  617-523-1231

Ethan Horwitz
Georgia Yanchar
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel:  212-813-8800
Fax:  212-353-3555

**ATTORNEYS FOR RED BEND SOFTWARE,
INC., RED BEND, LTD., TIME WARNER
INC., ICQ, INC. and INSTALLSHIELD
SOFTWARE CORP.**

Dated:  February 16, 2005


5