IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11960-RWZ |
| | ) | |
| RED BEND SOFTWARE, INC., RED BEND SOFTWARE, LTD., TIME WARNER INC., ICQ, INC., INSTALLSHIELD SOFTWARE CORP., and SCANSOFT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

It is hereby stipulated and agreed by and between counsel for the parties that the terms

and conditions of this Stipulated Protective Order shall be applicable to and govern any and all

depositions, documents and any other tangible things produced in response to requests for

production thereof, answers to interrogatories, responses to requests for admissions, and all other

discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced

at trial, matters in evidence, and other information exchanged by the parties in the captioned

action (hereinafter "this Action") or produced by a third-party witness which the disclosing party

designates as confidential or highly confidential hereunder.

It is hereby ORDERED as follows:

1.  <u>Applicability of Protective Order</u>.

All documents, materials, items, testimony or information, designated as being

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," regardless of whether stored in electronic

or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a party or by a non-party, to or for any of the other parties, shall be governed by this Protective Order and used only for the purposes of this litigation and not for any business, patent prosecution, competitive or governmental purpose or function, and shall not be disclosed to anyone, except as provided in this Protective Order, absent a specific order by this Court.

2.    Designations of CONFIDENTIAL Materials.

Any party to, or third-party witness in, this Action (hereinafter a Designating Party) shall have the right to designate as CONFIDENTIAL any information, thing, or document it believes in good faith constitutes or embodies trade secrets or any other proprietary information used by it within or pertaining to its business, which matter is not generally known and which the Designating Party would normally not reveal to third parties, or would cause third parties to maintain in confidence. For purposes of this Order, the term document means all written, recorded, or graphic material, whether produced pursuant to Rule 34, subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission, submissions pursuant to requests for production, deposition transcripts as exhibits, pleadings, motion affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the protected information is bound separately from that not entitled to such protection.

3.    Designations of HIGHLY CONFIDENTIAL Materials.

A party shall designate as HIGHLY CONFIDENTIAL any information, thing, or document it believes in good faith constitutes or embodies trade secrets or other proprietary

information used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would normally not reveal to a competitor. Such information includes, but is not limited, to technical information (including source code and flow charts), specific formulation information, financial information (including sales and profit data), marketing, future business and ventures plans, pricing and promotion plans, market research materials, customer lists, competitor market analyses, agreements and licenses and business relationships with third parties.

4.    Restriction on Disclosure of Designated Materials.

Except with the prior written consent of the party or other person originally designating a document stamped as CONFIDENTIAL or HIGHLY CONFIDENTIAL, or as set forth in this Order, no information or things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be disclosed to any person or entity, except as provided herein.

5.    Marking of Designated Materials.

Documents that any party wishes to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall be marked by placing the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL or an equivalent marking on each page of the document, material or thing.

All documents to be so designated shall be marked prior to the delivery of a physical copy thereof to the Receiving Party, unless otherwise agreed to in writing in advance of the production. Documents provided for inspection prior to delivery shall be provisionally treated as HIGHLY CONFIDENTIAL. If there is production of an inspected document, the confidentiality designation, or lack thereof, on the copy provided to opposing counsel will control further treatment of that document. If no production is requested of an inspected document, then that

document and the information contained therein shall be treated as HIGHLY CONFIDENTIAL. The designation of any thing as to which inspection or sampling has been requested shall be made by placing a legend in the form described above on the thing or on the container within which it is produced.

If there is any dispute as to whether a document may be declassified, such document shall be treated as HIGHLY CONFIDENTIAL until such dispute is resolved.

6.    Depositions.

(a)    A deponent may, during the deposition, be shown and examined about CONFIDENTIAL or HIGHLY CONFIDENTIAL documents if the said deponent is employed by the Designating Party, or if the said deponent otherwise qualifies pursuant to this Order for review of the same. A deponent who is not a party, or a representative of a party, shall be furnished a copy of this Order before being examined about, or asked to produce, potentially CONFIDENTIAL or HIGHLY CONFIDENTIAL documents.

(b)    Deposition transcripts, or portions thereof (including exhibits thereto), may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL either (i) within 30 days after receiving a deposition transcript, in which case confidential information within the deposition transcript may be designated as such by underlining the portions of the pages that are confidential and marking such pages either CONFIDENTIAL or HIGHLY CONFIDENTIAL; or (ii) during the deposition, in which case the Designating Party shall request that the transcript of the designated testimony or portion thereof be bound in a separate volume and marked by the reporter respectively as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to paragraph 5 herein above. Until expiration of the 30-day period, the entire deposition will be treated as HIGHLY CONFIDENTIAL, subject to protection against disclosure under this Order.

(c)    If no party or deponent timely designates confidential information in a deposition, then the transcript will not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, with the exception of any exhibits to the deposition that were previously designated pursuant to this Protective Order and for which such designation has not been lifted by the Court order, or agreement of the producing party or non-party.

(d)    If a timely designation is made, the CONFIDENTIAL or HIGHLY CONFIDENTIAL portions of the transcript and exhibits shall, if filed with the Clerk of the Court, be filed under seal separate from the portions and exhibits not so marked.

(e)    The Designating Party shall have the right to have all persons except the deponent and his counsel, counsel of record for named parties, the court reporter, and such other persons as are permitted under paragraphs 8 and 9 hereof, as appropriate, excluded from a deposition, or any portion thereof before the taking therein of the testimony which the Designating Party designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order.

7.    <u>Filing Designated Materials.</u>

Discovery materials including CONFIDENTIAL or HIGHLY CONFIDENTIAL materials shall not be filed within the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, other motions, or appeals. All documents and other matter filed with the Court, including, *inter alia*, transcripts of depositions, exhibits, physical evidences, answers to interrogatories or requests for admission, briefs and memoranda, which comprise or contain Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information taken therefrom shall be filed with and kept by the Clerk of Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this Action, an

indication of the nature of the contents of the sealed envelope or container, the identity of the

party filing the materials, the statement CONFIDENTIAL (or HIGHLY CONFIDENTIAL)

SUBJECT TO PROTECTIVE ORDER, and a statement substantially in the following form:

"This envelope (container) contains documents (things) subject to the Protective Order entered in

this action.  It is not to be opened nor the contents thereof displayed, revealed or made public,

except by written order of the Court."

       8.     Access to HIGHLY CONFIDENTIAL Materials.

      Subject to paragraphs 9, 10, 11 and 12, information designated as HIGHLY

CONFIDENTIAL shall not be provided, shown, made available, or communicated in any way to

any person or entity with the exception of:

        (a)    outside attorneys for the parties in this Action, and persons working solely

in secretarial, clerical, graphical and paralegal capacities and who are assisting those attorneys in

this Action, except that any such attorneys (or those persons assisting the attorneys) who actually

receive or review any HIGHLY CONFIDENTIAL information under this Protective Order shall

not thereafter prosecute or supervise in the prosecution of any new patent application or in any

continuation, divisional, renewal, substitute or convention application, whether or not claiming

priority from the asserted patent or any foreign counterpart thereof, on behalf of the party whom

they represent, during the pendency of this case and for three years after the conclusion of this

litigation, including appeal; although nothing in this Protective Order shall prevent the outside

attorneys for the Receiving Party from providing relevant prior art, not designated HIGHLY

CONFIDENTIAL by the Designating Party, to any attorney prosecuting patent application(s) on

behalf of the Receiving Party; and further, nothing in this Protective Order shall prevent

attorneys/agents in the same firm as the outside attorneys for the Receiving Party from

prosecuting patent application(s) on behalf of the Receiving Party, so long as procedures are in place to prevent HIGHLY CONFIDENTIAL information from being disclosed to the prosecuting attorneys/agents, and the prosecuting attorneys/agent, in fact, do not receive HIGHLY CONFIDENTIAL information, such procedures to include an ethical wall for all documents containing HIGHLY CONFIDENTIAL information;

(b)    outside consultants or technical experts and their staffs to the extent cleared by the parties pursuant to this Protective Order, provided that such persons shall agree to be bound by the terms of this Order and execute the declaration attached as Exhibit A hereto, and that outside counsel comply with paragraph 10 herein;

(c)    any court reporter, videographer, or typist translating, recording or transcribing testimony on behalf of any party or the Court;

(d)    commercial copy or trial graphics assistance services;

(e)    the Court and its staff in connection with the Court's administration and adjudication of this action; and

(f)    the foregoing list in this Paragraph 8 may be expanded by mutual agreement in writing by counsel of record for Plaintiff and Defendant, or by further order of the Court.

9.    Access to CONFIDENTIAL Information.

Information which is designated as CONFIDENTIAL (*i.e.*, not designated as HIGHLY CONFIDENTIAL), may be provided to the individuals identified in Paragraph 8 and additionally to the Designated Representatives of Plaintiff and to the Designated Representatives of Defendant, provided that said Designated Representatives are designated in accordance with Paragraph 10 below.

10.    <u>Designation of Representatives</u>.

Plaintiff shall select two persons to serve as its Designated Representatives who shall have access to CONFIDENTIAL Information.  Each Defendant shall select two (2) persons to serve as its Designated Representatives who shall have access to CONFIDENTIAL Information. The parties agree that their respective Designated Representatives shall not advise the respective party, or a competitor of the other party in a technical capacity; nor work in any research, design and/or development capacity for such party or a competitor of the other party.  Each Designated Representative shall sign a Representation in accordance with <u>Exhibit B</u> attached hereto.  During the course of this Action, and any appeals therefrom, neither Plaintiff nor Defendant may change its Designated Representatives without the written consent of the other party.  Such consent may not be unreasonably withheld.

11.    <u>Disclosure to Expert or Consultant</u>.

A party disclosing the CONFIDENTIAL or HIGHLY CONFIDENTIAL information of another party or of a non-party to an outside expert or to an outside consultant shall notify the opposing party at least ten (10) business days before making such disclosure and shall include the following information about the outside expert or outside consultant in the written notice:

-    business address;

-    business title;

-    business or profession;

-    any previous or current relationship (personal or professional) with either party or with either party's competitors; and

-    a resume or *curriculum vitae*.

Such notice shall be accomplished by facsimile or e-mail.

Each such outside expert or outside consultant shall execute a declaration acknowledging the foregoing, substantially in the form annexed hereto as Exhibit A. Counsel who retained the expert or consultant shall also forward a copy of the executed declaration to counsel for the producing party at least ten (10) business days prior to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to such expert or consultant. If the producing party objects to the proposed disclosure, such producing party shall have ten (10) business days from service of the notification to serve an objection to such disclosure. The parties shall attempt to resolve any objections informally within ten (10) business days after the objection is made. If the objections cannot be resolved, the party objecting to disclosure may move at any time after the conclusion of the meet and confer process; otherwise the objection is deemed waived. The burden shall be on the objecting party to show why the disclosure should not be made. No disclosure may be made pending the parties' resolution of the objection or the Court's ruling on the objection.

12.    Disclosure to Authors, Previous Recipients and Others.

The designation of any document as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not preclude any party from showing the document to any person (a) who appears as the author or as an addressee on the face of the document, or (b) who has been identified by the Designating Party as having been provided with the document or with the information therein prior to the date of entry of this Order.

13.    Handling Source Code and Restricted Magnetic and/or Digital Media.

A party or non-party may specially designate source code and other similar highly sensitive technical materials relating to source code as "HIGHLY CONFIDENTIAL RESTRICTED MAGNETIC and/or DIGITAL MEDIA" (hereinafter, "RESTRICTED

MAGNETIC MEDIA").  Such materials shall be subject to all of the provisions of this Protective

Order regarding "HIGHLY CONFIDENTIAL" information and shall also be subject to the

following additional restrictions on copying and use:

      (a)      attorneys for the requesting party may not relinquish or transfer possession

or control of any particular copy of a producing party's RESTRICTED MAGNETIC MEDIA to

an expert or consultant who has been retained by such counsel for the requesting party to assist

in the prosecution, defense or settlement of this action unless all of the following conditions are

met:

      (i)      no such expert or consultant may be, and no member of such

expert's or consultant's clerical staff, if any, may be a party to this Action or an officer, director,

or employee of a party to this Action; and

      (ii)      such expert or consultant must agree not to accept employment

with a party to this action for a period of two (2) years after the final conclusion of this Action

(either through settlement or final judgment including appeals and petitions for review), with the

exception of employment or retention in said expert's or consultant's capacity as an expert or

consultant has been retained in this Action, provided that any expert or consultant accepting such

employment must not use, disclose, or otherwise access any information beyond the extent

permitted and authorized by this Protective Order; and

      (b)      none of the source code of a producing party existing in any medium may

be copied by any person acting on behalf of a requesting party, attorneys for a requesting party,

or an expert or consultant for a requesting party in this action except as expressly permitted by

this Protective Order:

(i)    the RESTRICTED MAGNETIC MEDIA of a producing party may be copied into the hard drive and/or into the RAM of a stand-alone (*e.g.*, neither networked nor connected to the Internet) computer for the purposes of conducting analyses of the source code, but not otherwise copied except to make "excerpts" as described below. Such RESTRICTED MAGNETIC MEDIA shall be handled as follows:

(1)    RESTRICTED MAGNETIC MEDIA may be used by outside attorneys and by outside attorneys' retained and disclosed consultants, experts, and clerical staff solely for the purposes of this litigation. Said RESTRICTED MAGNETIC MEDIA is to be kept secure throughout the litigation by means of being stored on the stand-alone computer where it resides, with access to said RESTRICTED MAGNETIC MEDIA limited to those persons designated under this Protective Order as having access to said RESTRICTED MAGNETIC MEDIA. RESTRICTED MAGNETIC MEDIA shall not be compiled. Any and all transmission of RESTRICTED MAGNETIC MEDIA shall use public-key encryption to ensure the security of said RESTRICTED MAGNETIC MEDIA *en route*.

(2)    Any copying of the producing party's RESTRICTED MAGNETIC MEDIA may only be carried out by outside attorneys of record for any party to this Action (including the paralegal, clerical, graphical and secretarial staff employed by such counsel); or an expert or consultant (including his or her clerical staff) who has previously satisfied and who continues to satisfy all of the requirements of this Protective Order.

(ii)    With the exception of transitory copies created in the RAM or other internal operating circuitry of a computer, a producing Party's RESTRICTED MAGNETIC MEDIA or portions thereof ("RESTRICTED MAGNETIC MEDIA EXCERPTS") shall only be copied either onto paper or electronic media for the purposes of analysis within the scope of this

litigation or for creating submissions to the Court or for presentation to the Court at hearings or at trial. Once having been made, all such copies of a producing party's RESTRICTED MAGNETIC MEDIA EXCERPTS shall be marked as "HIGHLY CONFIDENTIAL" in the name of the producing party, and shall only be filed under seal.

        (iii)    A producing party's RESTRICTED MAGNETIC MEDIA EXCERPTS must remain in the direct control of persons satisfying all of the requirements of this Protective Order.

        (iv)    Outside consultants and experts who receive such materials must keep them stored in a secure location to which they and their employees alone have access.

        (c)    Within 30 days of the conclusion of the litigation:

        (i)    The RESTRICTED MAGNETIC MEDIA must be returned to the producing party or destroyed upon request.

        (ii)    Notwithstanding the provisions set forth above, outside counsel may retain for archive purposes one (1) magnetic/optical copy and one (1) paper copy of all pleadings exchanged by the parties or filed with the Court that contain RESTRICTED MAGNETIC MEDIA EXCERPTS.

        14.    <u>Confidential Information at Trial or Hearing</u>.

        Subject to the Federal Rules of Evidence, CONFIDENTIAL or HIGHLY CONFIDENTIAL material may be offered in evidence at trial, or any court hearing, provided, however, that the Designating Party, or the person to whom the CONFIDENTIAL or HIGHLY CONFIDENTIAL information belongs, be permitted to move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

15.    Undertakings of Persons Receiving Designated Materials.

In no event shall any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL be disclosed to any person, other than persons described in paragraphs 8(a), 8(c), 8(d), and 8(e) above, until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound thereby, or until that person has so acknowledged and agreed under oath on the record of his or her deposition. Counsel of record shall be responsible for maintaining a file of all such declarations and acknowledgments under oath. The file of the signed declarations and acknowledgments shall be available for inspection by the Court upon good cause shown by opposing counsel.

16.    Limitation upon Scope of Order.

Nothing contained in this Order shall affect the right of any party, or third party, to disclose or use for any purpose its own documents or information produced and designated by it as CONFIDENTIAL or HIGHLY CONFIDENTIAL. This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as a result of, this litigation.

Any party believing that information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL should not be so designated under the provisions of this paragraph must follow the procedures in paragraph 17, below, if it wishes to challenge the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

17.    Procedure for Modification of Order/Objection to Designation.

No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Any party objecting to the designation of any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL must give counsel for the Designating Party a notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of Notice of Objection shall be made by facsimile (or electronic mail), and by mail.

On, but not before, the tenth (10th) day after service of the Notice of Objection, failing resolution, the party objecting may seek an order changing or removing the designation. The burden of proving that information has not been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be on the Receiving Party.

18.    Inadvertent Disclosure of Privileged Information or Documents.

The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of material and/or information subject to the attorney client privilege, the work product doctrine or other privilege or immunity (hereinafter collectively Privileged Information).  Provided, however, that the attorneys of record and parties hereto have complied with the preceding sentence of this Paragraph 18, the inadvertent and unintentional disclosure of information which is Privileged Information, shall not be deemed a waiver, in whole or in part, of the relevant privilege or immunity, provided that the party who discloses the Privileged Information timely informs the Receiving Party that the disclosed information is subject to privilege or immunity.  Upon receipt of such notice of inadvertent

disclosure, the Receiving Party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and until any issue of how to treat such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the Receiving Party.

A party who receives material appearing on its face to be Privileged Information shall inform the other party of the same and the parties shall attempt to determine whether the information is Privileged Information and whether the parties complied with the immediately preceding paragraph. Should the parties be unable to agree, the party seeking the return of the alleged Privileged Information may seek an order from the Court regarding the same. The burden of proving that the information is Privileged Information and that the disclosing party complied with the immediately preceding paragraph shall be on the disclosing party.

The *in camera* disclosure of Privileged Information shall not, under any circumstances, be deemed to be a waiver, in whole or in part, of any party's claims of privilege or other immunity.

19.    Inadvertent Failure to Designate.

The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of CONFIDENTIAL and HIGHLY CONFIDENTIAL DOCUMENTS.  Provided, however, that the attorneys of record and parties hereto have complied with the preceding sentence of this Paragraph 19, inadvertent and unintentional disclosure of information which is CONFIDENTIAL and HIGHLY CONFIDENTIAL, shall not be deemed to be a waiver of such designation, in whole or in part, provided that the party who fails to make such designation timely informs the Receiving Party that the disclosed information is CONFIDENTIAL or HIGHLY CONFIDENTIAL, accompanied

by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the misdesignation, or failure to designate by the producing party, shall return to outside counsel or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information contained in the misdesignated documents.

Review of the CONFIDENTIAL OR HIGHLY CONFIDENTIAL documents and information by counsel, experts, or consultants for the litigation shall not waive the confidentiality of the documents or objections to production.

The *in camera* disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information shall not, under any circumstances, be deemed to be a waiver, in whole or in part, of any party's claims of confidentiality.

20.     Control of Designated Materials.

Parties shall not duplicate any stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, except working copies and for filing in Court under seal.

Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material. In the event of disclosure of Designated Material to any person not authorized to such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose designated material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Designated Material shall also promptly take all reasonable measures to retrieve the improperly

disclosed Designated Material and to ensure that no further or greater unauthorized disclosure thereof is made.

21.    <u>No Admission</u>.

Nothing in this Protective Order shall be construed as an admission or agreement that any specific information is or is not confidential, or is or is not otherwise privileged, subject to discovery, or admissible in evidence.  Further, treatment of information or documents by opposing counsel in conformity with the indicated designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be construed as an admission or agreement by any party that the designated disclosures constitutes or contains any trade secret or confidential information of any other party or witness.

22.    <u>Preservation of Rights and Privileges</u>.

Nothing contained in this Protective Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or to any questions at a deposition.  Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

23.    <u>Client Communication</u>.

Nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any CONFIDENTIAL or HIGHLY CONFIDENTIAL information, provided counsel does not disclose such information in a matter not specifically authorized under this Order.

24.    Disposition of Designated Materials at End of Case.

After the final adjudication (including any appellate proceedings) or other final disposition of the claims at issue herein, upon request by the producing party, each party shall then either (a) assemble and return all Designated Materials in its possession, including all copies thereof, to the party or third party witness from whom the Designated Material was obtained, or (b) certify in writing that all such material has been destroyed.  The producing party shall acknowledge in writing the receipt of the returned material.  The parties shall also comply with the provisions of this Protective Order pertaining to the return of RESTRICTED MAGNETIC MEDIA.

25.    Duration of Order.

The confidentiality obligations imposed by this Order shall survive the termination of this action, and shall remain in effect unless and until otherwise expressly ordered by the Court.

Respectfully submitted,

 /s/ Scott McConchie
Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Benjamin P. Kota
Caitlin Lhommedieu
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clark Place
Reston, VA 20191
(703) 716-1191
**ATTORNEYS FOR BIS ADVANCED SOFTWARE SYSTEMS, LTD.**

 /s/ Anastasia M. Fernands
Anastasia M. Fernands (BBO #633131)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
(617) 570-1000

Ethan Horwitz
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
**ATTORNEYS FOR RED BEND SOFTWARE, INC.
RED BEND, LTD., TIME WARNER INC., ICQ, INC.
and INSTALLSHIELD SOFTWARE CORP.**

 /s/ Andrew P. Valentine
Bruce E. Falby (BBO #544143)
DLA PIPER RUDNICK GRAY CARY US LLP
One Internal Place, 21st Floor
Boston, MA 02110-2613
(617) 406-6000

John Allcock
Andrew P. Valentine
Timothy Lohse
DLA PIPER RUDNICK GRAY CARY US LLP
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2000
**ATTORNEYS FOR SCANSOFT, INC.**

It is **SO ORDERED** this _____ day of May, 2005.

_____
Honorable Rya W. Zobel
United States District Judge
United States District Court
District of Massachusetts

**EXHIBIT "A"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND SOFTWARE, LTD.,<br>TIME WARNER INC., ICQ, INC.,<br>INSTALLSHIELD SOFTWARE CORP.,<br>and SCANSOFT, INC. )<br><br>Defendants. ) | Civil Action No. 04-11960-RWZ |

**DECLARATION OF _____**
**UNDER THE STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1.      My address is _____

_____.

2.      My present employer is _____

_____.

3.      My present occupation or job description is _____

_____.

4.      I hereby acknowledge that I may receive information designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Confidentiality Order of the Court

in the above lawsuit, and I certify my understanding that such information is provided to me

pursuant to the terms and restrictions of the Stipulated Protective Order dated

_____ (the PROTECTIVE ORDER).

     5.    I further state that I have been given a copy of and have read the PROTECTIVE

ORDER, that I am familiar with the terms of the PROTECTIVE ORDER, that I agree to comply

with and to be bound by each of the terms thereof, and that I agree to hold in confidence any

information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

     6.    To assure my compliance with the PROTECTIVE ORDER, I hereby submit

myself to the jurisdiction of the United States District Court for the District of Massachusetts, for

the limited purpose of any proceedings relating to my performance under, compliance with, or

violation of this PROTECTIVE ORDER.


     I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


                                    _____
                                                  (Signature)

Executed on: _____

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND SOFTWARE, LTD.,<br>TIME WARNER INC., ICQ, INC.,<br>INSTALLSHIELD SOFTWARE CORP.,<br>and SCANSOFT, INC.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 04-11960-RWZ |

**DECLARATION OF** _____
**UNDER THE STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1.　　My address is _____

_____.

2.　　My present employer is _____

_____.

3.　　My present occupation or job description is _____

_____.

4.　　I hereby acknowledge that I may receive information designated as

CONFIDENTIAL under the Confidentiality Order of the Court in the above lawsuit, and I certify

my understanding that such information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____ (the PROTECTIVE ORDER).

5.    I further state that I have been given a copy of and have read the PROTECTIVE ORDER, that I am familiar with the terms of the PROTECTIVE ORDER, that I agree to comply with and to be bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

6.    To assure my compliance with the PROTECTIVE ORDER, I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts, for the limited purpose of any proceedings relating to my performance under, compliance with, or violation of this PROTECTIVE ORDER.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
(Signature)

Executed on: _____