IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 04-11960-RWZ |
| ) | |
| Red Bend Software, Inc., ) | |
| Red Bend Software, Ltd., ) | |
| Time Warner Inc., ) | |
| ICQ, Inc., ) | |
| InstallShield Software Corp., ) | |
| and  ) | **JURY TRIAL DEMANDED** |
| ScanSoft, Inc., ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter "Plaintiff") requests leave of this Court to file an Amended Complaint to add five defendants: Siemens Communications, Inc., Siemens Information and Communication Mobile LLC, Sony Ericsson Mobile Communications (USA) LLC, America Online, Inc., and Macrovision Corporation (collectively, the "Proposed New Defendants").[1] A copy of the proposed First Amended Complaint is attached hereto as Exhibit A. Additionally, Plaintiff files herewith a Joint Stipulation to Dismiss Defendants ScanSoft, Inc. and Time Warner Inc. (Plaintiff's counsel have discussed the matter with Defendants' counsel, who have indicated their consent only to the said Stipulation.)

As grounds for its motion, Plaintiff states as follows:

---

[1] Additionally, Plaintiff is considering whether to seek leave to amend the complaint to add two other proposed new defendants, namely, RealNetworks, Inc. and Symbian, Inc. Plaintiff does not seek this amendment at this time because it is corresponding with these corporations in an effort to resolve this dispute without the Court's intervention. Plaintiff, though, brings this fact to the Court's attention in anticipation of the possibility that Plaintiff might later seek a second amendment of the complaint.

1.  Leave to amend a pleading shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Regarding Rule 15(a), the Supreme Court has stated: "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Id.; accord United States v. Hougham*, 364 U.S. 310, 316 (1960); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 158 (1964). The First Circuit has likewise stated that leave to amend should be "freely given," and that it may be an abuse of discretion to deny an amendment which states a valid cause of action. *Gaffney v. Silk*, 488 F.2d 1248, 1251 (1st Cir. 1973).

2.  In this case, there is no substantial reason, such as futility or undue prejudice to the non-moving party, that would preclude amendment of the complaint. Plaintiff's Motion for Leave to File an Amended Complaint should be granted because: (1) neither the existing Defendants nor the Proposed New Defendants would be unduly prejudiced; (2) the proposed amendment states a viable cause of action; (3) there would be no undue delay in the proceedings; and (4) Plaintiff has not acted in bad faith.

3.  Upon information and belief, the Proposed New Defendants license from the Defendants Red Bend Software Ltd. and Red Bend Software, Inc. (collectively, "Red Bend"), and use the accused software products in services or products which each then offers to its respective customers and prospects. *See* Exhibit A (printout of Red Bend's customers/partners web page, *at* http://www.redbend.com/partners/ (May 19, 2005)).

4. The parties are now conducting and have not yet begun taking depositions. Red Bend has recently produced documents confirming that the Proposed New Defendants are infringing the patent-in-suit. Therefore, Plaintiff now seeks to add the Proposed New Defendants to the present suit. Plaintiff's motion should be granted because such amendment would result in prejudice to either the existing or the Proposed New Defendants, nor would such amendment result in undue delay.

5. Plaintiff certifies that it has satisfied its obligations under L.R. 15.1(b) with respect to the relief sought herein.

WHEREFORE, Plaintiff respectfully requests that this Court grant its Motion for Leave to File an Amended Complaint, a copy of which is attached hereto as Exhibit A.

Respectfully submitted,

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

*/s/ McC*

Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GRIESINGER, TIGHE, & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110-2214
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Dated: August 5, 2005

(L466PL004)

## CERTIFICATE OF SERVICE

I hereby certify that, on August 5, 2005, copies of the Plaintiff's Motion for Leave to Amend the Complaint were caused to be served upon the following counsel of record:

**By e-mail**

Anastasia Fernands
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Andrew Valentine
Gray Cary Ware & Freidenrich LLP
2000 University Avenue
East Palo Alto, CA 94303

Scott McConchie
Griesinger, Tighe, & Maffei, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900