IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11960-RWZ |
| ) | |
| Red Bend Software, Inc., ) | |
| Red Bend Software, Ltd., ) | |
| ICQ, Inc., ) | |
| InstallShield Software Corp., ) | **JURY TRIAL DEMANDED** |
| Siemens Communications Inc., ) | |
| Siemens Information and Communication ) | |
| Mobile LLC, ) | |
| Sony Ericsson Mobile Communications ) | |
| (USA) LLC, and ) | |
| America Online, Inc., ) | |
| Macrovision Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## FIRST AMENDED COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. by and through its attorneys, hereby demands a jury trial and alleges, upon information and belief, for its Complaint against Defendants Red Bend Software, Inc., Red Bend Software, Ltd., ICQ, Inc., InstallShield Software Corp., Siemens Communications Inc., Siemens Information and Communication Mobile LLC, Sony Ericsson Mobile Communications (USA) Inc., America Online, Inc. and Macrovision Corporation as follows:

## THE PARTIES

1. Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter, "Plaintiff") is an Israeli company, with its principal place of business at 35 Montefiore Street, Tel Aviv, 65201 Israel.

2. Plaintiff is the assignee of U.S. Patent No. 6,401,239 (hereinafter, "the '239 Patent"), a true and correct copy of which is attached with the Certificate of Correction as Exhibit A.

3. Defendant Red Bend Software, Inc. is organized and existing under the laws of the Commonwealth of California, with its principal place of business at 175 Crossing Boulevard., Suite 320, Framingham, Massachusetts 01702.

4. Defendant Red Bend Software, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

5. Defendant ICQ, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. Upon information and belief, ICQ, Inc. is a wholly owned subsidiary of Time Warner, Inc.

6. Defendant InstallShield Software Technologies, Inc. is organized and existing under the laws of the Commonwealth of Illinois, with its principal place of business at 900 National Parkway, Suite 125, Schaumberg, Illinois 60173.

7. Defendant Siemens Communications Inc., is organized and existing under the laws of the State of Delaware, with its principal place of business at 900 Broken Sound Parkway, Boca Raton, FL 33487.

8. Defendant Siemens Information and Communication Mobile LLC. is organized and existing under the laws of the State of Delaware, with its principal place of business at 5000 T-Rex Avenue, Suite 300, Boca Raton, FL 33431.

9. Defendant Sony Ericsson Mobile Communications (USA) Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 7001 Development Drive, P.O. Box 13969, Research Triangle Park, NC 27709.

10. Defendant America Online, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 22000 AOL Way, Dulles, VA 20166.

11. Defendant Macrovision Corporation is organized and existing under the laws of the State of Delaware, with its principal place of business at 2830 De La Cruz Boulevard, Santa Clara, CA 95050.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1338.

13. This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Inc. by virtue of the fact that it is headquartered in the Commonwealth of Massachusetts, thereby availing itself of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

14. This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Ltd. by virtue of the facts that it is related to Red Bend Software, Inc. and that it placed infringing software in the stream of commerce, through its U.S. Massachusetts facility, thereby

availing itself of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

15. This Court can properly exercise personal jurisdiction over Defendants America Online, Inc. and ICQ, Inc. by virtue of the fact that, upon information and belief, they have used infringing computer software to download updates to their customers in the District of Massachusetts, including, but not limited to, software under the brand names "vCurrent" and/or "vBuild for InstallShield" thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

16. This Court can properly exercise personal jurisdiction over Defendant InstallShield Software Corp. by virtue of the fact that, upon information and belief, it has offered for sale and/or sold infringing computer software in the Commonwealth of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for InstallShield," and/or "InstallShield Update Service," thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

17. This Court can properly exercise personal jurisdiction over Defendant Siemens Communication, Inc., by virtue of the fact that they are registered to do business in the Commonwealth of Massachusetts, and upon information and belief, they contract to supply mobile telephones in this commonwealth, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

18. This Court can properly exercise personal jurisdiction over Defendant Siemens Information and Communication Mobile LLC., by virtue of the fact that they are registered to do business in the Commonwealth of Massachusetts, and upon information and belief, they contract

to supply mobile telephones in this commonwealth, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

19. This Court can properly exercise personal jurisdiction over Defendant Sony Ericsson Mobile Communications (USA) Inc., by virtue of the fact that, upon information and belief, they contract to supply mobile telephones in this commonwealth, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

20. This Court can properly exercise personal jurisdiction over Defendant Macrovision Corporation by virtue of the fact that, upon information and belief, they have offered for sale, sold and/or made available the infringing computer software in the Commonwealth of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for InstallShield," and/or "InstallShield Update Service," thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

21. Venue for the present action properly lies in this District pursuant to 28 U.S.C. §§ 1391(a) and (b).

**THE PATENT-IN-SUIT**

22. The '239 Patent, entitled "System and method for quick downloading of electronic files," was duly and legally issued on June 4, 2002.

23. The '239 Patent is properly assigned to Plaintiff.

## BACKGROUND

24. On or about March 22, 1999, Plaintiff filed a patent application which ultimately matured into the '239 Patent.

25. The '239 Patent refers generally to a system and method for improved transfer of electronic files.

26. In letters dated January 30, 2002, Plaintiff notified Defendants Red Bend, Ltd. and InstallShield Software Corp. that certain computer software that they each manufactured, used, or sold infringed the '239 Patent.

27. On more than one occasion since January 30, 2002, Plaintiff has notified Defendants Red Bend, Ltd. and InstallShield Software Corp. of the continuing infringement by the computer software that they manufactured, used, or sold.

## COUNT 1 — PATENT INFRINGEMENT

28. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 27 above, as if fully set forth herein.

29. Defendants Red Bend Software, Inc., Red Bend Software, Ltd., ICQ, Inc., InstallShield Software Corp., Siemens Communication Inc., Siemens Information and Communication Mobile LLC, Sony Ericsson Mobile Communications (USA) Inc., America Online, Inc. and Macrovision Corporation (hereinafter, collectively, the "Defendants") have made, used, offered to sell, and/or sold in the United States, and/or imported into the United States computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

30. Defendants continue to manufacture, use, offer for sale, and/or sell within the United States and/or import into the United States computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

31. Defendants have and continue to induce and/or engage in contributory infringement by marketing, selling, distributing and servicing computer software within the United States incorporating the technology claimed by the '239 Patent without Plaintiff's authorization.

32. The aforementioned acts by Defendants, including making, using, selling, offering for sale, importing, distributing, maintaining and/or servicing computer software, infringe and/or have infringed the '239 Patent pursuant to at least Title 35 U.S.C.§ 271(a), (b) and/or (c).

33. Defendants do not have a license to make, use, sell, offer for sale or import computer software which incorporates the technology covered by the '239 Patent.

34. Defendants' infringement of the '239 Patent has been, and continues to be, willful.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

a. Declaring that Defendants have infringed the '239 Patent;

b. Declaring that Defendants have induced infringement and engaged in contributory infringement of the '239 Patent;

c. Awarding Plaintiff damages for Defendants' infringement of the '239 Patent;

d. Declaring that Defendants' infringement of the '239 Patent is and has been willful;

e. Awarding Plaintiff treble damages and attorneys' fees for Defendants' willful infringement of the '239 Patent;

f. Enjoining Defendants from infringing the '239 Patent in the future;

g. Declaring that the case is exceptional pursuant to 35 U.S.C. § 285; and

h. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

August 5, 2005

GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe
176 Federal Street
Boston, Massachusetts 02110-2214
(617) 542-9900


GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff
BIS Advanced Software Systems, Ltd.

(J333802.C02)