IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BIS Advanced Software Systems, Ltd., | ) | 2005 AUG -5 P 5: 16 |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-11960-RWZ |
| Red Bend Software, Inc., | ) | |
| Red Bend Software, Ltd., | ) | |
| Time Warner Inc., | ) | |
| ICQ, Inc., | ) | |
| InstallShield Software Corp., | ) | |
| and | ) | |
| ScanSoft, Inc. | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

Plaintiff BIS Advanced Software Systems, Ltd. ("Plaintiff") hereby moves that the Court enter the attached Second Amended Scheduling Order, which extends the deadlines in this patent infringement case by approximately four months. Plaintiff has attempted to come to agreement with Defendants Red Bend Software, Inc., Red Bend Software, Ltd., Time Warner Inc., ICQ, Inc., and InstallShield Software Corp. (collectively, the "Defendants") regarding this motion, but Defendants continue to oppose it.

**I.      Legal Standard**

A district court may modify its scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b); *see also Sigros v. Walt Disney World, Co.*, 190 F. Supp.2d 165 (D. Mass. 2002) (granting motion to amend scheduling order where plaintiff showed good cause for amendment). This Court has stated that "[t]he good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension." *Tele-*

*Connections, Inc. v. Perception Technology Corp.*, 1990 WL 180707, at *1 (D. Mass. Nov. 5, 1990) (unreported, copy attached as Exhibit A).

## II.    Background

Plaintiff has been diligently pursuing discovery, but Defendants have been dilatory and failed to provide adequate discovery responses, leading to several disputes. Specifically, Plaintiff propounded its interrogatories, requests for production of documents, and requests for admission on March 4, 2005. Defendants served their requests for production of documents on March 2, 2005, and their interrogatories on June 21, 2005. Plaintiff completed its document production and responded to Defendants' interrogatories. Defendants, though, have failed to adequately respond to Plaintiff's interrogatories and, as of this date, have not yet completed their document production. See Plaintiff's Motion to Compel, filed herewith.

As detailed in Plaintiff's Motion to Compel, Plaintiff timely pointed out the inadequacy of Defendants' interrogatory responses, and repeatedly asked Defendants if their document production was complete, and if not, when it would be. To this date, Defendants still have not established a date by which their document production will be complete.

Defendants' intransigence in fully responding to Plaintiff's written discovery has caused concomitant delays. For example, the parties had agreed on a schedule for depositions, but Plaintiff could not proceed with these depositions because Defendants have not completed their document production. Additionally, Plaintiff cannot complete its expert report because Defendants have not completed their document production.

The parties previously jointly moved for and the Court entered an amended scheduling order. At that time, Plaintiff did not expect at that time that additional extensions would be required. Due to Defendants' inadequate and incomplete discovery responses, however, despite

Plaintiff's continued diligence, it is not now reasonably possible for Plaintiff to meet the deadlines in the First Amended Scheduling Order, which set September 1, 2005 as the deadline for serving expert reports for which the serving party has the burden of proof, and October 3, 2005 as the deadline for the completion of fact discovery.

### III.  Argument

Plaintiff seeks to amend the scheduling order in this case because, despite Plaintiff's continued diligence in pursuing discovery, Defendants have failed to adequately respond to Plaintiff's interrogatories and requests for production. Without the critical information contained in Defendants' interrogatory responses and production of documents, Plaintiff cannot meaningfully depose Defendants' witnesses, and cannot complete its expert report. Likewise, it is not now reasonably possible for Plaintiff to meet the remaining deadlines in the First Amended Scheduling Order.

Therefore Plaintiff requests that the remaining deadlines in the First Amended Scheduling Order be shifted back approximately four months, as detailed in the attached proposed Second Amended Scheduling Order. Plaintiff recognizes that a four-month extension is a substantial amount of time, but such an extension is necessary because many of the witnesses (many of whom are located in Israel) and attorneys in this case are Orthodox Jews, and there are numerous Jewish holidays that will preclude work in October. For similar reasons, the Thanksgiving and Christmas holidays may complicate the availability of other key people. Thus, Plaintiff suggests that a four-month extension is reasonable under the circumstances.

### IV.  Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court enter the proposed Second Amended Scheduling Order, which is attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

/s/ SMcCe

---

Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GREISINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Dated: August 5, 2005

(L466PL005)

## CERTIFICATE OF SERVICE

I hereby certify that, on August 5, 2005, copies of the Plaintiff's Motion to Amend the Scheduling Order were caused to be served upon the following counsel of record:

**By e-mail**

Anastasia Fernands
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Andrew Valentine
Gray Cary Ware & Freidenrich LLP
2000 University Avenue
East Palo Alto, CA 94303

_/s/ Sm.CC_
Scott McConchie
Griesinger, Tighe, & Maffei, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900