IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BIS Advanced Software Systems, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11960-RWZ |
| | ) | |
| Red Bend Software, Inc., | ) | |
| Red Bend Software, Ltd., | ) | |
| Time Warner Inc., | ) | |
| ICQ, Inc., | ) | |
| InstallShield Software Corp., | ) | |
| and | ) | |
| ScanSoft, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter, "Plaintiff") hereby moves under Fed. R. Civ. P. 37(a)(2)(B) to compel Defendants Red Bend Software, Inc., Red Bend Software, Ltd., ICQ, Inc., and InstallShield Software Corp. (hereinafter, "Defendants") to give full and complete responses to all of Plaintiff's discovery requests.

### I.    Legal Standards

#### 1.    *Interrogatory Responses Referring to Documents under* **Fed. R. Civ. P. 33(d)**

In response to an interrogatory, a party may specify that the answer may be derived from its business records when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed. R. Civ. P. 33(d); *see also Blake Associates, Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283 (D. Mass. 1988) (discussing Fed. R. Civ. P. 33(c), which has since been renumbered as 33(d), *see* Advisory Committee Notes to 1993 Amendments). When exercising this option, the responding party must "specify records

from which the answer may be derived or ascertained." Fed. R. Civ. P. 33(d) and L.R. 33.1; *see also Blake Associates* at 288.

Numerous district courts have consistently held that "[u]nder the guise of Fed. R. Civ. P. 33(d) defendants may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents." *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996); *see also Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.C. 1993) (stating that "[w]hen a party responding to interrogatories chooses to produce its business records in lieu of a conventional response, the responding party must specifically identify the documents from which the [requesting] party may derive an answer.") In *Herdlein*, as in this case, "[the responding party] has not responded with the candor and specificity that the rules of discovery require; [the responding party] has merely stated the information is available from documents that it has produced already pursuant to an unspecified document request." 147 F.R.D. at 105.

### 2. *Requirement to Produce Documents under* Fed. R. Civ. P. 34(a)

Rule 34 provides that a party may request production of "any designated documents ... which are in the possession, custody or control" of the responding party, Fed. R. Civ. P. 34(a)(emphasis added), provided they are "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

## II.   Background

Plaintiff has diligently pursued discovery.  It propounded its interrogatories, requests for production of documents, and requests for admission on March 4, 2005.  Defendants, however, have failed to provide adequate discovery responses, thus necessitating Plaintiff's motion to compel.[1]

Plaintiff timely pointed out the inadequacy of Defendants' interrogatory responses, and repeatedly asked Defendants if their document production was complete, and if not, when it would be.  Defendants requested, and Plaintiff granted several extensions of the deadline for discovery responses.  Despite these extensions, Defendants still have not provided adequate interrogatory responses, still have not established a date by which their document production will be complete, and have only recently produced a privilege log.

In sum, Defendants' responses are inadequate in that:

(1)   Defendants Red Bend Software Inc., Red Bend Software Ltd., and ICQ Inc. have inappropriately relied upon Fed. R. Civ. P. 33(d) in their interrogatory responses and failed to adequately respond to other interrogatories;

(2)   Defendants Red Bend Software Inc. and Red Bend Software Ltd. have produced only "representative" documents, not all non-privileged, responsive documents, and refuse to produce certain agreements with third parties;

(3)   Defendant ICQ Inc. has failed to produce any documents in response to Plaintiff's requests for production on the basis that the documents are also sought from other defendants; and

(4)   Defendant InstallShield has completely failed to respond to Plaintiff's discovery requests.

---

[1] When Defendants have responded to Plaintiff's Discovery Requests, their objections are in large part nothing more than form objections, and are not reasonable or valid.  To the extent that the Defendants' objections are simply rote-verbiage, Plaintiff does not address them in this motion.  Should Defendants chose to meaningfully assert any of these objections in opposition to this motion, Plaintiff will address those objections in its reply brief.

## III.    Argument

### 1.    *Defendants Should Be Compelled to Respond to Plaintiff's Interrogatories*

Plaintiff posed the following interrogatories to Defendant Red Bend Software Inc., and

received the following responses:

**INTERROGATORY NO. 6:**
        Identify the various versions of the Accused Software Products and the
dates of release in the United States.
**RESPONSE TO INTERROGATORY NO. 6:**
        Red Bend objects to this interrogatory as overbroad and unduly
burdensome. Red Bend further objects to this interrogatory to the extent that it
seeks information that is not reasonably calculated to lead to the discovery of
admissible evidence. Subject to and without waiving its specific and General
Objections, Red Bend states that documents will be produced in response to BIS's
First Set of Requests for Production of Documents and Things and refers BIS to
that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7:**
        Identify any and all Clients to whom the Accused Software Products have
been offered, sold, licensed, or otherwise made available in the United States.
**RESPONSE TO INTERROGATORY NO. 7:**
        Red Bend objects to this interrogatory as overbroad, unduly burdensome,
vague and ambiguous. Red Bend further objects to this request to the extent that
it seeks documents that contain confidential, proprietary or otherwise sensitive
information belonging to third parties. Subject to and without waiving its specific
and General Objections, Red Bend states that documents will be produced in
response to BIS's First Set of Requests for Production of Documents and Things
and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of
Civil Procedure.

**INTERROGATORY NO. 8:**
        Disclose all sales data, including, but not limited to license fees, all
revenues, and all profits generated by sales and/or licensing, and/or otherwise
commercializing the Accused Software Products within the United States, and the
related forecasts of profits, sales, licensing, and otherwise commercializing for the
past five years, for the present year, and for the next five years.
**RESPONSE TO INTERROGATORY NO. 8:**
        Red Bend objects to this request as overbroad, unduly burdensome, vague,
and ambiguous. Red Bend further objects to this interrogatory to the extent that it
seeks information that is not reasonably calculated to lead to the discovery of
admissible evidence. Subject to and without waiving its specific and General
Objections, Red Bend states that documents will be produced in response to BIS's

First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**
Identify any agreement and/or contract relating to selling, licensing, or otherwise making available of Accused Software Product.
**RESPONSE TO INTERROGATORY NO. 9:**
Red Bend objects to this request as overbroad, unduly burdensome, vague, and ambiguous. Red Bend further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**
For each of the Affirmative Defenses and Counterclaims asserted, identify and specifically describe all facts on which you rely to support those contentions and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.
**RESPONSE TO INTERROGATORY NO. 10:**
Red Bend objects to this request as overbroad and unduly burdensome. Red Bend objects to this interrogatory to the extent it seeks information covered by the attorney-client privilege and/or the attorney work product doctrine. Red Bend further objects to this interrogatory as premature because Red Bend's investigation is currently ongoing. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**
Identify the Prior Art which you contend is relevant and/or material to the Patent-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, *i.e.* identify with specificity each claim element in the Patent-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record allegedly does not disclose, and state how you contend this Prior Art is applied against each of the claims.
**RESPONSE TO INTERROGATORY NO. 11:**
Red Bend objects to this request as overbroad and unduly burdensome. Red Bend objects to this interrogatory to the extent it seeks information covered by the attorney-client privilege and/or the attorney work product doctrine. Red Bend further objects to this interrogatory as premature because Red Bend's

investigation is currently ongoing. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Red Bend further refers BIS to the prior art cited in the '239 patent. Red Bend will supplement its response when further information becomes available.

Plaintiff posed the following interrogatories to Defendant Red Bend Software Ltd., and

received the following responses:

### INTERROGATORY NO. 6:
Identify the various versions of the Accused Software Products and dates of release in the United States.
### RESPONSE TO INTERROGATORY NO. 6:
Red Bend objects to this interrogatory as overbroad and unduly burdensome. Red Bend further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 7:
Identify any and all Clients to whom the Accused Software Products have been offered, sold, licensed, or otherwise made available in the United States.
### RESPONSE TO INTERROGATORY NO. 7:
Red Bend objects to this interrogatory as overbroad, unduly burdensome, vague and ambiguous. Red Bend further objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging third parties [*sic*]. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Productions of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 8:
Disclose all sales data, including, but not limited to license fees, all revenues, and all profits generated by sales and/or licensing, and/or otherwise commercializing the Accused Software Products within the United States, and the related forecasts of profits, sales, licensing, and otherwise commercializing for the past five years, for the present year, and for the next five years.
### RESPONSE TO INTERROGATORY NO. 8:
Red Bend objects to this request as overbroad, unduly burdensome, vague and ambiguous. Red Bend further objects to this interrogatory to the extent that it

seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**
Identify any agreement and/or contract relating to selling, licensing, or otherwise making available of Accused Software Product.
**RESPONSE TO INTERROGATORY NO. 9:**
Red Bend objects to this request as overbroad, unduly burdensome, vague, and ambiguous. Red Bend further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**
For each of the Affirmative Defenses and Counterclaims asserted, identify and specifically describe all facts on which you rely to support those contentions, and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.
**RESPONSE TO INTERROGATORY NO. 10:**
Red Bend objects to this request as overbroad and unduly burdensome. Red Bend objects to this interrogatory to the extent it seeks information covered by the attorney-client privilege and/or attorney work product doctrine. Red Bend further objects to this interrogatory as premature because Red Bend's investigation is currently ongoing. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**
Identify the Prior Art which you contend is relevant and/or material to the Patent-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, *i.e.* identify with specificity each claim element in the Patent-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

### RESPONSE TO INTERROGATORY NO. 11:

Red Bend objects to this request as overbroad and unduly burdensome. Red Bend objects to this interrogatory to the extent it seeks information covered by the attorney-client privilege and/or attorney work product doctrine. Red Bend further objects to this interrogatory as premature because Red Bend's investigation is currently ongoing. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Red Bend further refers BIS to the prior art cited in the '239 patent. Red Bend will supplement its response when further information becomes available.

Plaintiff posed the following interrogatories to Defendant ICQ Inc., and received the following responses:

### INTERROGATORY NO. 7:

Indicate the total number of End Users to whom Defendant has made and/or makes available the Accused Software Products in the United States.

### RESPONSE TO INTERROGATORY NO. 7:

ICQ objects o this interrogatory as overbroad, unduly burdensome, vague, and ambiguous. ICQ further objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. Subject to and without waiving its specific and General Objections, ICQ states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 8:

Indicate the price and/or remuneration and/or compensation provided to Defendant Red Bend Software Inc., in order to use and/or to make available the Accused Software Products.

### RESPONSE TO INTERROGATORY NO. 8:

ICQ objects to this request as overbroad and unduly burdensome. ICQ further objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. ICQ objects to this interrogatory to the extent it seeks information outside of the possession, custody or control of ICQ. Subject to and without waiving its specific and General Objections, ICQ states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**

Disclose all sales data, including but not limited to license fees, all revenues, and all profits generated by sales and/or licensing, and/or otherwise commercializing the Accused Software Products within the United States, and the related forecasts of profits, sales, licensing, and otherwise commercializing for the past five years, for the present year, and for the next five years.

**RESPONSE TO INTERROGATORY NO. 9:**

ICQ objects to this request as overbroad, unduly burdensome, vague and ambiguous. ICQ further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, ICQ states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**

State how many times, on average per month, the Accused Software Products have been made available to and/or used by the End Users through the Defendant in the United States, in each of the past five years.

**RESPONSE TO INTERROGATORY NO. 10:**

ICQ objects to this request as overbroad, unduly burdensome, vague and ambiguous. ICQ further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. ICQ further objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. Subject to and without waiving its specific and General Objections, ICQ states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**

Identify all agreements and/or contracts relating to making available the Accused Software Products to End Users.

**RESPONSE TO INTERROGATORY NO. 11:**

ICQ objects to this request as overbroad, unduly burdensome, vague and ambiguous. ICQ further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, ICQ states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:**

For each of the Affirmative Defenses and Counterclaims asserted, identify and specifically describe all facts on which you rely to support those contentions,

and identify the Person(s) most knowledgeable about the facts and all documents
in support thereof.

## RESPONSE TO INTERROGATORY NO. 12:

ICQ objects to this request as overbroad and unduly burdensome. ICQ
objects to this interrogatory to the extent it seeks information covered by the
attorney-client privilege and/or the attorney work product doctrine. ICQ further
objects to this interrogatory as premature because ICQ's investigation is currently
ongoing and ICQ has not yet obtained any discovery from BIS. To the extent this
interrogatory seeks the identification of persons knowledgeable regarding the
functionality of the Accused Software Products, ICQ objects to this interrogatory
as duplicative of Interrogatory No. 3, and refers to its response thereto. Subject to
and without waiving its specific and General Objections, ICQ states that
documents will be produced in response to BIS's First Set of Requests for
Production of Documents and Things and refers BIS to that production pursuant
to Rule 33(d) of the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 13:

Identify the Prior Art which you contend is relevant and/or material to the
Patent-in-suit, specify each claim to which each piece of Prior Art relates,
describe with particularity why such Prior Art reference is material, *i.e.* identify
with specificity each claim element in the Patent-in-suit which the Prior Art
discloses, and why such Prior Art reference is not cumulative over the Prior Art of
record considered by the examiner, *i.e.*, identify with specificity the claim
elements or combination of claim elements that the Prior Art of record allegedly
does not disclose, and state how you contend this Prior Art is applied against each
of those claims.

## RESPONSE TO INTERROGATORY NO. 13:

ICQ objects to this request as overbroad and unduly burdensome. ICQ
objects to this interrogatory to the extent it seeks information covered by the
attorney-client privilege and/or the attorney work product doctrine. ICQ further
objects to this interrogatory as premature because ICQ's investigation is currently
ongoing. ICQ has not yet obtained any discovery from BIS, BIS has not yet
identified which claims it is asserting in this case, and the Court has not yet
construed the meaning of the asserted patent claims. Subject to and without
waiving its specific and General Objections, ICQ states that documents will be
produced in response to BIS's First Set of Requests for Production of Documents
and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal
Rules of Civil Procedure. ICQ further refers BIS to the prior art cited in the '239
patent. ICQ will supplement its response as further information becomes
available.

These responses are all inadequate because in this case "the burden of deriving or

ascertaining the answer" from the documents is much greater for Plaintiff than for respondents.

Fed. R. Civ. P. 33(d). Clearly, the requests, regarding information such as software versions,

10

client lists, and sales data, are much more easily answered by an employee of each respective

defendant who has worked extensively with this software and this sales data, than by Plaintiff's

attorneys wading through documents to find such information. Moreover, the respondents have

not specified the "records from which the answer may be derived or ascertained" as the rule

requires. Fed. R. Civ. P. 33(d). When this dispute was discussed with Defendants' counsel, they

agreed to provide substantive responses, however no such responses have been received to date.

Therefore, Plaintiff requests that Defendant Red Bend Software Inc. be compelled to

fully and completely respond to Interrogatory Nos. 6-11 immediately; Defendant Red Bend

Software Ltd. be compelled to fully and completely respond to Interrogatory Nos. 6-11

immediately; and Defendant ICQ Inc. be compelled to fully and completely respond to

Interrogatory Nos. 7-13 immediately.

In addition to the above, Defendant ICQ Inc. has not adequately responded to three

additional interrogatories, as follows:

### INTERROGATORY NO. 4:

Provide any and all information necessary to access any and all source
code files from the media upon which they were produced and to recreate the
entire executable program, software or system from scratch using the source code
provided, including but not limited to: manufacturer, model, and configuration of
the computer system upon which the information was created and managed;
manufacturer, name, and version number of the operating system under which the
information was created and managed; the manufacturer, program name, and
version number of the software used to create and manage the information; the
manufacturer and model number of the hardware device on which the media was
placed to write the information being produced; the manufacturer, program name,
version number, and specific operational parameters used with the software that
was employed to write the information to the media being produced, and any
other information that a person of the art would use to create, write, and produce
such information.

### RESPONSE TO INTERROGATORY NO. 4:

ICQ objects to this interrogatory as not reasonably calculated to lead to the
discovery of admissible evidence as it is not limited to products accused of
infringement in this case. ICQ objects to this interrogatory as vague, ambiguous,
unintelligible, overbroad and unduly burdensome.

11

This response seems to be predicated on the assumption that Defendant ICQ Inc. is not

required to produce its source code. However, as discussed below, Defendant ICQ Inc. should

be required to produce its source code, and therefore, should also be required to respond to this

interrogatory. Furthermore, the stated objections are nothing more than form objections, and are

not reasonable or valid.

### INTERROGATORY NO. 5:
Specify any and all means by which the responses to the requests for
document production were compiled, for example, specify what was searched,
how was it searched, and by whom was it searched, which computers were
searched, by what means were they searched, what keywords were used in any
keyword searches, what magnetic tapes were searched, and whether the search
included any off-site vaults or storage facilities.

### RESPONSE TO INTERROGATORY NO. 5:
ICQ objects to this interrogatory as overbroad and unduly burdensome.
ICQ further objects to this interrogatory to the extent that it seeks information that
is not reasonably calculated to lead to the discovery of admissible evidence. ICQ
objects to this interrogatory to the extent it seeks information covered by the
attorney-client privilege and/or attorney work product doctrine.

As in Defendant ICQ's response to Interrogatory No. 4 above, the stated objections are

nothing more than form objections, and are not reasonable or valid.

### INTERROGATORY NO. 6:
Identify the various versions of the Accused Software Products and dates
of release in the United States.

### RESPONSE TO INTERROGATORY NO. 6:
ICQ objects to this interrogatory as overbroad and unduly burdensome.
ICQ further objects to this interrogatory to the extent it seeks information that is
not reasonably calculated to lead to the discovery of admissible evidence. The
information sought herein is also sought from Red Bend Software, Inc. and/or
Red Bend, Ltd., and accordingly, ICQ objects to this interrogatory as overbroad
and unduly burdensome, as BIS will already be obtaining the information it is
seeking from those parties.

Although this request is seemingly duplicative of requests made to other defendants in

this case, Plaintiff needs to know what versions of the Accused Software Defendant ICQ Inc.

has, and the dates thereof, in order to compare all the responses, and for calculation of damages.

Therefore, Plaintiff requests that Defendant ICQ Inc. be compelled to fully and

completely respond to Interrogatory Nos. 4-6 immediately.

### 2. Defendants Red Bend Software Inc. and Red Bend Software Ltd. Should Be Compelled to Fully and Completely Respond to Plaintiff's Requests for Production of Documents

In response to nearly every one of Plaintiff's requests for production of documents,

Defendants Red Bend Software Inc. and Red Bend Software Ltd. responded (after numerous

form objections) that "Red Bend will produce representative documents responsive to this

request." (Emphasis added.) *See, e.g.* Ex. A (Red Bend Software Inc.'s Response to BIS's First

Set of Requests for Production of Documents and Things, Response to Document Request No. 1,

p. 5.) Because nearly every one of Plaintiff's requests for production began with the word "All,"

and because under Rule 34(a) Plaintiff is entitled to any responsive documents, Defendants Red

Bend Software Inc. and Red Bend Software Ltd.'s response that they will provide

"representative documents" is not justified or adequate. Therefore, Plaintiff requests that

Defendants Red Bend Software Inc. and Red Bend Software Ltd. be compelled to produce all

non-privileged documents responsive to Plaintiff's requests for production of documents.

Additionally, Plaintiff posed the following request for production of documents to

Defendants Red Bend Software Inc. and Red Bend Software Ltd., and received the following

responses:[2]

### DOCUMENT REQUEST NO.17:

All documents and things referring to or relating the Defendants selling,
licensing or otherwise making available the Accused Software Products, including
but not limited to any and all proposals, orders, contracts, agreements, and/or
invoices.

---

[2] Plaintiff notes that Defendants' document productions are not yet complete, and therefore
reserves the right to move to again compel discovery responses at a later date should other deficiencies
become apparent.

13

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Red Bend objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. Red Bend further objects to this request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Red Bend further objects to this request to the extent that it seeks documents covered by the attorney-client privilege and/or the attorney work product doctrine. Red Bend further objects to this request as duplicative of request No. 16. Subject to and without waiving the foregoing specific and General Objections, Red Bend will produce representative documents responsive to this request.

Regarding such license agreements, Defendants Red Bend Software Inc. and Red Bend Software Ltd. have advised Plaintiff that certain relevant, non-privileged documents are subject to confidentiality agreements with third parties, and therefore have not been produced. *See* Ex. B (Red Bend Ltd.'s Objections to BIS's July 6, 2005 Notice of Deposition of Red Bend, Objection to Topic No. 6, p. 5.) Defendant has had sufficient time in which to address third party confidentiality problems, but has failed to do so. Additionally, the parties have agreed to the terms of a stipulated protective order, and simply await the Court's entry of this document, but in the meantime, have agreed to treat all discovery responses as attorney's eyes only. From the very beginning of this case, Plaintiff has made it clear to Defendants that information contained in Defendants' license agreements is critical to Plaintiff's case, and of immediate importance if only to Plaintiff's ability to make a settlement demand. Therefore, Plaintiff requests that Defendants Red Bend Software Inc. and Red Bend Software Ltd. be specifically compelled to immediately produce all documents responsive to Plaintiff's document request No. 17.

### 3.    *Defendant ICQ Inc. Should Be Compelled to Respond to Plaintiff's Requests for Production of Documents*

Plaintiff posed the following requests for production of documents to Defendant ICQ Inc., and received the following responses:

14

**DOCUMENT REQUEST NO. 1:**

All computer-based files which provide the entire source code for all versions of the Accused Software Products which are sufficient to allow the compilation of a functioning copy of each version of the accused software products, including but not limited to, all source files, library files, header or copybook files, project files, make files, control files, libraries, revision control versions of the source code, source files for the routines that are called out in the header files, any copies of security access software and appropriate decryption keys and passwords, and copies of any third-party software products required to unlock or gain access to the source code.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

The documents sought herein are also sought from Red Bend Software, Inc. and/or Red Bend, Ltd., and accordingly, ICQ objects to this request as overbroad and unduly burdensome. ICQ further objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. ICQ objects to this requests [*sic*] to the extent that it seeks documents that are not in ICQ's possession, custody or control. ICQ further objects to this request to the extent that it seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 2:**

A sample of each version of the Accused Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

The documents sought herein are also sought from Red Bend Software, Inc. and/or Red Bend, Ltd., and accordingly, ICQ objects to this request as overbroad and unduly burdensome as BIS will already be obtaining documents it is seeking from those parties. ICQ further objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. ICQ further objects to this requests [*sic*] to the extent that it seeks documents that are not in ICQ's possession, custody or control.

**DOCUMENT REQUEST NO. 3:**

All Documents (whether in paper or electronic format) referring or relating to, evidencing, showing in particular, but not limited to the structure, function, or operation of any version of the Accused Software Products, including but not limited to patent applications, copyright registration, notes, correspondence, memoranda, reports, evaluation, survey, study, presentations technical lectures, talk, samples, advertisements, marketing materials, contracts and agreements such as, without limitation, those relating to venture capital, user guides, product literature, preparatory works, drawings, development documentation, pseudo-code, product documentation, and maintenance documentation, referring or relating to, evidencing, showing the structure, function, or operation of any version of the Accused Software Products.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

The documents sought herein are also sought from Red Bend Software, Inc. and/or Red Bend, Ltd., and accordingly, ICQ objects to this request as overbroad and unduly burdensome. ICQ objects to this request as vague and ambiguous to the extent that it seeks "pseudo-code" because that term is not defined or understood. ICQ further objects to this request to the extent it seeks documents covered by the attorney-client privilege and/or the attorney work product doctrine. ICQ further objects to this requests [*sic*] to the extent that it seeks documents that are not in ICQ's possession, custody or control.

**DOCUMENT REQUEST NO. 5:**

All Documents (whether in paper or electronic format) referring or relating to, evidencing, showing the structure, function, or operation of any version of the Accused Software Products, including but not limited to flow charts, flow diagrams, or block diagrams (including but not limited to digital stamp or digital signature), including but not limited to flow charts, flow diagrams, block diagrams or research memoranda, studies, reports, laboratory notebooks, testing written commentary, notes, technical disclosures or other communications.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

The documents sought herein are also sought from Red Bend Software, Inc. and/or Red Bend, Ltd., and accordingly, ICQ objects to this request as overbroad and unduly burdensome. ICQ objects to this request to the extent it seeks documents covered by the attorney-client privilege and/or the attorney work product doctrine. ICQ further objects to this requests [*sic*] to the extent that it seeks documents that are not in ICQ's possession, custody or control. ICQ further objects to this request as duplicative of Request No. 3.

**DOCUMENT REQUEST NO. 16:**

All Documents and things, referring to, relating to, listing, enumerating and/or identifying all Clients and/or End Users to whom the Accused Software Products were made and are made available and/or using the Accused Software Products in the United States.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

ICQ objects to this request as vague, ambiguous, overbroad and unduly burdensome. ICQ objects to this request to the extent that it seeks documents that contain confidential, proprietary or otherwise sensitive information belonging to third parties. ICQ further objects to this request to the extent it seeks documents revealing personal information concerning individual End Users. ICQ further objects to this request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. ICQ further objects to this requests [*sic*] to the extent that it seeks documents that are not in ICQ's possession, custody or control. ICQ further objects to this request to the extent that it seeks documents covered by the attorney-client privilege and/or the attorney work product doctrine.

As discussed above, although these requests are seemingly duplicative of requests made to other defendants in this case, Plaintiff is entitled to know what versions of the Accused Software Defendant ICQ Inc. has, and the dates thereof, in order to compare all the responses, and for calculation of damages. Additionally, it is possible that Defendant ICQ Inc. has flow charts that are different from those of the other defendants. Finally, regarding Request for Production of Documents No. 16, Plaintiff would be satisfied if Defendant ICQ Inc. produced documents that state the number of end users to whom Defendant ICQ Inc. has made the Accused Software available for each of the last five years.

Therefore, Plaintiff requests that Defendant ICQ Inc. be compelled to fully and completely respond to Requests for Production of Documents Nos. 1-3, 5, and 16 immediately.

### 4.     *Defendant InstallShield Software Corp. Should Be Compelled to Respond to Plaintiff's Discovery Requests*

Plaintiff has posed 16 Interrogatories, 22 Requests for Admission, and 35 Requests for Production of Documents to Defendant InstallShield Software Corporation. (Due to the length of these documents, a copy of each is not restated herein, but rather, is attached as Exhibit C.) To each of these discovery requests, Defendant InstallShield has responded that "All of the assets and liabilities of InstallShield have been purchased by Macrovision Corporation. Accordingly, InstallShield has no knowledge or information related to this litigation or the Accused Software Products." These responses are entirely inadequate because Macrovision Corporation, having purchased the assets of InstallShield, presumably assumed its liabilities. Although Plaintiff does intend to add Macrovision Corporation as a defendant in this suit, even without this formality, Plaintiff is entitled to reasonable responses to its requests. Therefore, Plaintiff requests that Defendant InstallShield Software Corporation or its successor in interest be compelled to fully and completely respond to Plaintiff's discovery requests immediately.

17

## IV.   Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court compel Defendants to give

full and complete responses to all Plaintiff's discovery requests immediately, but not later than

two weeks from the entry of the Court's Order.

Respectfully submitted,

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GREISINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Dated: August 5, 2005          (703) 716-1191

(L466PL002)

18

## CERTIFICATE OF SERVICE

I hereby certify that, on August 5, 2005, copies of the Plaintiff's Brief in Support of Its Motion to Compel Discovery were caused to be served upon the following counsel of record:

**By e-mail**

Anastasia Fernands
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Andrew Valentine
Gray Cary Ware & Freidenrich LLP
2000 University Avenue
East Palo Alto, CA 94303

$\mathcal{SmcCl}$

Scott McConchie
Griesinger, Tighe, & Maffei, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900