IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND SOFTWARE, LTD.,<br>TIME WARNER INC.,<br>ICQ, INC.<br>INSTALLSHIELD SOFTWARE CORP.,<br>and<br>SCANSOFT, INC.<br><br>    Defendants. | Civil Action No. 04cv11960 (RWZ) |

### RED BEND LTD.'s OBJECTIONS TO BIS's
### JULY 6, 2005 NOTICE OF DEPOSITION OF RED BEND

Defendant Red Bend, Ltd. ("Red Bend") hereby objects to the July 6, 2005 Notice of Deposition of Defendant Red Bend Ltd. as follows:

### GENERAL OBJECTIONS

1. Red Bend objects to each deposition topic to the extent that it seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the District of Massachusetts.

2. Red Bend objects to each deposition topic to the extent it seeks to obtain information that is protected from discovery by the attorney-client privilege, the work product doctrine or by any other applicable immunity or privilege.

LIBNY/4444065.1

3. Red Bend objects to each deposition topic to the extent that it is duplicative of other discovery produced in this case, or of discovery which is more easily available through other, less-burdensome means.

4. Red Bend objects to each deposition topic to the extent that it is vague and indefinite, overly broad, unduly burdensome or calls for testimony that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

5. Red Bend incorporates herein its objections to the terms, definitions and instructions set forth in Plaintiff's First Set of Interrogatories, as set forth in Red Bend Ltd.'s Response to BIS's First Set of Interrogatories.

## SPECIFIC OBJECTIONS

**Topic No. 1:**

The different versions of Defendant's software products, including but not limited to: vCurrent, vBuild, vScatter, vBuild for InstallShield, SDK, FMC, Microloader, Microloader/Compare, and Microloader/Compress, and the difference between the said versions.

**Objection to Topic No. 1:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Red Bend objects to the term "versions" as vague as used in this Topic because it is not clear whether BIS seeks information concerning each "version" of each of the identified products, or whether BIS is using the word "versions" to refer to the different product names identified in the Topic. Red Bend further objects to this Topic as irrelevant, overly broad and unduly burdensome in scope to the extent it seeks deposition testimony concerning any differences, no matter how minor or irrelevant, between any versions of Red Bend's software products. Red Bend further

states that the best source of information concerning differences between the versions of the software is the software itself. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 2:**

The structure, operation, and functionality of all modules and versions of Defendant's accused software products, including but not limited to: vCurrent, vBuild, vScatter, vBuild for InstallShield, SDK, FMC, Microloader, Microloader/Compare, and Microloader/Compress.

**Objection to Topic No. 2:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, the term "versions" is vague as used in this Topic as it is not clear whether BIS seeks information concerning each "version" of each of the identified products, or whether BIS is using the word "versions" to refer to the different product names identified in the Topic. Red Bend further objects to the term "modules" as vague. Red Bend further objects to this Topic as irrelevant, overly broad and unduly burdensome in scope to the extent it seeks deposition testimony concerning any aspect of structure, operation or functionality, no matter how minor or irrelevant, for any versions of Red Bend's software products. Red Bend further states that the best source of information concerning the structure, operation and functionality of the software is the software itself. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 3:**

The design and development of each version of Defendant's software products.

3

**Objection to Topic No. 3:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, the term "version" is vague and overly broad. Red Bend further objects to this Topic as irrelevant, overly broad and unduly burdensome in scope to the extent it seeks deposition testimony concerning every aspect of the design and development of every version of Red Bend's software products. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 4:**

The customization of Defendants software products for its clients.

**Objection to Topic No. 4:**

Red Bend objects to this Topic as irrelevant, overly broad and unduly burdensome in scope to the extent it seeks deposition testimony concerning any aspect of any customization of any version of Red Bend's software product for any client, no matter how minor or irrelevant. Red Bend further objects to this Topic as overly broad on the ground that it seeks information concerning "Defendants" (plural) software products. Red Bend objects to this Topic on the grounds that it seeks information not within Red Bend's possession, custody or control and beyond the scope of Rule 30(b)(6) to the extent it seeks information concerning any defendant other than Red Bend Ltd. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 5:**

Signatures used by or with Defendant's software products, including but not limited to digital signatures.

**Objection to Topic No. 5:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Red Bend objects to the terms "signatures" "digital signatures" and "Defendant's software products" as undefined, vague and overly broad. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 6:**

The sale and/or licensing of Defendant's software products from 1998 to present, including, but not limited to, whether these products are licensed or sold on a per-user basis, on a revenue sharing basis, and/or other terms.

**Objection to Topic No. 6:**

Red Bend objects to this Topic to the extent that it seeks information concerning sales prior to March 22, 1999, the date of issuance of the '239 patent. Red Bend further objects to the term "Defendant's software products" as undefined, vague and overly broad. Red Bend further objects to this Topic as unduly burdensome and not reasonable for deposition inquiry to the extent that seeks deposition testimony concerning all terms of any sales or licensing of Red Bend's software products. Red Bend notes that information falling within this overly broad Topic, in particular the terms and content of sales or licensing agreements, can be found in the agreements themselves. Agreements concerning sale and/or licensing of products identified in BIS's requests for production of documents have been produced to BIS or, if subject to confidentiality agreements with third parties, will be produced upon Red Bend's receipt of

5

permission from such third parties.  Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 7:**

The amounts payable under, terms of, and parties to all current and previous license and/or sales agreements between Defendant and its partners and customers.

**Objection to Topic No. 7:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Red Bend objects to this Topic on the grounds that it is not limited in time and is so broad as to cover any license or sale agreement between Red Bend and any undefined "partner or customers" no matter what the subject of any such agreement.  Red Bend further objects to this Topic as unduly burdensome and not reasonable for deposition inquiry to the extent that it seeks deposition testimony concerning all terms of all written agreements between Red Bend and any partner or customer.  Red Bend notes that information falling within this overly broad Topic, in particular the terms and content of agreements, can be found in the agreements themselves.  Agreements concerning sale and/or licensing of products identified in BIS's requests for production of documents have been produced to BIS or, if subject to confidentiality agreements with third parties, will be produced upon Red Bend's receipt of permission from such third parties.  Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 8:**

The identities, roles, and responsibilities of Defendant's personnel, including past and current employees and consultants, including but not limited to each identified person's role and/or responsibility in:

    a. negotiating contracts with prospects and customers;

    b. negotiating contracts with partners;

6

  c. developing or writing software code; and

  d. analysis of competitors' products in the market.

**Objection to Topic No. 8:**

Subject to and without waiving its General Objections, Red Bend will produce a witness with knowledge.

**Topic No. 9:**

Any document retention policy, whether formal or informal, at Defendant.

**Objection to Topic No. 9:**

Subject to and without waiving its General Objections, Red Bend will produce a witness with knowledge.

**Topic No. 10:**

Defendant's procedures and practices for document retention.

**Objection to Topic No. 10:**

Subject to and without waiving its General Objections, Red Bend will produce a witness with knowledge.

**Topic No. 11:**

Defendant's electronic document storage, including, but not limited to, any network storage, archiving, or backup magnetic media storage.

**Objection to Topic No. 11:**

Subject to and without waiving its General Objections, Red Bend will produce a witness with knowledge.

**Topic No. 12:**

Defendant's filing systems.

**Objection to Topic No. 12:**

Subject to and without waiving its General Objections, Red Bend will produce a witness with knowledge.

**Topic No. 13:**

Defendant's e-mail systems, including any policies concerning destruction and/or retention of e-mail.

**Objection to Topic No. 13:**

Subject to and without waiving its General Objections, Red Bend will produce a witness with knowledge.

**Topic No. 14:**

Defendant's pricing structure, including, without limitation, initial license fees, fees per user and maintenance fees, including all pricing structures ever offered to customers or potential customers and any trends in such structures.

**Objection to Topic No. 14:**

Red Bend objects to this Topic on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Red Bend further objects to this Topic as unduly burdensome and not reasonable for deposition inquiry to the extent that it seeks deposition testimony concerning all fees, including any proposed fees or potential fees, with any customers. Red Bend notes that information falling within this overly broad Topic can be found in the documents produced to BIS or, if such documents are subject to confidentiality agreements with third parties, documents that will be produced upon Red Bend's receipt of permission from such third parties.

**Topic No. 15:**

All former and current customers of the Defendants, including the products purchased by such customers, any terms of such purchase including the price, the volume of such sales (including information sufficient to determine sales by customer by product by year), the time frame during which the customer continued to purchase from Defendant and any communications with such customer.

**Objection to Topic No. 15:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Red Bend objects to this Topic on the grounds that it is not limited in time and is so broad as to cover any product sold by Red Bend to any customer at any time. Red Bend further objects to this Topic as overly broad on the ground that it seeks information concerning "Defendants" (plural) customers. Red Bend objects to this Topic on the grounds that it seeks information not within Red Bend's possession, custody or control and beyond the scope of Rule 30(b)(6) to the extent it seeks information concerning any defendant other than Red Bend Ltd. Red Bend further objects to this Topic as unduly burdensome and not reasonable for deposition inquiry to the extent that it seeks testimony concerning detailed sales information. Red Bend notes that information falling within this overly broad Topic can be found in the documents produced to BIS or, if such documents are subject to confidentiality agreements with third parties, documents that will be produced upon Red Bend's receipt of permission from such third parties. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 16:**

All facts relating to any and all statements made to third parties relating to this suit, Plaintiff and/or the patent-in-suit.

**Objection to Topic No. 16:**

Red Bend objects to this Topic on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Red Bend objects to "relating to" as vague and overly broad. Red Bend further objects on the ground that the Topic is overly broad as it is not limited to statements made by Red Bend. Red Bend further objects on the ground that this Topic is not limited to information relevant to this litigation or reasonably calculated to lead to the discovery of admissible evidence as it seeks information concerning any statements made to any third party relating to the litigation, BIS or the '239 patent. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 17:**

Defendant's search for and gathering of information to respond to BIS's First Set Of Requests for Documents and Things, and Defendant's responses to BIS's First Set of Requests for Production of Documents And Things.

**Objection to Topic No. 17:**

Red Bend objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 18:**

Defendant's search for and gathering of information to respond to BIS's First Set of Interrogatories, and Defendant's responses to BIS First Set of Interrogatories.

**Objection to Topic No. 18:**

Red Bend objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

10

**Topic No. 19:**

Defendant's search for and gathering of information to respond to BIS's First Set of Request for Admissions, and Defendant's responses to BIS's First Set of Requests for Admission.

**Objection to Topic No. 19:**

Red Bend objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 20:**

All facts and information relating to any opinions of counsel or studies relating to the patent-in-suit prepared by or for Defendant.

**Objection to Topic No. 20:**

Red Bend objects to this Topic on the grounds that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 21:**

All facts and information relating to when Defendant first learned of the patent-in-suit and the steps Defendant has taken in response to such knowledge, including all steps taken by Defendant to avoid willfully infringing the patent-in-suit.

**Objection to Topic No. 21:**

Red Bend objects to this Topic on the grounds that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 22:**

All facts and information relating to the facts underlying Defendant's invalidity contentions.

**Objection to Topic No. 22:**

Red Bend objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Red Bend further objects to this Topic to the extent that it seeks information that is properly the subject of expert testimony. Red Bend also objects to this Topic to the extent that it seeks legal analysis or conclusions rather than factual testimony. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 23:**

All facts and information relating to the facts underlying Defendant's non-infringement contentions.

**Objection to Topic No. 23:**

Red Bend objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Red Bend further objects to this Topic to the extent that it seeks information that is properly the subject of expert testimony. Red Bend also objects to this Topic to the extent that it seeks legal analysis or conclusions rather than factual testimony. Red Bend states that the factual basis for its non-infringement contentions are subsumed within previous topics as to which Red Bend will produce a witness with knowledge, subject to and without waiving its objections to such topics.

**Topic No. 24:**

All facts and information regarding Defendant's preparation of all privilege logs, including the identity of the person(s) who decided, and when it was decided, which documents were subject to any claimed privilege or protection, and the criteria for redacting documents.

**Objection to Topic No. 24:**

Red Bend objects to this Topic on the grounds that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine.

**Topic No. 25:**

All facts and information regarding preparation of all Red Bend presentations, including but not limited to, Power Point presentations relating to any and all of the products as mentioned hereinabove.

**Objection to Topic No. 25:**

Red Bend objects to this Topic on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as the Topic is not limited to presentations of any particular nature or content. Red Bend further objects to this Topic to the extent that it seeks information concerning all products previously identified in any Topic. Red Bend further objects to this Topic as unduly burdensome and not reasonable for deposition inquiry to the extent that seeks all information concerning preparation of presentations, where the presentations themselves are the best source of such information. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

**Topic No. 26:**

All facts and information regarding sales data, including, but not limited to license fees, all revenues, and all profits generated by sales and/or licensing, and/or otherwise commercializing the Accused Software Products within the United States, and the related forecasts of profits, sales, licensing, and otherwise commercializing for the past five years, for the present year, and for the next five years.

**Objection to Topic No. 26:**

Red Bend objects to this Topic on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Red Bend further objects to this Topic as not reasonable for deposition inquiry to the extent that it seeks deposition testimony concerning detailed sales and profit information. Red Bend notes that information falling within this overly broad Topic can be found in the documents produced to BIS. Red Bend further objects to this Topic on the ground that it is premature to the extent

13

that it calls for information that is properly the topic of expert testimony. Subject to and without waiving its objections, Red Bend will produce a witness with knowledge.

*[signature]*
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel: 617-570-1000
Fax: 617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-813-8800
Fax: 212-353-3555

**ATTORNEYS FOR RED BEND SOFTWARE, INC., RED BEND, LTD., TIME WARNER INC., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) was served upon counsel for Plaintiff BIS Advanced Software Systems, Ltd. and counsel for Defendant Scansoft, Inc. by e-mail and United States Mail on July 28, 2005.

*[signature]*
Anastasia M. Fernands

Dated: July 28, 2005