# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BIS ADVANCED SOFTWARE SYSTEMS,
LTD.,

       Plaintiff,

   v.

RED BEND SOFTWARE, INC.,
RED BEND, LTD.,
TIME WARNER INC.,
ICQ, INC.
INSTALLSHIELD SOFTWARE CORP.,
and
SCANSOFT, INC.

       Defendants.

Civil Action No. 04cv11960 (RWZ)

## INSTALLSHIELD SOFTWARE CORP.'S RESPONSE
## TO BIS'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, Defendant Installshield Software Corporation ("Installshield") responds to BIS's

First Set of Interrogatories (Nos. 1-16) as follows:

## GENERAL OBJECTIONS

Installshield makes the following general objections to each interrogatory:

1.      All of the assets and liabilities of Installshield have been purchased by Macrovision

Corporation.  Accordingly, Installshield has no knowledge or information related to this

litigation or the Accused Software Products.

2.      Installshield objects to these interrogatories to the extent that they seek to impose

obligations on Installshield inconsistent with and/or beyond the scope of those imposed or

authorized by the Federal Rules of Civil Procedure or the Rules of this Court.

3.      Installshield objects to these interrogatories to the extent they seek disclosure of

information that constitutes work product, is protected by the attorney-client privilege or is otherwise privileged or protected from discovery.

4.    Installshield objects to these interrogatories as premature to the extent they seek Installshield's contentions, at this early stage of discovery, regarding: (1) non-infringement or invalidity of any claim of the Patent-in-Suit; or (2) unenforceability of the patents-in-suit.

5.    Installshield objects to the definition of "Installshield" to the extent that it includes any entity other than Installshield Software Corporation.

6.    Installshield objects to the use of the term "BIS" as vague and ambiguous, as that term is not defined.

7.    Installshield objects to the use of the term "Accused Software Products" to the extent that it includes products or services as to which BIS has not set forth a basis or a claim for a contention of infringement of the '239 patent.

8.    Installshield's responses to these interrogatories are hereby made without waiving or intending to waive, but rather, to the contrary, preserving and intending to preserve:

(a)    All questions as to the competence, relevance, materiality, authenticity and admissibility as evidence for any purpose of the information contained in each and every interrogatory response, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(b)    The right to object on any ground to the use of any such information, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(c)    The right to object at any time to a demand for any further response to this or any other request for information; and

2

(d)     The right at any time to supplement this response.

9.     Installshield objects to these interrogatories to the extent that they seek disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Installshield objects to these interrogatories to the extent that they are overly broad and unduly burdensome.

11.     Installshield objects to these interrogatories as vague, ambiguous and/or unintelligible.

12.     Installshield objects to these interrogatories to the extent that they seek information that is confidential, proprietary or otherwise sensitive information belonging to Installshield. Installshield will disclose such information subject to an order of the Court protecting its confidentiality.

13.     Installshield objects to these interrogatories to the extent that they seek information that is confidential, proprietary or otherwise sensitive information belonging to third parties and subject to a confidentiality agreement.

14.     Installshield objects to these interrogatories to the extent that they seek information and/or identification of documents already known to Plaintiff or available to Plaintiff from documents in their own files or from public sources.

15.     Installshield's responses are based upon information presently known to it. Installshield reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these responses. Installshield also reserves the right to object to the further disclosure of any document and/or information. Further, the provision of any information in response to these interrogatories does not constitute an admission that such information is responsive to the

3

interrogatories.

Each of the above General Objections shall be deemed continuing and is incorporated into the specific responses set forth below, whether or not specifically stated in response to each interrogatory, and is not waived or in any way limited by the responses below.

## RESPONSES TO SPECIFIC INTERROGATORIES

Subject to and without waiving the foregoing General Objections, Installshield responds as follows to BIS's interrogatories:

### INTERROGATORY NO. 1:

Identify the individual(s) who are providing the answers to these Interrogatories and the responses to Plaintiff's First Request for Production of Documents submitted herewith.

### RESPONSE TO INTERROGATORY NO. 1:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

### INTERROGATORY NO. 2:

Identify each Person who has any knowledge of, or involvement in any facts relevant to the claims made in the Complaint and Counterclaims, describing the substance of each Person's knowledge.

### RESPONSE TO INTERROGATORY NO. 2:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

4

## INTERROGATORY NO. 3:

Identify the Person(s) most knowledgeable about the functionality of the Accused Software Products, including the name of every project manager and programmer, and identify which part of the software code he or she wrote.

## RESPONSE TO INTERROGATORY NO. 3:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 4:

Identify all differences between the Accused Software Product InstallShield Update Service and the Accused Software Product vBuild for InstallShield.

## RESPONSE TO INTERROGATORY NO. 4:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 5:

Provide any and all information necessary to access any and all source code files from the media upon which they were produced and to recreate the entire executable program, software or system from scratch using the source code provided, including but not limited to: manufacturer, model, and configuration of the computer system upon which the information was created and managed; manufacturer, name, and version number of the operating system under which the information was created and managed; the manufacturer, program name, and version number of the software used to create and manage the information; the manufacturer and model number of

5

the hardware device on which the media was placed to write the information being produced; the manufacturer, program name, version number, and specific operational parameters used with the software that was employed to write the information to the media being produced, and any other information that a person of the art would use to create, write, and produce such information.

## RESPONSE TO INTERROGATORY NO. 5:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 6:

Specify any and all means by which the responses to the requests for document production were compiled, for example, specify what was searched, how was it searched, and by whom was it searched, which computers were searched, by what means were they searched, what keywords were used in any keyword searches, what magnetic tapes were searched, and whether the search included any off-site vaults or storage facilities.

## RESPONSE TO INTERROGATORY NO. 6:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 7:

Identify the various versions of the Accused Software Products and dates of release in the United States.

6

## RESPONSE TO INTERROGATORY NO. 7:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 8:

Identify any and all Clients to whom the Accused Software Products have been offered, sold, licensed, or otherwise made available in the United States.

## RESPONSE TO INTERROGATORY NO. 8:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 9:

Disclose all sales data, including, but not limited to license fees, all revenues, and all profits generated by sales and/or licensing, and/or otherwise commercializing the Accused Software Products within the United States, and the related forecasts of profits, sales, licensing, and otherwise commercializing for the past five years, for the present year, and for the next five years.

## RESPONSE TO INTERROGATORY NO. 9:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 10:

State how many times, on average per month, the Accused Software Products have

7

been made available to and/or used by the End Users through the Defendant in the United States, in each of the past five years.

## RESPONSE TO INTERROGATORY NO. 10:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 11:

Identify any agreement and/or contract relating to selling, licensing, or otherwise making available of Accused Software Product.

## RESPONSE TO INTERROGATORY NO. 11:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 12:

For each of the Affirmative Defenses and Counterclaims asserted, identify and specifically describe all facts on which you rely to support those contentions, and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.

## RESPONSE TO INTERROGATORY NO. 12:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 13:

Identify the Prior Art which you contend is relevant and/or material to the Patent-in-suit,

8

specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, *i e.* identify with specificity each claim element in the Patent-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

## RESPONSE TO INTERROGATORY NO. 13:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 14:

For each opinion relating to the issue(s) of infringement, validity and/or enforceability of the Patent-in-suit, Identify all Person(s) involved in the preparation of the opinion, including but not limited to the Person(s) who authored and/or signed the opinion, the date of the opinion, any Prior Art cited in the opinion, and all recipients of the opinion.

## RESPONSE TO INTERROGATORY NO. 14:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1, and on that basis does not otherwise respond to this interrogatory.

## INTERROGATORY NO. 15:

Identify all Persons whom you intend to call as witnesses to present testimony at deposition or at trial, and state the substance of their testimony.

9

## RESPONSE TO INTERROGATORY NO. 15:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1, and on that basis does not

otherwise respond to this interrogatory.

## INTERROGATORY NO. 16:

Identify all Documents that you intend to present at trial and/or hearing.

## RESPONSE TO INTERROGATORY NO. 16:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1, and on that basis does not

otherwise respond to this interrogatory.

AS TO OBJECTIONS,

Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel: 617-570-1000
Fax: 617-523-1231

Ethan Horwitz
Georgia Yanchar
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-813-8800
Fax: 212-355-3333

**ATTORNEYS FOR RED BEND SOFTWARE,**

**INC., RED BEND, LTD., TIME WARNER**
**INC., ICQ, INC. and INSTALLSHIELD**
**SOFTWARE CORP.**

Dated:  April 29, 2005

11

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that the service of INSTALLSHIELD SOFTWARE

CORPORATION'S RESPONSE TO BIS'S FIRST SET OF INTERROGATORIES was made

upon Plaintiff BIS Advanced Software Systems, Ltd. on April 29, 2005 by sending a copy to

Plaintiff's counsel:

### VIA U.S. Mail:

GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe (BBO # 556583)
176 Federal Street
Boston, Massachusetts 02110-2214
Fax: (617) 542-0900
Phone: (617) 542-9900

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
1950 Roland Clarke Place
Reston, Virginia 20191
Fax: (703) 716-1180
Phone: (703) 716-1191

### Via Email:

GREENBLUM & BERNSTEIN, P.L.C.
Caitlin Llommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
Fax: (703) 716-1180
Phone: (703) 716-1191

Georgia Yanchar

Dated: April 29, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04cv11960 (RWZ) |
| RED BEND SOFTWARE, INC., RED BEND, LTD., TIME WARNER INC., ICQ, INC. INSTALLSHIELD SOFTWARE CORP., and SCANSOFT, INC. | |
| Defendants. | |

### INSTALLSHIELD SOFTWARE CORPORATION'S RESPONSE TO BIS'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant

Installshield Software Corp. ("Installshield") responds to BIS's First Set of Requests for

Admission (Nos. 1-22) as follows:

### GENERAL OBJECTIONS

Installshield makes the following general objections to each request for admission:

1.    All of the assets and liabilities of Installshield have been purchased by

Macrovision Corporation.  Accordingly, Installshield has no knowledge or information related to

this litigation or the Accused Software Products.  In addition, Installshield does not have

information known or readily available to it sufficient to admit or deny these requests.

2.    Installshield objects to these requests in so far as they relate to any product not

made by Installshield.

1

3.     Installshield objects to these requests to the extent that they seek to impose obligations on Installshield inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure or the Rules of this Court.

4.     Installshield objects to these requests to the extent that they seek disclosure of information that constitutes work product, is protected by the attorney-client privilege or is otherwise privileged or protected from discovery.

5.     Installshield objects to these requests as premature to the extent they seek Installshield's contentions, at this early stage of discovery, regarding: (1) non-infringement or invalidity of any claim of the Patent-in-Suit; or (2) unenforceability of the Patent-in-Suit.

6.     Installshield objects to the definition of "Installshield" to the extent that it includes any entity other than Installshield Software Corporation.

7.     Installshield objects to the term "BIS" as vague and ambiguous, as that term is not defined.

8.     Installshield objects to the use of the term "Accused Software Products" to the extent that it includes products or services as to which BIS has not set forth a basis or a claim for a contention of infringement of the '239 patent.

9.     Installshield's responses to these requests are hereby made without waiving or intending to waive, but rather, to the contrary, preserving and intending to preserve:

        (a)     All questions as to the competence, relevance, materiality, authenticity and admissibility as evidence for any purpose of the information contained in each and every request, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

        (b)     The right to object on any ground to the use of any such information, or

2

LIBNY/4407232.1

the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceeding or investigation;

(c) The right to object at any time to a demand for any further response to this or any other request for information; and

(d) The right at any time to supplement this response.

10. Installshield objects to these requests to the extent they seek disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11. Installshield objects to these requests to the extent that they are overly broad and unduly burdensome.

12. Installshield objects to these requests as vague, ambiguous and/or unintelligible.

13. Installshield objects to these requests to the extent that they seek information and/or identification of documents already known to BIS or available to BIS from documents in their own files or from public sources.

14. Installshield's responses are based upon information presently known to it. Installshield reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these responses. Installshield also reserves the right to object to the further disclosure of any document and/or information. Further, the production of any document or thing in response to these requests does not constitute an admission that such document or thing is responsive to the requests.

15. Each of the above General Objections shall be deemed continuing and is incorporated into the specific responses set forth below, whether or not specifically stated in

3

response to each request, and is not waived or in any way limited by the responses below.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

Subject to and without waiving the foregoing General Objections, Installshield responds

to BIS's Requests for Admission as follows:

## REQUEST FOR ADMISSION NO. 1:

Admit that U.S. Patent No. 6,401,239 issued on June 4, 2002.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

## REQUEST FOR ADMISSION NO. 2:

Admit that the Accused Software Products can perform the step of transferring a Delta

File from a first computer to a second computer, wherein the first computer has a first version of

a file and a second version of a file, and the second computer has a first version of a file.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

## REQUEST FOR ADMISSION NO. 3:

Admit that the Accused Software Products can perform the step of generating a Delta File

from the first and second versions of the file on the first computer.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

4

Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

## REQUEST FOR ADMISSION NO. 4:

Admit that the Accused Software Products can perform the step of generating a digital stamp, version indicator, or electronic signature of the first file on the first computer.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

## REQUEST FOR ADMISSION NO. 5:

Admit that the Accused Software Products can perform the step of transferring the Delta File from the first computer to the second computer.

## RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

## REQUEST FOR ADMISSION NO. 6:

Admit that the Accused Software Products can perform the step of transferring the digital stamp, version indicator, or electronic signature from the first computer to the second computer.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

5

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Accused Software Products can perform the step of generating the second version of the file on the second computer from the first version of the file on the second computer and the transferred Delta File.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Accused Software Products can perform the step of identifying the file to which the Delta File should be applied.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Accused Software Products can perform the step of identifying the file to which the Delta File should be applied by comparing the digital stamp, version indicator, or electronic signature of the first file on the first computer with that on the second computer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

LIBNY/4407232.1

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Accused Software Products can perform the step of generating the second version of the file on the second computer from the first version of the file on the second computer and the transferred Delta File only if the comparison of digital stamps, version indicators, or electronic signatures results in a match.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Accused Software Products can perform the step of storing the first and second versions of the file, and the Delta File.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Accused Software Products can perform the step of compressing the Delta File before transmission from the first computer to the second computer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein. Installshield specifically incorporates General Objection No. 1 and on that basis denies this request.

7

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Accused Software Products can perform the step of decompressing the

Delta File after transmission from the first computer to the second computer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Accused Software Products can perform the step of transferring the Delta

File over an Internet Protocol (IP) network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the functionality(ies) of Accused Software Product InstallShield Update

Service is the same as the other Accused Software Products, such as MicroLoader, vCurrent,

vBuild, and/or vBuild for InstallShield.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

8

**REQUEST FOR ADMISSION NO. 16:**

Admit that Defendant uses the Accused Software Products Installshield Update Service

within and/or from the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Defendant InstallShield Software Corp. sells the Accused Software Product

InstallShield Update Service within and/or from the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Defendant knows that Red Bend Software Inc. sells the Red Bend Software,

vBuild and/or vCurrent, within and/or from the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Defendant InstallShield Software Corp. sold the Red Bend Software, vBuild

and/or vCurrent, within and/or from the United States.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

## REQUEST FOR ADMISSION NO. 20:

Admit that Defendant InstallShield Software Corp. sold the Accused Software Product

InstallShield Update Service within and/or from the United States.

## RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

## REQUEST FOR ADMISSION NO. 21:

Admit that Defendant knows that ScanSoft, Inc. sells, licenses, makes available and/or

use the Accused Software Product InstallShield Update Service within and/or from the United

States.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

## REQUEST FOR ADMISSION NO. 22:

Admit that Defendant knows that Red Bend Software Ltd. sells the Red Bend Software,

vBuild and/or vCurrent, within and/or from the United States.

10

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Installshield repeats and realleges all of its General Objections as if fully set forth herein.

Installshield specifically incorporates General Objection No. 1 and on that basis denies this

request.

ON BEHALF OF INSTALLSHIELD,

Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel: 617-570-1000
Fax: 617-523-1231

Ethan Horwitz
Georgia Yanchar
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-813-8800
Fax: 212-355-3333
**ATTORNEYS FOR RED BEND SOFTWARE,
INC., RED BEND, LTD., TIME WARNER
INC., ICQ, INC. and INSTALLSHIELD
SOFTWARE CORP.**

Dated: April 29, 2005

11

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that the service of INSTALLSHIELD SOFTWARE

CORPORATION'S RESPONSE TO BIS'S FIRST SET OF REQUESTS FOR ADMISSIONS

was made upon Plaintiff BIS Advanced Software Systems, Ltd. on April 29, 2005 by sending a

copy to Plaintiff's counsel:

### VIA U.S. Mail:

GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe (BBO # 556583)
176 Federal Street
Boston, Massachusetts 02110-2214
Fax: (617) 542-0900
Phone: (617) 542-9900

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
1950 Roland Clarke Place
Reston, Virginia 20191
Fax: (703) 716-1180
Phone: (703) 716-1191

### Via Email:

GREENBLUM & BERNSTEIN, P.L.C.
Caitlin Llommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
Fax: (703) 716-1180
Phone: (703) 716-1191

Georgia Yanchar

Dated: April 29, 2005