## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND, LTD.,<br>TIME WARNER INC.,<br>ICQ, INC.<br>INSTALLSHIELD SOFTWARE CORP.,<br>and<br>SCANSOFT, INC.<br><br>　　　　Defendants. | Civil Action No. 04cv11960 (RWZ) |

### RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

Defendants Red Bend Software, Inc. Red Bend, Ltd., ICQ, Inc., and Installshield, Software Corp. (collectively "Defendants")[1] submit this response to plaintiff's Motion to Amend the Scheduling Order. Although plaintiff's motion is couched as a motion to amend the Scheduling Order, it is in fact an attempt by plaintiff to quash a notice for a 30(b)(6) deposition whereby plaintiff's witness would have to explain what documents exist so that defendants could specifically identify the many documents that it has requested and that were not produced by plaintiff. In the opening paragraph of its motion, plaintiff states that defendants "continue to oppose" the motion, but does not explain the details of that opposition. In fact, defendants' only "opposition" to plaintiff's request was to insist that the schedule also include a date certain for a Rule 30(b)(6) deposition concerning documents.

---

[1] Defendants note that BIS has stipulated to the dismissal of defendants Time Warner, Inc. and Scansoft, Inc.

To be clear, defendants do not oppose amending the scheduling order. Neither do defendants object to most of the dates set forth in plaintiff's proposed amended scheduling order; the exception being those dates falling on weekends and/or holidays, such as Sunday, January 1, 2006. Defendants' proposed Second Amended Scheduling Order is attached as Exhibit A. Defendants do, however, request that any revised scheduling order contain a date certain by which plaintiff must produce a Rule 30(b)(6) witness in the United States on issues related to document retention and production, in particular those issues identified in the Rule 30(b)(6) deposition notice concerning document issues that defendants served on June 27, 2005 (Exhibit B).

A bit of the history of this motion will help to explain defendants' position. On Wednesday, July 27, 2005, plaintiff's counsel called defendants' counsel to request an extension of the Scheduling Order. The following day, the parties scheduled a conference for August 1, 2005 to discuss the issue. During the August 1 conference, plaintiffs asked for an extension and defendants stated that they were willing to be flexible with respect to the Scheduling Order and asked that plaintiff propose specific dates for the revised Scheduling Order.

However, one condition was made to defendants' flexibility. Because of plaintiff's failure to properly produce documents, and because of plaintiff's unilateral cancellation of depositions, including the deposition of plaintiff's 30(b)(6) witness on documents, defendants made it clear that any new Scheduling Order must include an early date for the 30(b)(6) deposition of plaintiff on documents.[2] The failure to produce and the unilateral cancellation of

---

[2] At the August 1 telephone conference, Plaintiff then requested that Defendants reciprocate, namely that defendants also quickly produce a 30(b)(6) on documents. Defendants stated that they would consult the appropriate witness about available dates.

2

depositions is explained in detail in Defendant's Opposition to Plaintiff's Motion to Compel Discovery submitted simultaneously with this Response.

Defendants followed up by e-mail on August 3 (attached as Exhibit C) and voice-mail on August 4. The email reads:

> During our telephone conference Monday morning, we discussed you providing us with a specific proposal for a new scheduling plan, including a Rule 30(b)(6) deposition of BIS on document issues, but we still have not received a scheduling proposal from you.
>
> I look forward to hearing from you and receiving the new scheduling proposal.

Plaintiff never proposed a specific schedule to defendants. Instead, plaintiff's response came in the form of this motion, filed on Friday, August 5, 2005.

Defendants believe that there are gaping holes in plaintiff's production and that the most efficient way to address their concerns is by deposition of a witness with knowledge of the documents. While a complete list of plaintiff's documents that have not been produced must await a deposition, Red Bend has identified to plaintiff the fact that at least the following critical documents are missing:

(1) financial documents showing, for each license plaintiff produced, the monies received or paid for that license;

(2) documents reflecting the creation, testing and implementation of the invention in issue;

(3) documents showing the functionality of the product which was the precursor to the invention; and

(4) historic versions of plaintiff's software or source code embodying the invention claimed in plaintiff's patent.

The financial documents (1 above) are critical to the issue of damages and the technical documents (2, 3 and 4) are critical to the issue of validity and infringement.

Finally, defendants note that they dispute the recitation and characterization of events set forth in plaintiff's "Background" and "Argument" sections.  Defendants will not, however, burden the Court with a response to each disputed statement as such a response is not necessary to resolve the issue of setting an appropriate, revised schedule.

WHEREFORE, defendants respectfully request that this Court enter the Proposed Second Amended Scheduling Order as attached as Exhibit A.

**RED BEND SOFTWARE, INC., RED BEND, LTD., TIME WARNER INC., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

By their attorneys,

/s/  Brenda R. Sharton
Brenda R. Sharton (BBO # 556909)
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel:  617-570-1000
Fax:  617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel:  212-813-8800
Fax:  212-353-3555

Dated:  August 19, 2005

4