IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., <br> RED BEND, LTD., <br> TIME WARNER INC., <br> ICQ, INC. <br> INSTALLSHIELD SOFTWARE CORP., <br> and <br> SCANSOFT, INC. <br><br> Defendants. | Civil Action No. 04cv11960 (RWZ) |

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendants Red Bend Software, Inc., Red Bend, Ltd., ICQ, Inc., and Installshield Software Corp. (collectively "Defendants")[1] submit this brief in Opposition to Plaintiff's Motion for Leave to File An Amended Complaint ("Motion").

Plaintiff's Motion offers no justification for seeking leave to amend to add five new Red Bend customers as defendants, almost a year in to this litigation. As set forth in more detail below, plaintiff has no excuse for this delay – it has long known about the parties. It also has no reasons why adding these parties would assist the action. In fact, at the scheduling conference on January 27, 2005, plaintiff admitted it was aware of other Red Bend customers and represented to the court that it was not going to add any more such customers as parties because such an addition would not assist the case and, rather, would complicate the case and make it more expensive.

---

[1]   Defendants note that BIS has stipulated to the dismissal of defendants Time Warner, Inc. and Scansoft, Inc.

Then, five months ago, after settlement negotiations did not proceed as plaintiff wished, plaintiff started harassing Red Bend customers by sending letters threatening to add them as defendants. *See* Exhibit A.[2] Thus, knowing about these potential defendants since the beginning of the action, representing to this court that it did not wish to add customers to the action, then claiming at least five months ago that it did want to add more customers as defendants, plaintiff has delayed too long.

Plaintiff's Motion also ignores the real and unavoidable prejudice to defendants if five new parties are added at this time. Although plaintiff asserts that there will be no "undue delay" in the proceedings and no prejudice, it is unrealistic at best to suggest that five new defendants could be added to this patent litigation without requiring significantly more expense and delay. Indeed, discovery of these five new parties makes plaintiff's proposed Second Amended Scheduling Order inadequate. It is equally unrealistic to suggest that the addition of five new defendants, which Red Bend must defend, will not result in other prejudice, including a dramatic increase in the cost of the litigation.

Lastly, plaintiff does not even make a showing that some of these parties are proper parties, namely that they made, used or sold alleged infringing products in the United States.

As discussed in more detail below, because plaintiff has unduly delayed in seeking to amend its Complaint to add new parties, because plaintiff has no justification for its delay, and because defendants will be unduly prejudiced by the late addition of five new defendants, plaintiff's motion should be denied.

---

[2] This is part of a pattern of harassment. Other examples are that BIS filed this action on the eve of a round of financing by Red Bend and filed this motion on the eve of settlement negotiations between the parties.

**BACKGROUND/PROCEDURAL HISTORY**

BIS Advanced Software Systems, Ltd. ("BIS") commenced this action on September 9, 2004. In its initial Complaint, BIS alleged that Red Bend Software Inc. and Red Bend, Ltd.[3] (collectively "Red Bend") as well as certain of Red Bend's customers infringe United States Patent No. 6,401,239 (the "'239 patent") by making, using, selling, offering to sell or importing certain computer software developed and distributed by Red Bend. *See generally* Complaint dated September 9, 2004 [D.I. 1].

A Rule 16 initial scheduling conference took place on January 27, 2005. Before the conference, the parties discussed a proposed schedule in detail, later submitting a proposed scheduling order based on those discussions and the court's instructions. *See* D.I. 26. Tellingly, neither the initial proposed scheduling order nor the agreed-upon first Amended Scheduling Order (endorsed by the court on May 11, 2005) included a deadline for amendments to the pleadings or addition of new parties.

The omission was not an oversight. Rather, the question of who are the appropriate parties was discussed during the January 27, 2005 conference with the Court. First, defendants suggested that it was appropriate to dismiss certain defendants in order to simplify and streamline the case.[4] Second, plaintiff admitted it was aware of other Red Bend customers but represented to the Court that it would not add these parties because they would not aid the case substantively and would merely add to the expense and time to resolution. As a result, the Scheduling Order contained no deadline to add parties because the issue was moot.

---

[3] Misnamed "Red Bend Software, Ltd." in the Complaint.

[4] With its Motion for Leave to Amend, BIS also filed a Stipulation of Dismissal as to two entities, including Time Warner.

Then – after settlement negotiations broke down – BIS's counsel sent a draft motion to amend its complaint to Red Bend and to its customers. This letter proposed to add Red Bend customers RealNetworks, Inc.; Symbian, Inc.; Macrovision Corporation ("Macrovision"); Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson"); Siemens Information and Communications Mobile LLC ("Siemens Information"); and Siemens Communications Inc. ("Siemens Communications"). *See* Exhibit A (March 3, 2005 letter from Ms. Lhommedieu to Mr. Horwitz, with enclosures).

In these March 3, 2005 letters to each of these Red Bend customers, BIS stated "[w]e intend to file this motion ten business days after the date of this letter [March 17, 2005]." *Id.*. However, BIS did not file the motion to amend in March or at any time during the spring.

Discovery proceeded and on March 4, BIS served its first sets of discovery requests, including document requests, interrogatories, and requests for admissions, on defendants. Defendants Red Bend, Ltd., Red Bend Software, Inc., and ICQ served written responses to plaintiff's discovery requests on April 22, and Installshield served its written responses on April 29. By the end of June, Red Bend had substantially completed its document production, having produced about 100,000 pages[5] of materials, including a CD containing several versions of source code.

On June 29, 2005, more than nine months after commencing this action, and after Red Bend's response to paper discovery was almost complete, BIS sent a new letter to five Red Bend customers, once again informing them that BIS intended to file a motion to amend its Complaint within ten business days of this new letter, namely by July 14, 2005. *See* Exhibit B (June 29, 2005 letter from Ms. Lhommedieu to Ms. Fernands, with enclosures). Four of the five recipients

---

[5] More than 45,000 pages of documents in addition to multiple versions of source code which, if printed, would total roughly 65,000 pages.

of the June 29 letter, Macrovision, Sony Ericsson, Siemens Information and Siemens Communications, had also received the March 3 letter from BIS. The fifth recipient of the June 29 letter, America Online, Inc. ("AOL") has been identified as a customer on the Red Bend website since before the beginning of this lawsuit.

As in March, BIS did not file its motion to amend ten days after the date of its letter to Red Bend's customers. Instead, BIS waited over a month to file its motion for leave to file an amended complaint.

## ARGUMENT

Plaintiff's Motion should be denied for any number of reasons.

First, plaintiff did not seek to add new parties as soon as it was reasonably aware of them, in violation of Local Rule 15.1(A). L.R. 15.1(A). In fact, plaintiff has been aware of most, if not all, of the additional defendants since before this litigation began and represented to the court that it would not add more Red Bend customers because it would unduly complicate the proceedings. In addition, plaintiff unduly delayed in seeking to amend the complaint, without providing any explanation for the delay, much less an adequate explanation for the delay. *See Acosta-Mestre v. Hilton Intn'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) ("Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'") (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Second, the existing defendants will be prejudiced by the addition of five new parties almost a year after the initial Complaint was filed. *Id.* Red Bend – a small company which must defend its customers – would be put to the expense of gathering documents from some of the largest technology companies in the world from multiple sites in Europe, Asia and America. The

5

corresponding prejudice to plaintiff by failing to add the parties is non-existent – plaintiff admitted that these parties would add nothing of interest to the case, and would significantly delay resolution.

Finally, plaintiff offers no explanation for why these additional parties are even proper parties and should be added; they are not necessary to full and final resolution of plaintiff's claims. In fact, plaintiff gives no support for the fact that some of the new defendants even make or sell the accused product, let alone do so in the United States.

Rule 15(a) provides that leave shall be freely given only "***when justice so requires***." Fed. R. Civ. P. 15(a) (emphasis added). Here, the Rules, the caselaw and justice all support denial of plaintiff's Motion.

A.  **Plaintiff Did Not Seek Leave To Add New Parties "As Soon As" It Was Aware Of Them And In Fact Delayed Its Motion.**

Local Rule 15.1(A) requires that "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." L.R. 15.1(A).

Here, BIS's counsel was aware of at least four of the proposed new defendants since the beginning of the action. AOL has been mentioned on Red Bend's website since at least February of 2004 (several months before the Complaint was filed), and Sony Ericsson, Siemens Information and Siemens Communications, have been listed on the website since at least October of 2004 (shortly after the Complaint was filed). In fact, the addition of Red Bend customers was discussed at the scheduling conference with the Court on January 27, 2005, and plaintiff specifically represented that it was not going to add new parties because, as customers of Red Bend, they would not help the prosecution of the litigation and would increase costs for all.

BIS's own correspondence establishes that, not only was BIS aware of the identity of all of these proposed new parties, but five months ago BIS's counsel had already prepared a motion to amend to add four of the five proposed new parties. *See* Exhibit A.

BIS's delay from the beginning of this litigation and its delay in filing the motion from at least March until August violates Local Rule 15.1(A)'s requirement that a party must seek to add any new parties as soon as reasonably aware of those parties. BIS's motion should be denied on this basis alone. *See* L.R. 15.1(A).

In addition, as the First Circuit has noted, both Supreme Court and circuit precedent establish that "especially where allowing the amendment will cause further delay in the proceedings, 'undue delay' in seeking the amendment may be a sufficient basis for denying leave to amend." *Acoste-Mestre*, 156 F.3d at 52. Here, BIS delayed more than eleven months from filing the initial Complaint, and more than five months since they claimed an intention to add additional defendants, before seeking leave to amend. This delay alone is sufficient to deny BIS's motion.

Moreover, when "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" *Acosta-Mestre*, 156 F.3d at 52 (citation omitted). In this case, BIS waited eleven months between filing the Complaint and seeking leave to amend. BIS offers no explanation for this delay, and there is no reason why BIS could not have sought leave to amend more than five months ago. In light of both BIS's lengthy delay and its failure to offer any explanation for the delay, its motion for leave to file an amended complaint should be denied.

**B.      Defendants Will Be Unduly Prejudiced By The Addition Of Five New Defendants.**

BIS is also unrealistic to suggest that adding five more parties will not result in prejudice. As discussed in *Acoste-Mestre*, delay in the litigation and added costs may each prejudice the party opposing the amendment. The addition of five new parties will almost certainly delay final resolution and will substantially increase the costs of the litigation. Because "[R]ule 15(a)'s liberal amendment policy seeks to service justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts," BIS's motion should be denied. *See Acoste-Mestre*, 156 F.3d 49, 53.

Currently, this action is between relatively small companies BIS and Red Bend (while Time Warner was originally named, it was recognized as early as the Scheduling Conference that it was not a proper party and would be dismissed, and a stipulation of dismissal has since been filed). Now, Plaintiff's motion is attempting to add some of the largest technology companies in the world with the dramatic additional burden that imposes, but with no additional benefit. In fact, it was for this very reason that plaintiff did not include more Red Bend customers at the beginning of this action and agreed at the Scheduling Conference not to include them.

As this case stands, defendants have completed document discovery – even if plaintiff's motion to compel is granted, it involves only a handful of additional documents that do not add to the substance already produced. *See* Opposition to Plaintiff's Motion to Compel Discovery.

If this motion to add parties is granted, the case would include Siemens Information, Siemens Communications, Sony Ericsson, AOL and Macrovision. AOL is one of the world's largest online service providers with revenues of over 8 billion dollars. See http://www.hoovers.com/america-online/--ID__15558--/free-co-factsheet.xhtml. Siemens Communications is also a large company with Over 60,000 employees in 160 countries and

8

revenues of over 22 billion dollars. See http://www.siemens.com. Siemens Information is a wholly owned subsidiary of Siemens, having itself over 900 employees. Sony Ericsson is a joint venture of Sony and Ericsson with Global management in London, and research and development in Sweden, Japan, China, the US and UK. See http://www.sonyericsson.com/spg.jsp. Macrovision is the smallest of these new defendants with sales of over $182 million per year and over 600 employees. See http://www.hoovers.com/macrovision/--ID__52934--/free-co-factsheet.xhtml.

These are all customers of Red Bend, and Red Bend has the burden of defending these companies if they are added to this litigation. Thus, adding the parties would entail Red Bend attorneys potentially having to gather documents from these large companies. Red Bend would have to interview many employees of these companies about the existence of files and then collect files from multiple locations, including Sweden, Japan, Germany, California, the UK, and Virginia. Red Bend is a small company with limited resources, and to require Red Bend to conduct this additional discovery is unduly burdensome.

Indeed, plaintiff has made it clear that it will insist on a complete production, with no ground given on what is duplicative and/or unduly burdensome.[6] For example, in its motion to compel, plaintiff seeks admittedly duplicative materials from existing defendants and further requests that this court strike defendants' objection to producing exact duplicate copies of documents. Apparently then, where there are emails that were copied to many people, plaintiff wants a copy from each person's inbox regardless of whether the emails are identical in every respect.

---

[6] If the Court agrees with Red Bend that separate discovery from Red Bend's customers is purely duplicative of discovery of Red Bend, then these Herculean efforts would not be necessary, even if the additional parties were added. However, as discussed below, the very fact that discovery of the proposed additional parties would be

In addition, as acknowledged by plaintiff at the scheduling conference, this massive effort will not help advance the case. On the issue of liability, these parties are Red Bend customers and the understanding of how the Red Bend product functions lies more with Red Bend than with its customers.

On the issue of damages, discovery from these parties is equally unhelpful. There are two measures of damages: BIS lost sales or a reasonable royalty. See *Smithkline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1163, 17 USPQ2d 1922, 1924 (Fed. Cir. 1991) (citing *Chisum on Patents:* "A patentee may seek to recover actual damages, usually, the amount of profits actually lost, or if unable to prove actual damages, the patentee is entitled to a reasonable royalty."). BIS is not in competition in telephony with Siemens or Sony Ericsson and not in competition in internet issues with AOL or Macrovision. Thus, there is no issue of sales BIS lost to them.

As to a reasonable royalty, the measure of royalty is in a license to Red Bend and the proposed new parties, as customers of Red Bend, will automatically be licensed. *See, e.g., Intel Corp. v. ULSI Corp.*, 995 F.2d 1566, 1568, 27 USPQ2d 1136, 1138 (Fed. Cir. 1993), *cert. denied*, 510 U.S. 1092 (1994) ("The law is well settled that an authorized sale [by licensee] of a patented product places that product beyond the reach of the patent ... The patent owner's rights with respect to the product end with its sale, …and a purchaser of such a product may use or resell the product free of the patent…This longstanding principle applies similarly to a sale of a patented product manufactured by a licensee acting within the scope of its license."). Thus, the new proposed parties will not be helpful on the issue of damages.

---

duplicative of discovery of Red Bend also weighs against expansion of the litigation to include these parties – they simply have nothing to add by way of liability or damages.

10

Further, although in its motion BIS asserts that the amendment will not cause undue delay in the proceedings (Motion, ¶ 2), that assertion is unrealistic. BIS has just proposed a second, revised schedule pursuant to which initial expert reports would be due at the beginning of January and fact discovery would close at the beginning of February. In requesting this four-month extension of the current schedule, BIS explains that, among other things, various holidays will inhibit deposition scheduling during much of the remaining discovery period.

Yet, despite requesting four additional months to complete discovery of existing defendants, BIS asserts that adding five new defendants – each of whom will, at a minimum, have to be served, have to answer the complaint, have to then be served with written discovery, have to respond to written discovery, have to collect documents, and have to be deposed – will not further delay proceedings.

It is not credible to suggest that with five new parties all of these things can be accomplished without significant further delay in the newly proposed schedule. Red Bend is a small company and the pendency of this action is damaging it – a fact plaintiff must have realized when it filed this action to coincide with a round of financing for Red Bend. Red Bend deserves a quick resolution to remove this cloud.

C.  **Addition Of New Defendants Is Unnecessary, If Not Improper**

Tellingly, BIS does not even suggest that justice requires allowance of its Motion. *See generally*, Motion. Equally telling, BIS does not assert that the proposed new defendants are necessary parties or that BIS will in any way be denied complete relief if they are not added. Instead, BIS merely asserts that the proposed new defendants license and use the accused software products. *See* Motion, ¶¶ 3-4.

11

In other words, the sole basis for BIS's attempt to add these additional parties is because they license or use Red Bend's software. BIS can learn what it needs to know about Red Bend's software, and about any licenses to Red Bend's software, from Red Bend. The only thing to be gained from adding Red Bend's customers to the mix is delay and harassment.

In addition, BIS has no basis for claiming that three of the new defendants, Siemens Information, Siemens Communications or Sony Ericsson, are even proper parties, namely that they are using the Red Bend software in the United States. To infringe, a party must make, use or sell in the United States, or import the product in issue into the United States. 35 U.S.C. § 271.

In its three-page motion, BIS relies on Red Bend's website to support the fact that these new defendants are proper parties. Yet this website provides no proof that these proposed new defendants are currently using Red Bend products, let alone in the United States. For example, the Red Bend website states that Siemens Information "**will be incorporating**" Red Bend's technology which "**will allow**" Siemens to decrease costs associated with software repair. *See* Motion, Ex. B. Similarly, the website page states only that Sony Ericsson "**has signed**" an agreement with Red Bend "**to embed**" Red Bend's technology in Sony Ericsson's headsets.

The meaning of the future tense is clear – these parties have not yet incorporated or embedded the Red Bend technology, let alone have they incorporated it **for use in the United States**. Under these circumstances, even if BIS had timely made its request, it would not serve justice to allow it.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File an Amended Complaint.

**RED BEND SOFTWARE, INC., RED BEND, LTD., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

/s/ Brenda R. Sharton_____
Brenda R. Sharton (BBO # 556909)
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel:  617-570-1000
Fax:  617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel:  212-813-8800
Fax:  212-353-3555

Dated:  August 19, 2005