# EXHIBIT G

**Danielson, Miguel C**

| | |
|---|---|
| **From:** | Fernands, Anastasia M |
| **Sent:** | Tuesday, June 21, 2005 4:29 PM |
| **To:** | CAITLIN LHOMMEDIEU |
| **Cc:** | Horwitz, Ethan |
| **Subject:** | Request for Discovery Conference |

Dear Caitlin:

I am writing to arrange a time to confer pursuant to Local Rule 37.1 concerning continued deficiencies in BIS's document production. In particular, as we have discussed in the past, and as addressed in my letter of last Friday, BIS's document production is lacking in many respects. BIS's written responses to Red Bend's document requests, particularly when considered in connection with the limited production, suggest that BIS is withholding relevant, responsive documents based on various inappropriate objections. Although not a comprehensive list of the problems with BIS's production, the following are the topics about which I would like to confer at this time:

1) Development documents. Although BIS agreed to produce documents concerning the conception and reduction to practice of the invention claimed in the '239 patent *(see, e.g.,* Response Nos. 5-6), BIS has not produced any development documents. In connection with this deficiency, I note that, in its written responses to Defendants' requests, BIS objected to producing the source code for and documents relating to the design and development of any "BIS Covered Product." *See, e.g.,* Response Nos. 31, 33 & 41. BIS has also objected to producing documents showing how any BIS Covered product practices any invention claimed in the '239 patent as well as documents describing any BIS Covered Product. *See, e.g.,* Response Nos. 35 & 39. These documents are clearly relevant and must be produced.

2) Prior art. BIS cannot reasonably contend that a request seeking prior art, and documents concerning prior art, is too vague to permit BIS to respond. *See* Response No. 20. Further, Defendants' request seeks any prior art and documents concerning that prior art, not just the documents in BIS's "possession which were cited by the Patent & Trademark Office in the '239 patent."

3) Documents concerning QBU and TransFast. Although documents concerning the development and functionality of these BIS products fall within a variety of Defendants' requests, BIS has produced no documents concerning TransFast, and the documents that BIS produced concerning QBU are limited to a short promotional piece and a service and pricing policy. Documents concerning the design, development and functionality of these products are relevant and must be produced.

4) Communications between BIS and any of Defendants or any third party concerning alleged infringement of the '239 patent. Again, BIS objected to Defendants' Request *(see, e.g.,* No. 10), and did not agree to produce any responsive documents. Certainly, BIS cannot claim privilege for the communications with others. Neither can BIS reasonably maintain that the request, particularly with the very specific examples included within the request, is overly broad or vague.

5) Documents concerning license agreements. Although certain license agreements were produced, documents concerning the license agreements, including, but not limited to, requests or offers to license, were not included in BIS's production. Such documents are responsive to several requests, and there is no basis for withholding them. Among other things, Defendants' Requests *(see, e.g.,* Request No. 29) were not limited to "granted" licenses *(see* Response No. 29), and there is no basis for BIS to limit its production to only "rights granted under the '239 patent" and not other documents called for by Defendants' Requests. There is also no basis for BIS to consider "offers and negotiations" privileged if those offers and/or negotiations were between BIS and any third party *(see* BIS Response No. 36).

6) Financial documents. BIS has produced only overview financial information, and not any breakdown of income by product *(see* Request No. 45).

7) Finally, BIS has limited all of its responses by agreeing to produce only "relevant" documents responsive to each request. Has BIS withheld any documents referring or relating to, for example, the '239 patent *(see, e.g.,* Request No. 1), prosecution of the '239 patent *(see* Request No. 3), the inventor's files relating to the alleged inventions of the '239 patent *(see* Request No. 4), conception *(see* Request No. 5), reduction to practice *(see* Request No. 6), or any offer for sale *(see* Request No. 8) on the grounds of relevance?

I am available until 1:00 p.m. on Wednesday, June 22, from 11:00 a.m. to 3:00 p.m. on Thursday, June 23, or anytime of Friday, June 24. Please let me know what time is convenient for you for a discovery conference.

1

I look forward to hearing from you.

Anastasia M. Fernands*
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 459-7321
Fax: (212) 355-3333

* Admitted only in Massachusetts

2