# EXHIBIT Q

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br>       Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., <br> RED BEND, LTD., <br> TIME WARNER INC., <br> ICQ, INC. <br> INSTALLSHIELD SOFTWARE CORP., <br> and <br> SCANSOFT, INC. <br><br>       Defendants. | Civil Action No. 04cv11960 (RWZ) |

### RED BEND, LTD.'S AND RED BEND SOFTWARE, INC.'S SUPPLEMENTAL RESPONSES (6-11) TO BIS'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants Red Bend, Ltd. and Red Bend Software, Inc. ("Red Bend") supplement their responses to BIS's First Set of Interrogatories, in particular Interrogatories 6-11, as follows:

### GENERAL OBJECTIONS

Red Bend incorporates the general and specific objections made in their prior response to BIS's interrogatories as if specifically recited herein. In addition, as discovery is still ongoing, Red Bend expects to learn additional facts, identify additional persons with knowledge, and/or locate additional documents relating to the subject matter of these interrogatories. Accordingly, Red Bend reserves the right to supplement, update, or amend this response in light of subsequently discovered evidence or for any other reason.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES 6-11

### INTERROGATORY NO. 6:

Identify the various versions of the Accused Software Products and dates of release in the United States.

### RESPONSE TO INTERROGATORY NO. 6:

Red Bend objects to this interrogatory as overbroad and unduly burdensome. Red Bend further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**Supplemental Responses:** Red Bend states that the burden of deriving or ascertaining the response to this Interrogatory is substantially the same for BIS as for Red Bend. Furthermore, it is not clear what BIS means by the phrase "dates of release within the United States," as this concept is unclear and could refer to numerous different dates. Notwithstanding, Red Bend states that the first dates of announced availability of vBuild versions 1 and 2 can be derived from documents RB0007524-RB0007525 and RB0007555-RB0007556, and that vBuild was released in the United States only to Installshield Software Corporation. Red Bend further states that documents RB0007559-RB0007560 and RB0007561-RB0007562 state the dates of availability for versions 1 and 2 of vCurrent Mobile (also referred to as vMobile), however no version of Red Bend's vMobile software developed prior to commencement of this action have been used or distributed within the United States. Products developed by Red Bend in addition to those previously referenced were made available by license to a small number of customers

2

and information on such availability may be derived from documents RB0039208, and
RB0039214. Finally, documents RB0000001 and RB0014448, provide further information on
dates of availability of certain versions of Red Bend's software.

## INTERROGATORY NO. 7:

Identify any and all Clients to whom the Accused Software Products have been offered,
sold, licensed, or otherwise made available in the United States.

## RESPONSE TO INTERROGATORY NO. 7:

Red Bend objects to this interrogatory as overbroad, unduly burdensome, vague and
ambiguous. Red Bend further objects to this request to the extent that it seeks documents that
contain confidential, proprietary or otherwise sensitive information belonging third parties.
Subject to and without waiving its specific and General Objections, Red Bend states that
documents will be produced in response to BIS's First Set of Requests for Production of
Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal
Rules of Civil Procedure.

**Supplemental Responses:** The burden of deriving or ascertaining the response to this
Interrogatory is substantially the same for BIS as for Red Bend. Furthermore, it is not clear what
BIS means by "offered" or "otherwise made available" as this could mean any number of
possibilities, in addition to the fact that "offer" is a term of art under 35 U.S.C. et. seq. However,
Red Bend states that a list of companies from whom it has received license revenue follows:
ICQ, RichFX, AOL, Hotbar Ltd., InstallShield, IXI Ltd., and Sony Ericsson. Details about
payments received from these entities can be derived from document RB0044970. Furthermore,
Red Bend's customers and companies that Red Bend has been in contact with regarding the
potential licensing of its products can be found derived from at least the following documents or

3

things that have been produced to BIS: RB0039028, RB0039214, RB0007533-RB0007536, RB0007549-RB0007550, RB0007566-RB0007567, RB0007576, RB0007590-RB0007592, RB0007662-RB0007709, RB0007710-RB0007758, RB0009560-RB0009600; RB0009694-RB0009745; RB0010586-RB0010680, RB0010809-RB0010837, RB0011170-RB0011184, RB0011457-RB0011470, RB0013736-RB0013745; RB0013811-RB0013813, RB0015396-RB0015518, RB0015692-RB0015701; RB0015826-RB0015876; RB0021707-RB0021710; RB0037001-RB0037037, RB0041137-RB0041158, RB0041661-RB0041679, RB0042233-RB0042657.

## **INTERROGATORY NO. 8:**

Disclose all sales data, including, but not limited to license fees, all revenues, and all profits generated by sales and/or licensing, and/or otherwise commercializing the Accused Software Products within the United States, and the related forecasts of profits, sales, licensing, and otherwise commercializing for the past five years, for the present year, and for the next five years.

## **RESPONSE TO INTERROGATORY NO. 8:**

Red Bend objects to this request as overbroad, unduly burdensome, vague and ambiguous. Red Bend further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**Supplemental Responses:** The burden of deriving or ascertaining the response to this Interrogatory is substantially the same for BIS as for Red Bend. Red Bend states that the

4

response can be derived from at least the following documents or things that have been produced to BIS: In terms of monies received by Red Bend, see documents RB0044970, RB0000022-RB0000119, RB0010688- RB0010719, RB0011774-RB0011792, RB0011806-RB0011825, RB0011972-RB0011973, and RB0042094-RB0042147. In terms of forecasts, see documents RB0013666-RB0013687; RB0015319-RB0015334, RB0016414-RB0016427, RB0016588-RB0016608, and RB0016733.

**INTERROGATORY NO. 9:**

Identify any agreement and/or contract relating to selling, licensing, or otherwise making available of Accused Software Product.

**RESPONSE TO INTERROGATORY NO. 9:**

Red Bend objects to this request as overbroad, unduly burdensome, vague and ambiguous. Red Bend further objects to this interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**Supplemental Responses:** The burden of deriving or ascertaining the response to this Interrogatory is substantially the same for BIS as for Red Bend. Red Bend states that the response can be derived from at least the following documents or things that have been produced to BIS: RB000002-00000021, RB0000022-RB0000030, RB0009278-RB0009292, RB0009407-RB0009409, RB0011988-RB0012044, RB0037001-RB0037037, RB0041137-RB0041145, RB0041642-RB0041679, RB0042233-RB0042657.

5

**INTERROGATORY NO. 10:**

For each of the Affirmative Defenses and Counterclaims asserted, identify and specifically describe all facts on which you rely to support those contentions, and identify the Person(s) most knowledgeable about the facts and all documents in support thereof.

**RESPONSE TO INTERROGATORY NO. 10:**

Red Bend objects to this request as overbroad and unduly burdensome. Red Bend objects to this interrogatory to the extent it seeks information covered by the attorney-client privilege and/or the attorney work product doctrine. Red Bend further objects to this interrogatory as premature because Red Bend's investigation is currently ongoing. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**Supplemental Responses:** Red Bend states that the bases for its affirmative defenses and counterclaims were explained in part in the correspondence from Benjamin J. Barish to Neil Greenblum dated May 26, 2003, June 29, 2003, and August 19, 2003. Red Bend further refers BIS to the full content of the source code produced by Red Bend in this litigation, contained on the CD identified with Bates number RB0000001, in response to this Interrogatory. Red Bend also refers BIS to at least the documents Bates labeled RB0042660-RB0044962 for additional bases for its affirmative defenses and counterclaims.

Further answering, Red Bend states that this Interrogatory is premature because Red Bend's investigation is currently ongoing and neither depositions nor expert discovery have commenced.

**INTERROGATORY NO. 11:**

6

Identify the Prior Art which you contend is relevant and/or material to the Patent-in-suit, specify each claim to which each piece of Prior Art relates, describe with particularity why such Prior Art reference is material, *i e.* identify with specificity each claim element in the Patent-in-suit which the Prior Art discloses, and why such Prior Art reference is not cumulative over the Prior Art of record considered by the examiner, *i.e.*, identify with specificity the claim elements or combination of claim elements that the Prior Art of record allegedly does not disclose, and state how you contend this Prior Art is applied against each of those claims.

### RESPONSE TO INTERROGATORY NO. 11:

Red Bend objects to this request as overbroad and unduly burdensome. Red Bend objects to this interrogatory to the extent it seeks information covered by the attorney-client privilege and/or the attorney work product doctrine. Red Bend further objects to this interrogatory as premature because Red Bend's investigation is currently ongoing. Subject to and without waiving its specific and General Objections, Red Bend states that documents will be produced in response to BIS's First Set of Requests for Production of Documents and Things and refers BIS to that production pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Red Bend further refers BIS to the prior art cited in the '239 patent. Red Bend will supplement its response when further information becomes available.

**Supplemental Responses:** The burden of deriving or ascertaining the response to this Interrogatory is substantially the same for BIS as for Red Bend. Red Bend states that the response can be derived from at least the following documents or things that have been produced to BIS: RB0010851-RB0010879, RB0042660-RB0044962.

Further answering, Red Bend states that this Interrogatory is premature because Red Bend's investigation is currently ongoing, and a full analysis of the art has not been made, and

7

can only be fully made with experts, and expert reports are not yet due.

AS TO OBJECTIONS,

Brenda R. Sharton (BBO #556909)
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel: 617-570-1000
Fax: 617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-813-8800
Fax: 212-353-3555

**ATTORNEYS FOR RED BEND SOFTWARE,
INC., RED BEND, LTD., TIME WARNER
INC., ICQ, INC. and INSTALLSHIELD
SOFTWARE CORP.**

Dated: August 19, 2005

8

## VERIFICATION

I, Sharon Peleg, hereby state that I am Chief Technology Officer of Red Bend, Ltd. The facts recited in Red Bend, Ltd.'s Supplemental Responses to BIS's First Set of Interrogatories are based on my personal knowledge and on information collected and made available to me by others. To the extent such information in the Responses has been collected and made available to me by others, I believe the same to be true to the best of my knowledge and belief based on the information that was made available to me.

SIGNED this 18th day of August, 2005.

_____
Sharon Peleg

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was served upon counsel for Plaintiff BIS Advanced Software Systems, Ltd. by e-mail and United States Mail on August 19th, 2005.

Miguel C. Danielson

10