IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 04-11960-RWZ |
| Red Bend Software, Inc., Red Bend Software, Ltd., ICQ, Inc., and InstallShield Software Corp., | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE COURT'S DECISION
REGARDING AMENDMENT OF THE COMPLAINT**

The plaintiff, BIS Advanced Software Systems, Ltd. ("Plaintiff"), submits this memorandum in support of its request that this Court reconsider the portion of the August 30, 2005 Order (#48 on the Court's docket) denying Plaintiff's Motion for Leave to File an Amended Complaint (#33).

In Plaintiff's Motion for Leave to File an Amended Complaint, Plaintiff sought to add as defendants five customers of Defendants Red Bend Software Ltd. and Red Bend Software Inc.: Siemens Communications, Inc., Siemens Information and Communication Mobile LLC, Sony Ericsson Mobile Communications (USA) LLC, America Online, Inc., and Macrovision Corporation (collectively, the "Proposed New Defendants"). The Court denied the motion on the ground that "it is unclear why [the Proposed New Defendants'] presence in the lawsuit is necessary to provide full relief." In this request for reconsideration, Plaintiff clarifies the reasons why its Motion for Leave to File an Amended Complaint should be granted.

Plaintiff asks the Court to bear in mind that in the absence of a reason such as undue delay, bad faith or dilatory motive leave to amend shall be freely given. Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Gaffney v. Silk*, 488 F.2d 1248, 1251 (1st Cir. 1973). Plaintiff's Proposed Amended Complaint states a valid cause of action, and Defendants have not legitimately argued any valid reason for denial. There is no deadline in the scheduling order by which Plaintiff must move for leave to amend its Complaint. Moreover, paper discovery is not yet complete in this case, and depositions have not yet begun. Likewise, expert discovery has not yet begun. Importantly, motions for summary judgment have not yet been filed, and a date for trial has not yet been set. Thus, the addition of these defendants will not impact the discovery schedule, nor delay the trial.

For the reasons that follow, Plaintiff should be allowed to amend its Complaint to add five new defendants.

## I. America Online Inc. Should Be Substituted in Place of Time Warner Inc.

Plaintiff should be allowed to substitute America Online, Inc. as a defendant in this case for the recently dismissed Defendant, Time Warner Inc. Plaintiffs had originally named Defendant Time Warner Inc. Through discovery and communication with counsel for Time Warner, it has become clear that Time Warner Inc. should not have been named, but that a subsidiary of Time Warner, America Online Inc., should have been named instead. Thus, the parties have since stipulated to dismissal of Time Warner. Counsel for Time Warner have agreed to accept service on behalf of America Online Inc. Therefore, Plaintiff should be allowed to amend its Complaint to add America Online, Inc. as a defendant in place of Time Warner.

**II. Macrovision Corporation Should Be Named Because It Acquired InstallShield Corp.**

Second, Plaintiff should be allowed to add Macrovision Corporation as a defendant. Plaintiff originally named InstallShield Software Corporation as a defendant. Notably, Plaintiff charged in its Complaint that Defendant InstallShield Corporation infringed not only through sales of Defendant Red Bend Software's products, but also by sales of another product, InstallShield Update Service. In response to Plaintiff's discovery requests, Defendant InstallShield has responded that "All of the assets and liabilities of InstallShield have been purchased by Macrovision Corporation. Accordingly, InstallShield has no knowledge or information related to this litigation or the Accused Software Products." Additionally, the former Chief Financial Officer of InstallShield Software Corp. has declared that "InstallShield has no documents relative to any software or to the sale of any software to customers." *See* Exhibit A, attached hereto. Accordingly, Plaintiff has moved to compel Defendant InstallShield Corporation to respond to these discovery requests, and the parties are attempting to resolve their disagreements without the Court's intervention. Nevertheless, without Macrovision Corporation as a defendant in this case, it is possible that Plaintiff will not get any discovery from InstallShield Corporation, nor be made whole for the infringing sales of InstallShield Corporation's product, InstallShield Update Service. Therefore, Plaintiff should be allowed to amend its Complaint to add Macrovision Corporation as a defendant.

**III. The Proposed New Defendants Should Be Added to Ensure Satisfaction of Judgment**

Based upon information learned in discovery, Defendants Red Bend Software Ltd. and Red Bend Software Inc. are relatively small companies with limited resources; but their customers' use of the infringing software is extensive and widespread. In these circumstances, it is likely that Defendants Red Bend Software Ltd. and Red Bend Software Inc. will not be able to

satisfy any judgment reached against them in this case. Therefore, Plaintiff should be allowed to amend its Complaint to add all the Proposed New Defendants in order to safeguard Plaintiff's ability to obtain full relief for the direct, contributory, and induced infringement by the existing and the Proposed New Defendants.

**IV. Siemens and Sony Ericsson Should Be Added to Support Assertions of Induced and Contributory Infringement**

Plaintiff should be allowed to add certain other customers of Defendants Red Bend Software Ltd. and Red Bend Software Inc. — namely, Siemens Communications, Inc., Siemens Information and Communication Mobile LLC, and Sony Ericsson Mobile Communications (USA) LLC — in order to prove its assertions of induced and contributory infringement by the Red Bend Defendants. At the time of the filing of the Complaint in this suit, Plaintiff named as defendants certain customers of Defendants Red Bend Software Ltd. and Red Bend Software Inc. as listed on their web site, *e.g.*, ICQ, Inc.[1] After the scheduling conference, Defendants Red Bend Software Ltd. and Red Bend Software Inc. named additional customers on their web site, namely Siemens Mobile and Sony Ericsson Mobile. (*See* Exhibit A to Plaintiff's Motion for Leave to File an Amended Complaint, #33.) Plaintiff included in its original Complaint assertions of induced and contributory infringement. In order to prove these charges against Defendants Red Bend Software Ltd. and Red Bend Software Inc., Plaintiff will need to prove direct infringement. *See C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670,

---

[1] Contrary to Defendants' statement in their Opposition to Plaintiff's Motion to Amend the Complaint (#42), at the scheduling conference on January 27, 2005, Plaintiff did <u>not</u> represent that it would not be adding additional customers as parties. Rather, Plaintiff stated that it was continuing its investigation of the parties, their customers, and the Accused Software Products to determine the proper defendants. Although Plaintiff did agree that naming customers as additional defendants in this case would complicate the case and make it more expensive, Plaintiff specifically stated that it might do so if necessary as additional facts came to light. Such cautious investigation cannot constitute undue delay.

673 (Fed. Cir. 1990). Plaintiff should be allowed to amend its Complaint to add all the Proposed New Defendants in order to prove both direct infringement by the recently named customers and induced and contributory infringement by Defendants Red Bend Software Ltd. and Red Bend Software Inc.

### V. Siemens and Sony Ericsson Should Be Added Because They Are Direct Infringers of Method Claims

Plaintiff should be allowed to assert direct infringement of the method claims of the patent-in-suit against Siemens Communications, Inc., Siemens Information and Communication Mobile LLC, and Sony Ericsson Mobile Communications (USA) LLC. The patent-in-suit contains thirty-five claims, of which nineteen are method claims. Method claims are directly infringed by those who practice the method, *i.e.* the customers of Defendants Red Bend Software Ltd. and Red Bend Software Inc. *See Joy Techs. Inc. v. Flakt Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993); *see also Standard Havens Prods. Inc. v. Gencor Indus. Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991). Method claims are not infringed merely by the sale of a product capable of performing the patented method. *Id.* Thus, the customers' use of the Accused Software Products constitutes direct infringement of these method claims, whereas the sale (or licensing) of the Accused Software Products by Defendants Red Bend Software Ltd. and Red Bend Software Inc. constitutes induced and/or contributory infringement. Therefore, Plaintiff should be allowed to amend its Complaint to add all the Proposed New Defendants in order to recover for the direct infringement of its patented methods by the customers of Defendants Red Bend Software Ltd. and Red Bend Software Inc.

**VI. Amendment of the Complaint Would Not Prejudice Existing Defendants**

In light of the Court's Order granting of leave to amend the scheduling order (#48), no prejudice to the existing Defendants would result from addition of the Proposed New Defendants at this time.

## Conclusion

In view of the above, the presence of the Proposed New Defendants in this lawsuit is necessary to provide full relief to Plaintiff. More particularly, as Plaintiff has not unduly delayed, acted in bad faith or with dilatory motive, and as amendment of the Complaint would not violate the scheduling order, Plaintiff should be freely given leave to amend its Complaint to add five new defendants. Accordingly, Plaintiff respectfully requests that this Court reconsider its denial of Plaintiff's Motion for Leave to File an Amended Complaint, and grant that motion.

Respectfully submitted,

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

/s/ Scott McConchie
Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GREISINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Dated: September 9, 2005
(L466M001)