IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., <br> RED BEND, LTD., <br> TIME WARNER INC., <br> ICQ, INC. <br> INSTALLSHIELD SOFTWARE CORP., <br> and <br> SCANSOFT, INC. <br><br> Defendants. | Civil Action No. 04cv11960 (RWZ) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendants Red Bend Software, Inc., Red Bend, Ltd., ICQ, Inc., and Installshield Software Corp. (collectively "Defendants") submit this brief in Opposition to Plaintiff's Motion For Reconsideration Of The Court's Decision Regarding Amendment Of The Complaint ("Reconsideration Motion"). For the same reasons identified in Defendants' Opposition to Plaintiff's Motion to Amend the Complaint ("Opposition"), Plaintiffs' Reconsideration Motion should be denied. Rather than repeat those arguments here, Defendants attach their original opposition as Exhibit A and incorporate that opposition herein by reference. Defendants further wish to point out certain fundamental flaws in Plaintiff's request that the Court reconsider its earlier, well-grounded decision to deny Plaintiff leave to amend its complaint to add new parties at this late date.

As a preliminary matter, Plaintiff's motion for reconsideration should be denied because it does not even address the standard for reconsideration, much less establish that the standard is

LIBNY/4463108.1

met here. This District has acknowledged the Supreme Court's admonishment that district courts "should be loathe to [reconsider interlocutory orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (*quoting Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (*quoting Arizona v. California,* 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 [1983]). Plaintiff has not, and cannot, identify any such extraordinary circumstances in support of its present request for reconsideration.

Also absent from Plaintiff's memorandum in support of the Reconsideration Motion is any adequate explanation for its delay in seeking to amend its complaint. Certainly Plaintiff's statement in a footnote that it was engaged in "cautious investigation" does not explain the more than five months that passed between the first round of letters that Plaintiff sent to Red Bend's customers (see Opposition, Exhibit A) and the date that Plaintiff first sought leave to amend its complaint. Defendants presume that, before threatening to sue various additional Red Bend customers back in March, Plaintiff had already conducted sufficient investigation to believe that there was a basis for it to proceed. As explained in the attached Opposition, this delay of at least five months is a sufficient ground for denying the motion to amend the complaint to add new parties. *See* Opposition at 6; *see also* L.R. 15.1(A). The fact that the delay remains unexplained is an additional, separate justification for the denial of plaintiff's request. *See Acosta-Mestre v. Hilton Intn'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998).

In further support of its opposition, Defendants note that Plaintiff has now conceded that the existing defendants will be prejudiced if new parties are added to the litigation. Specifically, Plaintiff now admits that addition of the new parties will "complicate the case and make it more

2

expensive." *See* Reconsideration Motion at 4, fn. 1.[1]  Again, this prejudice to existing Defendants was discussed in Defendants Opposition and was a sufficient ground for the Court's denial of Plaintiff's request to add new parties.

Plaintiff further claims that the additional defendants are needed to establish contributory infringement and address certain financial issues.  Yet, neither Plaintiff's assertion of contributory infringement claims nor Plaintiff's speculation about Red Bend's finances provide any basis for adding additional parties.  This is particularly true where, as is pointed out in the attached Opposition, the materials on which Plaintiff relies establish that certain of the proposed parties have not yet incorporated or embedded the Red Bend technology in their products, let alone incorporated it for use in the United States as would be required for any finding of infringement.  *See* Opposition at 12.

Finally, Plaintiff's papers again ignore a critical aspect of Rule 15, that leave to amend shall be freely given only "when justice so requires." Fed. R. Civ. P. 15(a).  Here, justice requires that Plaintiff's request be denied.

WHEREFORE, for the reasons set forth above and in the attached Opposition, Defendants respectfully request that Plaintiffs' Motion For Reconsideration Of The Court's Decision Regarding Amendment Of The Complaint be denied.

---

[1] This assertion is in direct contrast to Plaintiff's original motion, in which Plaintiff's asserted that inclusion of the additional defendants would not result in prejudice to Defendants.  *See* D.I. 33 at ¶¶ 2,4.

3

        **RED BEND SOFTWARE, INC., RED BEND, LTD., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

        /s/ Brenda R. Sharton
        Brenda R. Sharton (BBO # 556909)
        Miguel C. Danielson (BBO # 651288)
        GOODWIN PROCTER LLP
        53 State Street
        Boston, MA 02109
        Tel:  617-570-1000
        Fax:  617-523-1231

        Ethan Horwitz (*pro hac vice*)
        Anastasia Fernands (BBO# 633131)
        GOODWIN PROCTER LLP
        599 Lexington Avenue
        New York, New York 10022
        Tel:  212-813-8800
        Fax:  212-353-3555

Dated:  September 23, 2005