# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

BIS ADVANCED SOFTWARE SYSTEMS, LTD.,

      Plaintiff,

    v.

RED BEND SOFTWARE, INC.,
RED BEND, LTD.,
TIME WARNER INC.,
ICQ, INC.
INSTALLSHIELD SOFTWARE CORP.,
and
SCANSOFT, INC.

      Defendants.

Civil Action No. 04cv11960 (RWZ)

---

## OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Defendants Red Bend Software, Inc., Red Bend, Ltd., ICQ, Inc., and Installshield Software Corp. (collectively "Defendants")[1] submit this brief in Opposition to Plaintiff's Motion for Leave to File An Amended Complaint ("Motion").

Plaintiff's Motion offers no justification for seeking leave to amend to add five new Red Bend customers as defendants, almost a year in to this litigation. As set forth in more detail below, plaintiff has no excuse for this delay – it has long known about the parties. It also has no reasons why adding these parties would assist the action. In fact, at the scheduling conference on January 27, 2005, plaintiff admitted it was aware of other Red Bend customers and represented to the court that it was not going to add any more such customers as parties because such an addition would not assist the case and, rather, would complicate the case and make it more expensive.

---

[1]    Defendants note that BIS has stipulated to the dismissal of defendants Time Warner, Inc. and Scansoft, Inc.

Then, five months ago, after settlement negotiations did not proceed as plaintiff wished, plaintiff started harassing Red Bend customers by sending letters threatening to add them as defendants. *See* Exhibit A.[2] Thus, knowing about these potential defendants since the beginning of the action, representing to this court that it did not wish to add customers to the action, then claiming at least five months ago that it did want to add more customers as defendants, plaintiff has delayed too long.

Plaintiff's Motion also ignores the real and unavoidable prejudice to defendants if five new parties are added at this time. Although plaintiff asserts that there will be no "undue delay" in the proceedings and no prejudice, it is unrealistic at best to suggest that five new defendants could be added to this patent litigation without requiring significantly more expense and delay. Indeed, discovery of these five new parties makes plaintiff's proposed Second Amended Scheduling Order inadequate. It is equally unrealistic to suggest that the addition of five new defendants, which Red Bend must defend, will not result in other prejudice, including a dramatic increase in the cost of the litigation.

Lastly, plaintiff does not even make a showing that some of these parties are proper parties, namely that they made, used or sold alleged infringing products in the United States.

As discussed in more detail below, because plaintiff has unduly delayed in seeking to amend its Complaint to add new parties, because plaintiff has no justification for its delay, and because defendants will be unduly prejudiced by the late addition of five new defendants, plaintiff's motion should be denied.

---

[2]   This is part of a pattern of harassment. Other examples are that BIS filed this action on the eve of a round of financing by Red Bend and filed this motion on the eve of settlement negotiations between the parties.

## BACKGROUND/PROCEDURAL HISTORY

BIS Advanced Software Systems, Ltd. ("BIS") commenced this action on September 9, 2004. In its initial Complaint, BIS alleged that Red Bend Software Inc. and Red Bend, Ltd.[3] (collectively "Red Bend") as well as certain of Red Bend's customers infringe United States Patent No. 6,401,239 (the "'239 patent") by making, using, selling, offering to sell or importing certain computer software developed and distributed by Red Bend. *See generally* Complaint dated September 9, 2004 [D.I. 1].

A Rule 16 initial scheduling conference took place on January 27, 2005. Before the conference, the parties discussed a proposed schedule in detail, later submitting a proposed scheduling order based on those discussions and the court's instructions. *See* D.I. 26. Tellingly, neither the initial proposed scheduling order nor the agreed-upon first Amended Scheduling Order (endorsed by the court on May 11, 2005) included a deadline for amendments to the pleadings or addition of new parties.

The omission was not an oversight. Rather, the question of who are the appropriate parties was discussed during the January 27, 2005 conference with the Court. First, defendants suggested that it was appropriate to dismiss certain defendants in order to simplify and streamline the case.[4]  Second, plaintiff admitted it was aware of other Red Bend customers but represented to the Court that it would not add these parties because they would not aid the case substantively and would merely add to the expense and time to resolution. As a result, the Scheduling Order contained no deadline to add parties because the issue was moot.

---

[3]  Misnamed "Red Bend Software, Ltd." in the Complaint.

[4]  With its Motion for Leave to Amend, BIS also filed a Stipulation of Dismissal as to two entities, including Time Warner.

3

Then – after settlement negotiations broke down – BIS's counsel sent a draft motion to amend its complaint to Red Bend and to its customers. This letter proposed to add Red Bend customers RealNetworks, Inc.; Symbian, Inc.; Macrovision Corporation ("Macrovision"); Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson"); Siemens Information and Communications Mobile LLC ("Siemens Information"); and Siemens Communications Inc. ("Siemens Communications"). *See* Exhibit A (March 3, 2005 letter from Ms. Lhommedieu to Mr. Horwitz, with enclosures).

In these March 3, 2005 letters to each of these Red Bend customers, BIS stated "[w]e intend to file this motion ten business days after the date of this letter [March 17, 2005]." *Id.*. However, BIS did not file the motion to amend in March or at any time during the spring.

Discovery proceeded and on March 4, BIS served its first sets of discovery requests, including document requests, interrogatories, and requests for admissions, on defendants. Defendants Red Bend, Ltd., Red Bend Software, Inc., and ICQ served written responses to plaintiff's discovery requests on April 22, and Installshield served its written responses on April 29. By the end of June, Red Bend had substantially completed its document production, having produced about 100,000 pages[5] of materials, including a CD containing several versions of source code.

On June 29, 2005, more than nine months after commencing this action, and after Red Bend's response to paper discovery was almost complete, BIS sent a new letter to five Red Bend customers, once again informing them that BIS intended to file a motion to amend its Complaint within ten business days of this new letter, namely by July 14, 2005. *See* Exhibit B (June 29, 2005 letter from Ms. Lhommedieu to Ms. Fernands, with enclosures). Four of the five recipients

---

[5]   More than 45,000 pages of documents in addition to multiple versions of source code which, if printed, would total roughly 65,000 pages.

of the June 29 letter, Macrovision, Sony Ericsson, Siemens Information and Siemens Communications, had also received the March 3 letter from BIS. The fifth recipient of the June 29 letter, America Online, Inc. ("AOL") has been identified as a customer on the Red Bend website since before the beginning of this lawsuit.

As in March, BIS did not file its motion to amend ten days after the date of its letter to Red Bend's customers. Instead, BIS waited over a month to file its motion for leave to file an amended complaint.

## ARGUMENT

Plaintiff's Motion should be denied for any number of reasons.

First, plaintiff did not seek to add new parties as soon as it was reasonably aware of them, in violation of Local Rule 15.1(A). L.R. 15.1(A). In fact, plaintiff has been aware of most, if not all, of the additional defendants since before this litigation began and represented to the court that it would not add more Red Bend customers because it would unduly complicate the proceedings. In addition, plaintiff unduly delayed in seeking to amend the complaint, without providing any explanation for the delay, much less an adequate explanation for the delay. *See Acosta-Mestre v. Hilton Intn'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) ("Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'") (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Second, the existing defendants will be prejudiced by the addition of five new parties almost a year after the initial Complaint was filed. *Id.* Red Bend – a small company which must defend its customers – would be put to the expense of gathering documents from some of the largest technology companies in the world from multiple sites in Europe, Asia and America. The

corresponding prejudice to plaintiff by failing to add the parties is non-existent – plaintiff admitted that these parties would add nothing of interest to the case, and would significantly delay resolution.

Finally, plaintiff offers no explanation for why these additional parties are even proper parties and should be added; they are not necessary to full and final resolution of plaintiff's claims. In fact, plaintiff gives no support for the fact that some of the new defendants even make or sell the accused product, let alone do so in the United States.

Rule 15(a) provides that leave shall be freely given only "*when justice so requires*." Fed. R. Civ. P. 15(a) (emphasis added). Here, the Rules, the caselaw and justice all support denial of plaintiff's Motion.

## A.    Plaintiff Did Not Seek Leave To Add New Parties "As Soon As" It Was Aware Of Them And In Fact Delayed Its Motion.

Local Rule 15.1(A) requires that "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." L.R. 15.1(A).

Here, BIS's counsel was aware of at least four of the proposed new defendants since the beginning of the action. AOL has been mentioned on Red Bend's website since at least February of 2004 (several months before the Complaint was filed), and Sony Ericsson, Siemens Information and Siemens Communications, have been listed on the website since at least October of 2004 (shortly after the Complaint was filed). In fact, the addition of Red Bend customers was discussed at the scheduling conference with the Court on January 27, 2005, and plaintiff specifically represented that it was not going to add new parties because, as customers of Red Bend, they would not help the prosecution of the litigation and would increase costs for all.

6

BIS's own correspondence establishes that, not only was BIS aware of the identity of all of these proposed new parties, but five months ago BIS's counsel had already prepared a motion to amend to add four of the five proposed new parties. *See* Exhibit A.

BIS's delay from the beginning of this litigation and its delay in filing the motion from at least March until August violates Local Rule 15.1(A)'s requirement that a party must seek to add any new parties as soon as reasonably aware of those parties. BIS's motion should be denied on this basis alone. *See* L.R. 15.1(A).

In addition, as the First Circuit has noted, both Supreme Court and circuit precedent establish that "especially where allowing the amendment will cause further delay in the proceedings, 'undue delay' in seeking the amendment may be a sufficient basis for denying leave to amend." *Acoste-Mestre*, 156 F.3d at 52. Here, BIS delayed more than eleven months from filing the initial Complaint, and more than five months since they claimed an intention to add additional defendants, before seeking leave to amend. This delay alone is sufficient to deny BIS's motion.

Moreover, when "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" *Acosta-Mestre*, 156 F.3d at 52 (citation omitted). In this case, BIS waited eleven months between filing the Complaint and seeking leave to amend. BIS offers no explanation for this delay, and there is no reason why BIS could not have sought leave to amend more than five months ago. In light of both BIS's lengthy delay and its failure to offer any explanation for the delay, its motion for leave to file an amended complaint should be denied.

7

**B.    Defendants Will Be Unduly Prejudiced By The Addition Of Five New Defendants.**

BIS is also unrealistic to suggest that adding five more parties will not result in prejudice. As discussed in *Acoste-Mestre*, delay in the litigation and added costs may each prejudice the party opposing the amendment. The addition of five new parties will almost certainly delay final resolution and will substantially increase the costs of the litigation. Because "[R]ule 15(a)'s liberal amendment policy seeks to service justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts," BIS's motion should be denied. *See Acoste-Mestre*, 156 F.3d 49, 53.

Currently, this action is between relatively small companies BIS and Red Bend (while Time Warner was originally named, it was recognized as early as the Scheduling Conference that it was not a proper party and would be dismissed, and a stipulation of dismissal has since been filed). Now, Plaintiff's motion is attempting to add some of the largest technology companies in the world with the dramatic additional burden that imposes, but with no additional benefit. In fact, it was for this very reason that plaintiff did not include more Red Bend customers at the beginning of this action and agreed at the Scheduling Conference not to include them.

As this case stands, defendants have completed document discovery – even if plaintiff's motion to compel is granted, it involves only a handful of additional documents that do not add to the substance already produced. *See* Opposition to Plaintiff's Motion to Compel Discovery.

If this motion to add parties is granted, the case would include Siemens Information, Siemens Communications, Sony Ericsson, AOL and Macrovision. AOL is one of the world's largest online service providers with revenues of over 8 billion dollars. See http://www.hoovers.com/america-online/--ID__15558--/free-co-factsheet.xhtml. Siemens Communications is also a large company with Over 60,000 employees in 160 countries and

8

revenues of over 22 billion dollars. See http://www.siemens.com. Siemens Information is a wholly owned subsidiary of Siemens, having itself over 900 employees. Sony Ericsson is a joint venture of Sony and Ericsson with Global management in London, and research and development in Sweden, Japan, China, the US and UK. See http://www.sonyericsson.com/spg.jsp. Macrovision is the smallest of these new defendants with sales of over $182 million per year and over 600 employees. See http://www.hoovers.com/macrovision/--ID__52934--/free-co-factsheet.xhtml.

These are all customers of Red Bend, and Red Bend has the burden of defending these companies if they are added to this litigation. Thus, adding the parties would entail Red Bend attorneys potentially having to gather documents from these large companies. Red Bend would have to interview many employees of these companies about the existence of files and then collect files from multiple locations, including Sweden, Japan, Germany, California, the UK, and Virginia. Red Bend is a small company with limited resources, and to require Red Bend to conduct this additional discovery is unduly burdensome.

Indeed, plaintiff has made it clear that it will insist on a complete production, with no ground given on what is duplicative and/or unduly burdensome. [6] For example, in its motion to compel, plaintiff seeks admittedly duplicative materials from existing defendants and further requests that this court strike defendants' objection to producing exact duplicate copies of documents. Apparently then, where there are emails that were copied to many people, plaintiff wants a copy from each person's inbox regardless of whether the emails are identical in every respect.

---

[6]   If the Court agrees with Red Bend that separate discovery from Red Bend's customers is purely duplicative of discovery of Red Bend, then these Herculean efforts would not be necessary, even if the additional parties were added. However, as discussed below, the very fact that discovery of the proposed additional parties would be

9

In addition, as acknowledged by plaintiff at the scheduling conference, this massive effort will not help advance the case. On the issue of liability, these parties are Red Bend customers and the understanding of how the Red Bend product functions lies more with Red Bend than with its customers.

On the issue of damages, discovery from these parties is equally unhelpful. There are two measures of damages: BIS lost sales or a reasonable royalty. See *Smithkline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1163, 17 USPQ2d 1922, 1924 (Fed. Cir. 1991) (citing *Chisum on Patents:* "A patentee may seek to recover actual damages, usually, the amount of profits actually lost, or if unable to prove actual damages, the patentee is entitled to a reasonable royalty."). BIS is not in competition in telephony with Siemens or Sony Ericsson and not in competition in internet issues with AOL or Macrovision. Thus, there is no issue of sales BIS lost to them.

As to a reasonable royalty, the measure of royalty is in a license to Red Bend and the proposed new parties, as customers of Red Bend, will automatically be licensed. *See, e.g., Intel Corp. v. ULSI Corp.*, 995 F.2d 1566, 1568, 27 USPQ2d 1136, 1138 (Fed. Cir. 1993), *cert. denied*, 510 U.S. 1092 (1994) ("The law is well settled that an authorized sale [by licensee] of a patented product places that product beyond the reach of the patent ... The patent owner's rights with respect to the product end with its sale, ...and a purchaser of such a product may use or resell the product free of the patent...This longstanding principle applies similarly to a sale of a patented product manufactured by a licensee acting within the scope of its license."). Thus, the new proposed parties will not be helpful on the issue of damages.

---

duplicative of discovery of Red Bend also weighs against expansion of the litigation to include these parties – they simply have nothing to add by way of liability or damages.

Further, although in its motion BIS asserts that the amendment will not cause undue delay in the proceedings (Motion, ¶ 2), that assertion is unrealistic. BIS has just proposed a second, revised schedule pursuant to which initial expert reports would be due at the beginning of January and fact discovery would close at the beginning of February. In requesting this four-month extension of the current schedule, BIS explains that, among other things, various holidays will inhibit deposition scheduling during much of the remaining discovery period.

Yet, despite requesting four additional months to complete discovery of existing defendants, BIS asserts that adding five new defendants – each of whom will, at a minimum, have to be served, have to answer the complaint, have to then be served with written discovery, have to respond to written discovery, have to collect documents, and have to be deposed – will not further delay proceedings.

It is not credible to suggest that with five new parties all of these things can be accomplished without significant further delay in the newly proposed schedule. Red Bend is a small company and the pendency of this action is damaging it – a fact plaintiff must have realized when it filed this action to coincide with a round of financing for Red Bend. Red Bend deserves a quick resolution to remove this cloud.

**C.    Addition Of New Defendants Is Unnecessary, If Not Improper**

Tellingly, BIS does not even suggest that justice requires allowance of its Motion. *See generally*, Motion. Equally telling, BIS does not assert that the proposed new defendants are necessary parties or that BIS will in any way be denied complete relief if they are not added. Instead, BIS merely asserts that the proposed new defendants license and use the accused software products. *See* Motion, ¶¶ 3-4.

11

In other words, the sole basis for BIS's attempt to add these additional parties is because they license or use Red Bend's software. BIS can learn what it needs to know about Red Bend's software, and about any licenses to Red Bend's software, from Red Bend. The only thing to be gained from adding Red Bend's customers to the mix is delay and harassment.

In addition, BIS has no basis for claiming that three of the new defendants, Siemens Information, Siemens Communications or Sony Ericsson, are even proper parties, namely that they are using the Red Bend software in the United States. To infringe, a party must make, use or sell in the United States, or import the product in issue into the United States. 35 U.S.C. § 271.

In its three-page motion, BIS relies on Red Bend's website to support the fact that these new defendants are proper parties. Yet this website provides no proof that these proposed new defendants are currently using Red Bend products, let alone in the United States. For example, the Red Bend website states that Siemens Information "**will be incorporating**" Red Bend's technology which "**will allow**" Siemens to decrease costs associated with software repair. *See* Motion, Ex. B. Similarly, the website page states only that Sony Ericsson "**has signed**" an agreement with Red Bend "**to embed**" Red Bend's technology in Sony Ericsson's headsets.

The meaning of the future tense is clear – these parties have not yet incorporated or embedded the Red Bend technology, let alone have they incorporated it **for use in the United States**. Under these circumstances, even if BIS had timely made its request, it would not serve justice to allow it.

12

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion

for Leave to File an Amended Complaint.

**RED BEND SOFTWARE, INC., RED BEND, LTD., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

/s/ Brenda R. Sharton
Brenda R. Sharton (BBO # 556909)
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel: 617-570-1000
Fax: 617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-813-8800
Fax: 212-353-3555

Dated: August 19, 2005

13

# EXHIBIT A

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. GOWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN*
LESLIE J. PAPENNER*
WILLIAM PIEPRZ*
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LEWIN*
WILLIAM R. LYDDANE
WILLIAM S. BOSKWICK*
PAUL A. BRAIER, PH.D.
P. BRANKO PEJIC*
JESSICA H. TRAN*
JOHN PREIA*
HERIBERT F. NUENNSTERER, Ph.D.C*
MING J. KU*
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVSNER*
CLARE W. MARTIN*
OLIVER R. ASHE, JR.
DANIEL R. MOON
HANNO RITTNER
BRIAN C. CARREY*

PAUL T. LEE[1]
JOHN V. MAZZOLA[Q]
CAITLIN LHOMMEDIEU
SARAH L. TOOMEY*
RAJIV K. TAKKOUCHI[Q]
WESLEY NICOLAS[Q]
BENJAMIN F. KUTA*
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.[Q]
CHARLES D. NIEDTLSEI,Ph.D.*

OF COUNSEL:
BRUCE M. STONER, JR.
EDWARD F. KENEHAN, JR.*

TECHNICAL ADVISORS:
TU ANH PHAM, PH.D.
KATRIN VENTER, PH.D.
DONALD SCALTRITO, PH.D.
AKIRA IRIE
THOMAS WEBER, Ph.D.
AZY SOPHIA KOHANI

*ADMITTED TO A BAR
 OTHER THAN VA
[1] EUROPEAN PATENT ATTORNEY
[Q] KOREAN PATENT ATTORNEY
[Q]REGISTERED PATENT AGENT

March 3, 2005

Ethan Horwitz
Goodwin Proctor LLP
599 Lexington Avenue
New York, NY 10022

Re:    BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our
reference no. J333802)

Dear Mr. Horwitz:

Enclosed please find copies of letters sent to the additional parties sought to be added
along with a copy of our client's motion to amend the complaint and the proposed amended
complaint in the above-referenced case.

Very truly yours,

GREENBLUM & BERNSTEIN

Caitlin Lhommedieu

LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE B. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN
LESLIE J. PAPEENKE
WILLIAM PIEPEZ
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LEFEIN
WILLIAM H. LYDDANE
WILLIAM D. DOSENICK
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC
JESSICA K. ITAN
JOHN FRETA
HERBERT F. MUENSTERER, Ph.D.
HONG J. XU
VAN C. ERNEST
LINDA J. HODOR
JOSHUA M. POVSNER
CLARK W. MARTIN
OLIVER R. AXNE, JR.
DANIEL R. MOON
HANNO RITTNER
BRIAN C. CAREY

PAUL T. LEE
JOHN V. MAZZOLA
CAITLIN LEGOMMINEU
SARAH E. TOOMEY
KATHY K. TAKEOUCHI
WESLEY NICOLAS
BENJAMIN P. KOTA
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.
CHARLES A. NIENYLSKI, Ph.D.

OF COUNSEL:
BRUCE R. STONER, JR.
EDWARD F. KEFFEMAN, JR.

TECHNICAL ADVISORS:
TU ANH PHAN, Ph.D.
KATRIN VENTER, Ph.D.
DONALD SCALTRITO, Ph.D.
AKIRA IRIE
THOMAS WEBER, Ph.D.
AZY SOPHIA KOKABI

ADMITTED TO A BAR
OTHER THAN VA
EUROPEAN PATENT ATTORNEY
KOREAN PATENT ATTORNEY
REGISTERED PATENT AGENT

March 3, 2005

Mr. Robert Kimball
Vice President, Legal and Business Affairs,
General Counsel and Corporate Secretary
RealNetworks, Inc.
2601 Elliott Avenue
Suite 1000
Seattle, WA 98121

BY REGISTERED MAIL

Re:    BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our reference no. J333802)

Dear Mr. Kimball:

Enclosed please find a copy of our client's motion to amend the complaint in the above-referenced case and a copy of the proposed amended complaint. We intend to file this motion ten business days after the date of this letter.

Very truly yours,

GREENBLUM & BERNSTEIN

Neil F. Greenblum

NFG/ckl

J333802.L77

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

March 3, 2005

Mr. David Levin
Chief Executive Officer
Symbian, Inc.
Bridge Park Center
390 Bridge Parkway .
Suite 201
Redwood Shores, CA 94065

BY REGISTERED MAIL

Re:   BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our
reference no. J333802)

Dear Mr. Levin:

Enclosed please find a copy of our client's motion to amend the complaint in the above-
referenced case and a copy of the proposed amended complaint. We intend to file this motion
ten business days after the date of this letter.

Very truly yours,
GREENBLUM & BERNSTEIN

Neil F. Greenblum

NFG/ckl

J333802.L77

LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

March 3, 2005

Mr. James Wickett
Executive Vice President of Corporate Development
Macrovision Corporation
2830 De La Cruz Boulevard
Santa Clara, CA 95050

BY REGISTERED MAIL

   Re:   BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our
          reference no. J333802)

Dear Mr. Wickett:

      Enclosed please find a copy of our client's motion to amend the complaint in the above-
referenced case and a copy of the proposed amended complaint. We intend to file this motion
ten business days after the date of this letter.

                                          Very truly yours,
                                          GREENBLUM & BERNSTEIN

                                          Neil F. Greenblum

NFG/ckl

J333802.L77

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

March 3, 2005

Mr. Jan Wareby
Corporate Executive Vice President
Sony Ericsson Mobile Communications (USA) Inc.
7001 Development Drive
Research Triangle Park, NC 27709

BY REGISTERED MAIL

Re:   BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our reference no. J333802)

Dear Mr. Wareby:

Enclosed please find a copy of our client's motion to amend the complaint in the above-referenced case and a copy of the proposed amended complaint. We intend to file this motion ten business days after the date of this letter.

Very truly yours,
GREENBLUM & BERNSTEIN

Neil F. Greenblum

NFG/ckl

J333802.L77

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WRONA
LESLIE J. PAPENKER
WILLIAM PIEPER
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LENKIN
WILLIAM R. LYDDANE
WILLIAM S. BOSENICK
PAUL A. BEAREY, Ph.D.
P. BRANKO PEJIC
JESSICA R. TRAN
JOHN PRETA
BERTRAND P. MCKEYINRIE, Ph.D.
HONG J. XU
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVSNER
CLARK W. MARTIN
OLIVER E. AXEE, JR.
DANIEL R. MOON
HANNU KITTNER
BRIAN C. CAREY

PAUL T. LEE
JOHN V. MAZZOLA
CAITLIN LEOMMEDINU
SARAH S. TOOMEY
KATHY E. JARBOE
WESLEY NICOLAS
BENJAMIN F. KUTA
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.
CHARLES D. NIEBYLSKI,Ph.D.

OF COUNSEL:
BRUCE R. STONER, JR.
EDWARD F. KENEHAN, JR.

TECHNICAL ADVISORS:
TU ANH PHAK, Ph.D.
KATRIN VENTER, Ph.D.
DONALD SCALITRITO, Ph.D.
AKIRA IRIE
THOMAS WEBER, Ph.D.
AZY SOPHIA KORAM

* ADMITTED TO A BAR
  OTHER THAN VA
+ EUROPEAN PATENT ATTORNEY
† KOREAN PATENT ATTORNEY
° REGISTERED PATENT AGENT

March 3, 2005

Mr. Bern Klein

Senior Vice President and General Manager

Siemens Information and Communication Mobile LLC

5000 T-Rex Avenue

Suite 300

Boca Raton, FL 33431

BY REGISTERED MAIL

Re:     BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our reference no. J333802)

Dear Mr. Klein:

Enclosed please find a copy of our client's motion to amend the complaint in the above-referenced case and a copy of the proposed amended complaint. We intend to file this motion ten business days after the date of this letter.

Very truly yours,

GREENBLUM & BERNSTEIN

Neil F. Greenblum

NFG/ckl

J333802.L77

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE B. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WIGMAN
LESLIE J. PAPENFUSS
WILLIAM TUCKER
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LENKIN
WILLIAM K. LYDDANE
WILLIAM S. BOSENICK
PAUL A. HALEER, Ph.D.
P. BRANKO PEJIC
JESSICA H. TRAN
JOHN PENTA
KESSINEY F. MUENSTERER, Ph.D.
HONG S. XU
VAN C. ERNEST
LINDA C. HODGE
JOSHUA M. POTWINER
CLARK W. MARTIN
OLIVER R. ASHE, JR.
DANIEL R. MOON
BRUNO MITTNER
BRIAN C. CAMEY

PAUL T. LEE
JOHN V. MAZZOLA
CAITLIN LYONNKDISU
SARAH S. TOOMEY
KATHY K. YAKHOUCHI
WESLEY NICOLAS
BENJAMIN F. NOTA
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.
CHARLES D. MIENTLSKI, Ph.D.

OF COUNSEL:
BRUCE H. STONER, JR.
EDWARD F. KENEHAN, JR.

TECHNICAL ADVISORS:
TU ANH PHAM, Ph.D.
KATHRIN VENTER, Ph.D.
DONALD SCALFRITO, Ph.D.
AKIRA IRIX
THOMAS WEBER, Ph.D.
AZY SOPHIA KOSARI

*ADMITTED TO A BAR
OTHER THAN VA
* EUROPEAN PATENT ATTORNEY
# KOREAN PATENT ATTORNEY
° REGISTERED PATENT AGENT

March 3, 2005

Mr. Bernt Klein
Senior Vice President and General Manager
Siemens Communications Inc.
900 Broken Sound Parkway
Boca Raton, FL 33487

BY REGISTERED MAIL

 Re:  <u>BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al</u> (our
    reference no. J333802)

Dear Mr. Klein:

  Enclosed please find a copy of our client's motion to amend the complaint in the above-referenced case and a copy of the proposed amended complaint. We intend to file this motion ten business days after the date of this letter.

        Very truly yours,

        GREENBLUM & BERNSTEIN

        Neil F. Greenblum

NFG/ckl

J333802.L77

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) | |
| ) | |
| Plaintiff, . ) | |
| ) | |
| v. ) | Civil Action No. 04-11960-RWZ |
| ) | |
| Red Bend Software, Inc., ) | |
| Red Bend Software, Ltd., ) | |
| Time Warner Inc., ) | |
| ICQ, Inc., ) | |
| InstallShield Software Corp., ) | |
| and ) | **JURY TRIAL DEMANDED** |
| ScanSoft, Inc., ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter "Plaintiff") requests
leave of this Court to file an Amended Complaint against Defendants Red Bend
Software, Inc., Red Bend Software, Ltd., Time Warner, Inc., ICQ, Inc., InstallShield
Software Corp., and ScanSoft, Inc., amending the Complaint to add five Defendants.

Leave to amend a pleading shall be "freely given when justice so requires."
Federal Rule of Civil Procedure 15(a). In this case, there is no substantial reason, such as
undue prejudice to the non-moving party or futility, that would preclude amendment of
the complaint. Plaintiff's Motion for Leave to File an Amended Complaint should be
granted because: (1) the Defendants would not be unduly prejudiced; (2) the proposed
amendment states a viable cause of action; (3) there would be no undue delay in the
proceedings; and (4) Plaintiff has not acted in bad faith.

Plaintiff certifies that it has satisfied its obligations under L.R.15.1(b) with respect

to the relief sought herein.

WHEREFORE, Plaintiff respectfully requests that this Court grant its Motion for

Leave to File an Amended Complaint.

March _____, 2005


_____
GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe
176 Federal Street
Boston, Massachusetts 02110-2214
(703) 617-542-9900


_____
GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff
BIS Advanced Software Systems, Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BIS Advanced Software Systems, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11960-RWZ |
| | ) | |
| Red Bend Software, Inc., | ) | |
| Red Bend Software, Ltd., | ) | |
| Time Warner Inc., | ) | |
| ICQ, Inc., | ) | |
| InstallShield Software Corp., | ) | **JURY TRIAL DEMANDED** |
| ScanSoft, Inc., | ) | |
| Siemens Communications Inc., | ) | |
| Siemens Information and Communication | ) | |
| Mobile LLC, | ) | |
| Sony Ericsson Mobile Communications | ) | |
| (USA) LLC, | ) | |
| RealNetworks, Inc., | ) | |
| Symbian, Inc., and | ) | |
| Macrovision Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FIRST AMENDED COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. by and through its attorneys, hereby

demands a jury trial and alleges, upon information and belief, for its Complaint against

Defendants Red Bend Software, Inc., Red Bend Software, Ltd., Time Warner, Inc., ICQ, Inc.,

InstallShield Software Corp., ScanSoft, Inc., Siemens Communications Inc., Siemens

Information and Communication Mobile LLC, Siemens Information and Communication

Mobile Inc., Sony Ericsson Mobile Communications (USA) Inc., RealNetworks, Inc.,

Symbian, Inc. and Macrovision Corporation as follows:

## THE PARTIES

1.      Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter, "Plaintiff BIS") is an Israeli company, with its principal place of business at 35 Montefiore Street, Tel Aviv, 65201 Israel.

2.      Plaintiff BIS is the assignee of U.S. Patent No. 6,401,239 (hereinafter, "the '239 Patent"), a true and correct copy of which is attached with the Certificate of Correction as Exhibit A.

3.      Defendant Red Bend Software, Inc. is organized and existing under the laws of the State of California, with its principal place of business at 175 Crossing Blvd., Suite 320, Framingham, Massachusetts 01702.

4.      Defendant Red Bend Software, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

5.      Defendant Time Warner, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 75 Rockefeller Plaza, New York, New York 10019.

6.      Defendant ICQ, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. Upon information and belief, ICQ, Inc. is a wholly owned subsidiary of Time Warner, Inc.

7.      Defendant InstallShield Software Technologies, Inc. is organized and existing under the laws of the State of Illinois, with its principal place of business at 900 National Parkway, Suite 125, Schaumberg, Illinois 60173.

2

8.    Defendant ScanSoft, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 9 Centennial Drive, Peabody, Massachusetts 01960.

9.    Defendant Siemens Communications Inc., is organized and existing under the laws of the State of Delaware, with its principal place of business at 900 Broken Sound Parkway Boca Raton, FL 33487.

10.    Defendant Siemens Information and Communication Mobile LLC,. is organized and existing under the laws of the State of Delaware, with its principal place of business at 5000 T-Rex Avenue, Suite 300 Boca Raton, FL 33431.

11.    Defendant Sony Ericsson Mobile Communications (USA) Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 7001 Development Drive P.O. Box 13969 Research Triangle Park, NC 27709.

12.    Defendant RealNetworks, Inc. is organized and existing under the laws of the State of Washington, with its principal place of business at P.O. Box 91123 Seattle, WA 98111-9223.

13.    Defendant Symbian, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at Bridge Park Center 390 Bridge Parkway Suite 201, Redwood Shores, CA 94065.

14.    Defendant Macrovision Corporation is organized and existing under the laws of the State of Delaware, with its principal place of business at 2830 De La Cruz Boulevard Santa Clara, CA 95050.

3

## JURISDICTION AND VENUE

15.     Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1338.

16.     This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Inc. by virtue of the fact that it is headquartered in the State of Massachusetts, thereby availing itself of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

17.     This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Ltd. by virtue of the facts that it is related to Red Bend Software, Inc. and that it placed infringing software in the stream of commerce, through its U.S. Massachusetts facility, thereby availing itself of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

18.     This Court can properly exercise personal jurisdiction over Defendants Time Warner, Inc. and ICQ, Inc. by virtue of the fact that, upon information and belief, they have used infringing computer software to download updates to their customers in the District of Massachusetts, including, but not limited to, software under the brand names "vCurrent" and/or "vBuild for InstallShield" thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

19.     This Court can properly exercise personal jurisdiction over Defendant InstallShield Software Corp. by virtue of the fact that, upon information and belief, they have offered for sale and/or sold infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for

4

InstallShield," and/or "InstallShield Update Service," thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

20.    This Court can properly exercise personal jurisdiction over Defendant ScanSoft, Inc. by virtue of the fact that they are headquartered in the State of Massachusetts, thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof, and by virtue of the fact that, upon information and belief, they have used infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand name "InstallShield Update Service."

21.    This Court can properly exercise personal jurisdiction over Defendant Siemens Communication, Inc., by virtue of the fact that, upon information and belief, they have offered for sale and/or sold mobile handsets which incorporate infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand names "vCurrent," and/or "vBuild," thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

22.    This Court can properly exercise personal jurisdiction over Defendant Siemens Information and Communication Mobile LLC., by virtue of the fact that, upon information and belief, they have offered for sale and/or sold mobile handsets which incorporate infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand names "vCurrent," and/or "vBuild," thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

23.    This Court can properly exercise personal jurisdiction over Defendant Sony Ericsson Mobile Communications (USA) Inc., by virtue of the fact that, upon information

5

and belief, they have offered for sale and/or sold mobile handsets which incorporate infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand names "vCurrent," and/or "vBuild," thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

24.     This Court can properly exercise personal jurisdiction over Defendant RealNetworks, Inc., by virtue of the fact that, upon information and belief, they have used infringing computer software to download updates to their customers in the state of Massachusetts, including, but not limited to, software under the brand names "vCurrent" and/or "vBuild" thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

25.     This Court can properly exercise personal jurisdiction over Defendant Symbian, Inc. by virtue of the fact that, upon information and belief, they have made, and/or made available the infringing computer software to download updates to their customers in the state of Massachusetts, including, but not limited to, software under the brand names "vCurrent" and/or "vBuild" thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

26.     This Court can properly exercise personal jurisdiction over Defendant Macrovision Corporation by virtue of the fact that, upon information and belief, they have offered for sale, sold and/or made available the infringing computer software in the State of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for InstallShield," and/or "InstallShield Update Service," thereby availing themselves of the laws of the State of Massachusetts and deriving the protections and benefits thereof.

6

27. Venue for the present action properly lies in this District pursuant to 28 U.S.C. §§ 1391(a) and (b).

## THE PATENT-IN-SUIT

28. The '239 Patent, entitled "System and method for quick downloading of electronic files," was duly and legally issued on June 4, 2002.

29. The '239 Patent is properly assigned to Plaintiff BIS.

## BACKGROUND

30. On or about March 22, 1999, Plaintiff BIS filed a patent application which ultimately matured into the '239 Patent.

31. The '239 Patent refers generally a system and method for improved transfer of electronic files.

32. In letters dated January 30, 2002, Plaintiff BIS notified Defendants Red Bend, Ltd. and InstallShield Software Corp. that certain computer software that they each manufactured, used, or sold infringed the '239 Patent.

33. On more than one occasion since January 30, 2002, Plaintiff BIS has notified Defendants Red Bend, Ltd. and InstallShield Software Corp. of the continuing infringement by the computer software that they manufactured, used, or sold.

## COUNT 1 — PATENT INFRINGEMENT

34. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 22 above, as if fully set forth herein.

7

35.     Defendants Red Bend Software, Inc., Red Bend Software, Ltd., Time Warner, Inc., ICQ, Inc., InstallShield Software Corp., ScanSoft, Inc., Siemens Communication Inc., Siemens Information and Communication Mobile LLC, Sony Ericsson Mobile Communications (USA) Inc., RealNetworks, Inc., Symbian, Inc. and Macrovision Corporation (hereinafter, collectively, the "Defendants") have made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

36.     Defendants continue to manufacture, use, offer for sale, and/or sell within the United States and/or import into the United States computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

37.     Defendants have and continue to induce and/or engage in contributory infringement by marketing, selling, distributing and servicing computer software within the United States incorporating the technology claimed by the '239 Patent without Plaintiff's authorization.

38.     The aforementioned acts by Defendants, including making, using, selling, offering for sale, importing, distributing, maintaining and/or servicing computer software, infringe and/or have infringed the '239 Patent pursuant to at least Title 35 U.S.C. § 271(a), (b) and/or (c).

39.     Defendants do not have a license to make, use, sell, offer for sale or import computer software which incorporates the technology covered by the '239 Patent.

40.     Defendants' infringement of the '239 Patent has been, and continues to be, willful.

8

PRAYER FOR RELIEF

WHEREFORE, Plaintiff BIS seeks a judgment against Defendants as follows:

a.  Declaring that Defendants have infringed the '239 Patent;

b.  Declaring that Defendants have induced infringement and engaged in contributory infringement of the '239 Patent;

c.  Awarding Plaintiff BIS damages for Defendants' infringement of the '239 Patent;

d.  Declaring that Defendants' infringement of the '239 Patent is and has been willful;

e.  Awarding Plaintiff BIS treble damages and attorneys' fees for Defendants' willful infringement of the '239 Patent;

f.  Enjoining Defendants from infringing the '239 Patent in the future, where appropriate;

g.  Declaring that the case is exceptional pursuant to 35 U.S.C. § 285; and

h.  Awarding Plaintiff BIS such other and further relief as the Court may deem just and proper.

March _____, 2005


GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe
176 Federal Street
Boston, Massachusetts 02110-2214
(703) 617-542-9900


GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
1950 Roland Clarke Place

9

Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff
BIS Advanced Software Systems, Ltd.

NFG/CKL/cdb
(J333802.C02)

10

# EXHIBIT B

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE B. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEINMAN
LESLIE J. PAPERTER
WILLIAM PIEPEZ
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LENKIN
WILLIAM E. LYDDANE
WILLIAM E. BORENICK
PAUL A. BRALEK, PhD.
P. BRANKO FEJIC
JOHN PRETA
ETRIBNY F. MUKHSTIERR, Ph.D.
HONG J. KU
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVSNER
CLARK W. MARTIN
OLIVER R. ASHE, JR.
DANIEL B. MOON
MANNO RITTNEN
BRIAN C. CANNY
PAUL T. LEE
JOHN V. MAZZOLA

CAITLIN LHOMMEDIEU
SARAH S. TOOMEY
RAYNY K. TAKEGUCHI
WESLEY NICOLAS
BENJAMIN P. KOYA
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.
CHARLES D. MIERVISKI,Ph.D.
JAMES M. McALLENAN

OF COUNSEL:
BRUCE H. STONER, JR
EDWARD F. KENEHAN, JR.
ANDREW M. CALDERON

TECHNICAL ADVISORS:
YU ANH PHAN, Ph.D.
RAYMIN VENTER, Ph.D.
DONALD SCALTRITO, Ph.D.
AKIRA IKIN
THOMAS WEINER, Ph.D.
AZY SOPHIA SURASH

ADMITTED TO A BAR
OTHER THAN VA
EUROPEAN PATENT ATTORNEY
KOREAN PATENT ATTORNEY
REGISTERED PATENT AGENT

June 29, 2005

Anastasia Fernands
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

BY CERTIFIED MAIL

Re:     BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our
        reference no. J333802)

Dear Anastasia,

Enclosed please find a revised copy of our client's Motion to Amend the Complaint in
the above-referenced case and a copy of the proposed Amended Complaint. We intend to file this
motion ten business days after the date of this letter.

Very truly yours,
GREENBLUM & BERNSTEIN

Caitlin Lhommedieu

CKL/as
J333802.L78

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLING
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEINMAN
LESLIE J. PAPENBER
WILLIAM PIERRE
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LENKIN
WILLIAM Y. LYDDANE
WILLIAM S. ROSHNICK
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC
JOHN PRETA
HERBERT F. MUENZERER, Ph.D.
HONG J. XU
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVSNER
CLARK W. MARTIN
OLIVER E. ASHE, JR.
DANIEL R. MOON
RANNO RITTNER
BRIAN C. CASEY
PAUL T. LEE
JOHN V. MAZZOLA

CAITLIN LHOMMEDIEU
SARAH S. TOOMEY
KATHY K. TAKEOUCHI
WESLEY NICOLAS
BENJAMIN P. KOTA
EVAN RAFFERTY
JAMES KENNETH MOORE, JR.
CHARLES D. WIERTLAKI, Ph.D.
JAMES N. McALEENAN

OF COUNSEL:
BRUCE H. STONER, JR.
EDWARD F. KENEHAN, JR.
ANDREW M. CALDERON

TECHNICAL ADVISORS:
YU ANN PEAR, Ph.D.
KATRIN VENTER, Ph.D.
DONALD MCALISTO, Ph.D.
AKIRA IRIE
THOMAS WEBER, Ph.D.
ARY SOPHIA KORABI

ADMITTED TO A BAR
   OTHER THAN VA
EUROPEAN PATENT ATTORNEY
KOREAN PATENT ATTORNEY
REGISTERED PATENT AGENT

June 29, 2005

Mr. James Wickett
Executive Vice President of Corporate Development
Macrovision Corporation
2830 De La Cruz Boulevard
Santa Clara, CA 95050

BY CERTIFIED MAIL

    Re:    BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al
          (our reference no. J333802)

Dear Mr. Wickett,

    Enclosed please find a revised copy of our client's Motion to Amend the Complaint in the above-referenced case and a copy of the proposed Amended Complaint. We intend to file this motion ten business days after the date of this letter..

                        Very truly yours,
                        GREENBLUM & BERNSTEIN

                        Caitlin Lhommedieu

CKL/as

J333802.L78

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. NOWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEGMAN
LESLIE J. PAPERNER
WILLIAM FISTER
STEPHEN M. ROYLANCE
ROBERT W. KOELLER
JILL M. BROWNING
ALAN M. LENKIN
WILLIAM H. LTDDANE
WILLIAM S. BOSSWICK
PAUL A. BRAIER, Ph.D.
P. BRANKO FRJIC
JOHN FREIA
HERBERT F. MUENSTERER, Ph.D.
HONG J. XU
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVENEX
CLARK W. MARTIN
OLIVER E. ASHE, JR.
DANIEL S. MOCK
HANNO RITTNER
BRIAN C. CAREY
PAUL T. LEE
JOHN V. MAZZOLA

CAITLIN LHOMMEDIEU
SARAH S. TOOMEY
KATHY K. TAKEUCHI
WESLEY NICOLAS
BENJAMIN P. ROIA
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.
CHARLES D. MIERTLSKI, Ph.D.
JAMES M. McALEENAN

OF COUNSEL:
BRUCE H. STONER, JR.
EDWARD F. KENEHAN, JR.
ANDREW N. CALDERON

TECHNICAL ADVISORS:
TU ANH PHAN, Ph.D.
KATHY VENTER, Ph.D.
DONALD SCALTRITO, Ph.D.
AKIRA IHLE
THOMAS WEDER, Ph.D.
ALT SOPHIA KUKABI

ADMITTED TO A BAR
OTHER THAN VA
EUROPEAN PATENT ATTORNEY
KOREAN PATENT ATTORNEY
REGISTERED PATENT AGENT

June 29, 2005

Mr. Jan Wareby
Corporate Executive Vice President
Sony Ericsson Mobile Communications (USA) Inc.
7001 Development Drive
Research Triangle Park, NC 27709

BY CERTIFIED MAIL

Re:    BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al
(our reference no. J333802)

Dear Mr. Wareby:

Enclosed please find a revised copy of our client's Motion to Amend the Complaint in the above-referenced case and a copy of the proposed Amended Complaint. We intend to file this motion ten business days after the date of this letter..

Very truly yours,
GREENBLUM & BERNSTEIN

Caitlin Lhommedieu

CKL/as

J323802.L78

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

June 29, 2005

Mr. Bernt Klein
Senior Vice President and General Manager
Siemens Information and Communication Mobile LLC
5000 T-Rex Avenue
Suite 300
Boca Raton, FL 33431

BY CERTIFIED MAIL

Re:  BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al
(our reference no. J333802)

Dear Mr. Klein:

Enclosed please find a revised copy of our client's Motion to Amend the
Complaint in the above-referenced case and a copy of the proposed Amended Complaint. We
intend to file this motion ten business days after the date of this letter.

Very truly yours,
GREENBLUM & BERNSTEIN

Caitlin Lhommedieu

CKL/as

J333802.L78

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. HOWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEIMAN*
LESLIE J. PAPENFUS*
WILLIAM FISHER*
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL H. BROWNING
ALAN M. LEWIN*
WILLIAM E. LYDDANE
WILLIAM R. ROSENICK*
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC*
JOHN PREIL
HERBERT F. MUENSTERER, Ph.D.Q
HONG J. XU*
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVSNER*
CLARK W. MARTIN*
OLIVER R. ASHE, JR.
DANIEL D. MOON
HANNO KITTNER
BRIAN C. CAREY*
PAUL T. LEE*
JOHN V. MAZZOLA Q

CAITLIN LHOMMEDIEU
SARAH S. TOOMEY
KATHY A. TARROCCHI Q
WESLEY NICOLAS Q
BENJAMIN F. KOLA*
EVAN RAFFERTY
JAMES KENNETH MOORE, JR.Q
CHARLES D. NIEBYLSKI,Ph.D.
JAMES M. McLENNAN*

OF COUNSEL:
BRUCE H. STONER, JR.
EDWARD F. KENEHAN, JR.*
ANDREW M. CALDERON

TECHNICAL ADVISORS:
TU ANH PHAM, Ph.D.
KATRIN VENTER, Ph.D.
DONALD SCALTRITO, Ph.D.
AKINA IRIE
THOMAS WERNER, Ph.D.
AZY SOPHIA KOLASI

'ADMITTED TO A BAR
OTHER THAN VA
* EUROPEAN PATENT ATTORNEY
' KOREAN PATENT ATTORNEY
Q REGISTERED PATENT AGENT

June 29, 2005

Mr. George Nolen
President and CEO
Siemens Communications Inc.
900 Broken Sound Parkway
Boca Raton FL 33487

BY CERTIFIED MAIL

Re:    BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al
       (our reference no. J333802)

Dear Mr. Nolen,

Enclosed please find a revised copy of our client's Motion to Amend the Complaint in the above-referenced case and a copy of the proposed Amended Complaint. We intend to file this motion ten business days after the date of this letter..

Very truly yours,
GREENBLUM & BERNSTEIN

Caitlin Lhommedieu

CKL/as

J333802.1.78

LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS

1950 ROLAND CLARKE PLACE

RESTON, VA 20191-1411

TEL: (703) 716-1191

FAX: (703) 716-1180

EMAIL: gbpatent@gbpatent.com

www.gbpatent.com

NEIL F. GREENBLUM
BRUCE M. BERNSTEIN
JAMES L. HOWLAND
ARNOLD TURK
MICHAEL J. FINK
STEVEN WEIMAN*
LESLIE J. PAPENNER*
WILLIAM PIEPEZ*
STEPHEN M. ROYLANCE
ROBERT W. MUELLER
JILL M. BROWNING
ALAN M. LEWIN*
WILLIAM E. LYDDANE
WILLIAM S. HOSHNICK*
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC*
JOHN PREZA*
HERBERT F. KUENSTERR, Ph.D.*
BONG J. XU*
VAN C. ERNEST
LINDA J. HODGE
JOSHUA M. POVSNER*
CLARK W. MARTIN*
OLIVER E. ARNE, JR.
DANIEL R. MOON
HANNO RITTNER
BRIAN C. CAREY*
PAUL Y. LEE*
JOHN V. MAZZOLA °

CAITLIN LHOMMEDIEU
SARAE S. TOOMEY*
KATHY R. TAKEUCHI °
WESLEY NICOLAS °
BENJAMIN F. KOTA*
RYAN RAFFERTY
JAMES KENNETH MOORE, JR.°
CHARLES D. MIZELYILSI, Ph.D.*
JAMES M. McALEENAN*

OF COUNSEL:
BRUCE D. STONER, JR.
HOWARD F. KRIEGER, JR.*
ANDREW M. CALDERON

TECHNICAL ADVISORS:
TU ANH PHAN, Ph.D.
KATRIN VENTER, Ph.D.
DONALD SCALTRITO, Ph.D.
AKINA IRIE
THOMAS WEINER, Ph.D.
AZY SOFFLA KORABI

————
*ADMITTED TO A BAR
  OTHER THAN VA
*EUROPEAN PATENT ATTORNEY
*KOREAN PATENT ATTORNEY
°REGISTERED PATENT AGENT

June 29, 2005

Mr. Randall Boe
Executive Vice President and General Counsel
America Online, Inc.
22000 AOL Way
Dulles, VA  20166
(703) 265-1000

BY CERTIFIED MAIL

Re:    BIS Advanced Software Systems, Ltd. v. Red Bend Software, Inc., et al (our
reference no. J333802)

Dear Mr. Boe,

Enclosed please find a revised copy of our client's Motion to Amend the Complaint in the above-referenced case and a copy of the proposed Amended Complaint. We intend to file this motion ten business days after the date of this letter.

Very truly yours,

GREENBLUM & BERNSTEIN

Caitlin Lhommedieu

CKL/as

J333802.L78

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BIS Advanced Software Systems, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11960-RWZ |
| | ) | |
| Red Bend Software, Inc., | ) | |
| Red Bend Software, Ltd., | ) | |
| Time Warner Inc., | ) | |
| ICQ, Inc., | ) | |
| InstallShield Software Corp., | ) | |
| and | ) | |
| ScanSoft, Inc., | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter "Plaintiff") requests

leave of this Court to file an Amended Complaint to add five defendants: Siemens

Communications, Inc., Siemens Information and Communication Mobile LLC, Sony

Ericsson Mobile Communications (USA) LLC, America Online, Inc., and Macrovision

Corporation (collectively, the "Proposed New Defendants")[1] and to drop one Defendant,

Time Warner, Inc., without prejudice (which will be accomplished with a stipulation of

dismissal pursuant to Rule 41).

---

[1]    Additionally, Plaintiff is considering whether to seek leave to amend the Complaint to add two other proposed new defendants, namely, RealNetworks, Inc. and Symbian, Inc. Plaintiff does not seek this amendment at this time because it is corresponding with these corporations in an effort to resolve this dispute without the Court's intervention. Plaintiff, though, brings this fact to the Court's attention in anticipation of the possibility that Plaintiff might later seek a second amendment of the Complaint.

Leave to amend a pleading shall be "freely given when justice so requires." Fed. R.

Civ. P. 15(a). Regarding Rule 15(a), the Supreme Court has stated: "this mandate is to be

heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a
> proper subject of relief, he ought to be afforded an opportunity to test his
> claim on the merits. In the absence of any apparent or declared reason - such
> as undue delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments previously allowed,
> undue prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc. — the leave sought should, as the
> rules require, be "freely given."

*Id.; accord United States v. Hougham*, 364 U.S. 310, 316 (1960); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 158 (1964).

The First Circuit has likewise stated that leave to amend should be "freely given," and

that it may be an abuse of discretion to deny an amendment which states a valid cause of

action. *Gaffney v. Silk*, 488 F.2d 1248, 1251 (1st Cir. 1973).

In this case, there is no substantial reason, such as undue prejudice to the non-moving

party or futility, that would preclude amendment of the complaint. Plaintiff's Motion for

Leave to File an Amended Complaint should be granted because: (1) neither the existing

Defendants nor the Proposed New Defendants would be unduly prejudiced; (2) the proposed

amendment states a viable cause of action; (3) there would be no undue delay in the

proceedings; and (4) Plaintiff has not acted in bad faith.

Upon information and belief, the Proposed New Defendants license from the

Defendants Red Bend, and use the accused software products in services or products which

each then offers to its respective customers and prospects, and thus infringe the patent-in-suit

*See* Exhibit A (printout of Defendants' Red Bend Ltd. and Red Bend Software, Inc.'s

customers/partners web page, *at* http://www.redbend.com/partners/ (May 19, 2005)).

2

The parties are now conducting written discovery and have not yet begun depositions. Therefore, Plaintiff now seeks to add the Proposed New Defendants to the present suit. Plaintiff's motion to amend the complaint should be granted because such amendment would not result in prejudice to the existing nor the Proposed New Defendants, or undue delay.

The proposed Amended Complaint is submitted herewith.

Counsel for the defendants have indicated that they do not oppose the dismissal without prejudice of Time Warner Inc. but they otherwise oppose this motion.

3

WHEREFORE, Plaintiff respectfully requests that this Court grant its Motion for Leave to

File an Amended Complaint.

June 29, 2005

BIS Advanced Software Systems, Ltd.,

By its Attorneys

GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe (BBO #556583)
176 Federal Street
Boston, Massachusetts 02110-2214
(703) 617-542-9900

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Admitted pro hac vice

4

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., )<br><br>Plaintiff, )<br><br>v. )<br><br>Red Bend Software, Inc., )<br>Red Bend Software, Ltd., )<br>ICQ, Inc., )<br>InstallShield Software Corp., )<br>ScanSoft, Inc., )<br>Siemens Communications Inc., )<br>Siemens Information and Communication )<br>Mobile LLC, )<br>Sony Ericsson Mobile Communications )<br>(USA) LLC, and )<br>America Online, Inc., )<br>Macrovision Corporation, )<br><br>Defendants. ) | Civil Action No. 04-11960-RWZ<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff BIS Advanced Software Systems, Ltd. by and through its attorneys, hereby
demands a jury trial and alleges, upon information and belief, for its Complaint against
Defendants Red Bend Software, Inc., Red Bend Software, Ltd., ICQ, Inc., InstallShield Software
Corp., ScanSoft, Inc., Siemens Communications Inc., Siemens Information and Communication
Mobile LLC, Sony Ericsson Mobile Communications (USA) Inc., America Online, Inc. and
Macrovision Corporation as follows:

## THE PARTIES

1.    Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter, "Plaintiff") is an Israeli company, with its principal place of business at 35 Montefiore Street, Tel Aviv, 65201 Israel.

2.    Plaintiff is the assignee of U.S. Patent No. 6,401,239 (hereinafter, "the '239 Patent"), a true and correct copy of which is attached with the Certificate of Correction as Exhibit A.

3.    Defendant Red Bend Software, Inc. is organized and existing under the laws of the Commonwealth of California, with its principal place of business at 175 Crossing Blvd., Suite 320, Framingham, Massachusetts 01702.

4.    Defendant Red Bend Software, Ltd. is an Israeli company, with its principal place of business at 11 Amal Street, Afek Industrial Park, Rosh Ha'ayin, 48092 Israel.

5.    Defendant ICQ, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. Upon information and belief, ICQ, Inc. is a wholly owned subsidiary of Time Warner, Inc.

6.    Defendant InstallShield Software Technologies, Inc. is organized and existing under the laws of the Commonwealth of Illinois, with its principal place of business at 900 National Parkway, Suite 125, Schaumberg, Illinois 60173.

7.    Defendant ScanSoft, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 9 Centennial Drive, Peabody, Massachusetts 01960.

2

8.      Defendant Siemens Communications Inc., is organized and existing under the laws of the State of Delaware, with its principal place of business at 900 Broken Sound Parkway Boca Raton, FL 33487.

9.      Defendant Siemens Information and Communication Mobile LLC,. is organized and existing under the laws of the State of Delaware, with its principal place of business at 5000 T-Rex Avenue, Suite 300 Boca Raton, FL 33431.

10.     Defendant Sony Ericsson Mobile Communications (USA) Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 7001 Development Drive P.O. Box 13969 Research Triangle Park, NC 27709.

11.     Defendant America Online, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business at 22000 AOL Way, Dulles, VA 20166.

12.     Defendant Macrovision Corporation is organized and existing under the laws of the State of Delaware, with its principal place of business at 2830 De La Cruz Boulevard Santa Clara, CA 95050.

## JURISDICTION AND VENUE

13.     Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1338.

14.     This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Inc. by virtue of the fact that it is headquartered in the Commonwealth of Massachusetts, thereby availing itself of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

3

15.     This Court can properly exercise personal jurisdiction over Defendant Red Bend Software, Ltd. by virtue of the facts that it is related to Red Bend Software, Inc. and that it placed infringing software in the stream of commerce, through its U.S. Massachusetts facility, thereby availing itself of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

16.     This Court can properly exercise personal jurisdiction over Defendants America Online, Inc. and ICQ, Inc. by virtue of the fact that, upon information and belief, they have used infringing computer software to download updates to their customers in the District of Massachusetts, including, but not limited to, software under the brand names "vCurrent" and/or "vBuild for InstallShield" thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

17.     This Court can properly exercise personal jurisdiction over Defendant InstallShield Software Corp. by virtue of the fact that, upon information and belief, it has offered for sale and/or sold infringing computer software in the Commonwealth of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for InstallShield," and/or "InstallShield Update Service," thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

18.     This Court can properly exercise personal jurisdiction over Defendant ScanSoft, Inc. by virtue of the fact that they are headquartered in the Commonwealth of Massachusetts, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof, and by virtue of the fact that, upon information and belief, they

4

have used infringing computer software in the Commonwealth of Massachusetts, including, but not limited to, software under the brand name "InstallShield Update Service."

19.    This Court can properly exercise personal jurisdiction over Defendant Siemens Communication, Inc., by virtue of the fact that they are registered to do business in the Commonwealth of Massachusetts, and upon information and belief, they contract to supply mobile telephones in this commonwealth, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

20.    This Court can properly exercise personal jurisdiction over Defendant Siemens Information and Communication Mobile LLC., by virtue of the fact that they are registered to do business in the Commonwealth of Massachusetts, and upon information and belief, they contract to supply mobile telephones in this commonwealth, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

21.    This Court can properly exercise personal jurisdiction over Defendant Sony Ericsson Mobile Communications (USA) Inc., by virtue of the fact that, upon information and belief, they contract to supply mobile telephones in this commonwealth, thereby availing themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

22.    This Court can properly exercise personal jurisdiction over Defendant Macrovision Corporation by virtue of the fact that, upon information and belief, they have offered for sale, sold and/or made available the infringing computer software in the Commonwealth of Massachusetts, including, but not limited to, software under the brand names "vCurrent," "vBuild for InstallShield," and/or "InstallShield Update Service," thereby availing

5

themselves of the laws of the Commonwealth of Massachusetts and deriving the protections and benefits thereof.

23. Venue for the present action properly lies in this District pursuant to 28 U.S.C. §§ 1391(a) and (b).

## THE PATENT-IN-SUIT

24.    The '239 Patent, entitled "System and method for quick downloading of electronic files," was duly and legally issued on June 4, 2002.

25.    The '239 Patent is properly assigned to Plaintiff.

## BACKGROUND

26.    On or about March 22, 1999, Plaintiff filed a patent application which ultimately matured into the '239 Patent.

27.    The '239 Patent refers generally a system and method for improved transfer of electronic files.

28.    In letters dated January 30, 2002, Plaintiff notified Defendants Red Bend, Ltd. and InstallShield Software Corp. that certain computer software that they each manufactured, used, or sold infringed the '239 Patent.

29.    On more than one occasion since January 30, 2002, Plaintiff has notified Defendants Red Bend, Ltd. and InstallShield Software Corp. of the continuing infringement by the computer software that they manufactured, used, or sold.

6

## COUNT 1 — PATENT INFRINGEMENT

30.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 29 above, as if fully set forth herein.

31.    Defendants Red Bend Software, Inc., Red Bend Software, Ltd., ICQ, Inc., InstallShield Software Corp., ScanSoft, Inc., Siemens Communication Inc., Siemens Information and Communication Mobile LLC, Sony Ericsson Mobile Communications (USA) Inc., America Online, Inc. and Macrovision Corporation (hereinafter, collectively, the "Defendants") have made, used, offered to sell, and/or sold in the United States, and/or imported into the United States computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

32.    Defendants continue to manufacture, use, offer for sale, and/or sell within the United States and/or import into the United States computer software incorporating the technology claimed in the '239 Patent without Plaintiff's authorization.

33.    Defendants have and continue to induce and/or engage in contributory infringement by marketing, selling, distributing and servicing computer software within the United States incorporating the technology claimed by the '239 Patent without Plaintiff's authorization.

34.    The aforementioned acts by Defendants, including making, using, selling, offering for sale, importing, distributing, maintaining and/or servicing computer software, infringe and/or have infringed the '239 Patent pursuant to at least Title 35 U.S.C. § 271(a), (b) and/or (c).

35.    Defendants do not have a license to make, use, sell, offer for sale or import computer software which incorporates the technology covered by the '239 Patent.

7

36.   Defendants' infringement of the '239 Patent has been, and continues to be, willful.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

a. Declaring that Defendants have infringed the '239 Patent;

b. Declaring that Defendants have induced infringement and engaged in contributory infringement of the '239 Patent;

c. Awarding Plaintiff damages for Defendants' infringement of the '239 Patent;

d. Declaring that Defendants' infringement of the '239 Patent is and has been willful;

e. Awarding Plaintiff treble damages and attorneys' fees for Defendants' willful infringement of the '239 Patent;

f. Enjoining Defendants from infringing the '239 Patent in the future;

8

g. Declaring that the case is exceptional pursuant to 35 U.S.C. § 285; and

h. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

July _____, 2005

BIS Advanced Software Systems, Ltd.,

By its Attorneys

_____
GRIESINGER, TIGHE, & MAFFEI, LLP
Daniel P. Tighe (BBO #556583)
176 Federal Street
Boston, Massachusetts 02110-2214
(703) 617-542-9900

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Admitted pro hac vice

9