# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RED BEND SOFTWARE, INC., <br> RED BEND, LTD., <br> TIME WARNER INC., <br> ICQ, INC. <br> INSTALLSHIELD SOFTWARE CORP., <br> and <br> SCANSOFT, INC. <br><br> Defendants. | Civil Action No. 04cv11960 (RWZ) |

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND A PROPER RULE 30(B)(6) WITNESS AND FOR SANCTIONS

Defendants Red Bend Software, Inc., Red Bend, Ltd., ICQ, Inc., and Installshield Software Corp. (collectively "Defendants") hereby move to compel BIS to (1) produce key documents that have been withheld, including documents that its Rule 30(b)(6) witness identified as having been gathered and given to counsel in connection with Plaintiff's search for documents in response to Defendants' requests; (2) conduct a proper search for responsive documents; (3) produce a properly educated Rule 30(b)(6) witness on document issues for deposition in New York.

In addition, Defendants seeks sanctions for Plaintiff's destruction of documents as well as monetary sanctions for all costs associated with the September 20, 2005 Rule 30(b)(6) deposition of an unprepared witness and the costs of making this motion. Further grounds for this motion are set forth in the accompanying memorandum.

LIBNY/4469197.1

WHEREFORE, for the reasons set forth in the accompanying memorandum, Defendants respectfully request that the Court grant this Motion and issue an Order

1. Requiring that BIS produce all documents (other than privileged documents) that were located by BIS in its document gathering efforts and provided to BIS's counsel, but not previously produced;

2. To the extent that responsive, relevant documents were not gathered and provided to counsel, requiring that BIS gather and produce all such documents;

3. Requiring that BIS produce an appropriate Rule 30(b)(6) witness for deposition in New York to testify as to the topics identified in Defendants' June 27, 2005 Notice of Deposition in the form attached to Defendants' Response to Plaintiff's Motion to Amend the Scheduling Order;

4. Precluding BIS from offering any evidence that the invention claimed in the '239 patent was "on sale" in this country under 35 U.S.C. § 102(b) prior to March 22, 1998;

5. Precluding BIS from offering any evidence that the product on sale as "Transfast" prior to March 22, 1998 did not encompass all elements of the independent and dependent claims of the '239 patent;

6. Requiring BIS to pay to Defendants all costs, including attorneys fees, associated with the September 20, 2005 deposition; and

7. Requiring BIS to pay the costs, including attorneys fees, incurred by Defendants in making this motion.

Defendants further respectfully request such other relief as this Court deems just and proper.

> RED BEND SOFTWARE, INC., RED BEND, LTD., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.
>
> /s/ Brenda R. Sharton
> Brenda R. Sharton (BBO # 556909)
> Miguel C. Danielson (BBO # 651288)
> GOODWIN PROCTER LLP
> 53 State Street
> Boston, MA 02109
> Tel: 617-570-1000
> Fax: 617-523-1231

> Ethan Horwitz (*pro hac vice*)
> Anastasia Fernands (BBO# 633131)
> GOODWIN PROCTER LLP
> 599 Lexington Avenue
> New York, New York 10022
> Tel: 212-813-8800
> Fax: 212-353-3555

Dated: October 20, 2005

### Certification Pursuant To Local Rules 7.1(A)(2) and 37.1(B)

  Counsel for Defendants hereby certifies that, on September 28, 2005, Defendants' Counsel, Anastasia M. Fernands, conferred with Plaintiff's counsel, Caitlin Lhommedieu, by telephone in an attempt to narrow the areas of disagreement between the parties. At the end of that conference, Plaintiff's counsel agreed to get back to Defendants' counsel concerning the issues raised. Having heard no response by Monday, October 10, 2005, Defendants' counsel left a voice-mail message for Ms. Lhommedieu on that date. On Wednesday, October 12, 2005, Defendants' counsel sent a follow-up e-mail to Ms. Lhommedieu. On Friday, October 14, Ms. Lhommedieu left a voice-mail message in which she stated BIS's disagreement with Defendants concerning the adequacy of BIS's Rule 30(b)(6) witness. In that message, Ms. Lhommedieu also suggested that, to the extent Defendants believed Mr. Miron should have been designated as a witness, his deposition can take place in Israel when other depositions are scheduled. Ms. Lhommedieu further stated that she had no response to any of the other requests that had been made more than two weeks before. On October 20, 2005, Plaintiff's counsel stated that they still had not heard from their client on the remaining issues so were unable to provide any response.

> /s/ Anastasia M. Fernands
> Anastasia M. Fernands