IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND, LTD.,<br>TIME WARNER INC.,<br>ICQ, INC.<br>INSTALLSHIELD SOFTWARE CORP.,<br>and<br>SCANSOFT, INC.<br><br>    Defendants. | Civil Action No. 04cv11960 (RWZ) |

**MOTION TO STAY SCHEDULING ORDER DEADLINES**
**PENDING DECISION ON BIS'S MOTION TO DISMISS**

Defendants Red Bend Software, Inc. and Red Bend, Ltd. (collectively "Red Bend") hereby move the Court to stay the existing scheduling order deadlines in light of Plaintiff BIS Advanced Software Systems, Ltd.'s ("BIS") pending Motion to Dismiss (D.I. 60) and Red Bend's Opposition to that motion (D.I. 62). As set forth in detail in its Opposition to BIS's motion to dismiss, Red Bend believes that this Court retains jurisdiction over Red Bend's declaratory judgment counterclaims and that it is in the interests of justice and efficiency to pursue those claims to judgment in the context of the pending litigation. BIS, in contrast, has asked the Court to dismiss all claims, including Red Bend's Counterclaims against BIS. To proceed with discovery, and in particular with expert discovery, in this context would be inefficient at best. Accordingly, Red Bend asks the Court to stay all deadlines, including the January 1, 2006 deadline for Red Bend to serve its expert reports on issues as to which it has the

LIBNY/4457351.2

burden of proof, pending the Court's decision on BIS's motion to dismiss. As further grounds for this Motion, Red Bend states as follows:

1. On August 5, 2005, BIS moved to amend the then-existing scheduling order and proposed a Second Amended Scheduling Order (D.I. 34). Among other things, the Second Amended Scheduling Order established a January 1, 2006 deadline for the exchange of expert reports on issues for which the serving party has the burden of proof, and a February 3, 2006 deadline for the close of fact discovery.

2. On August 19, 2005, Red Bend filed a response to BIS's motion to amend the scheduling order (D.I. 41). In that response, Red Bend pointed out that it did not oppose the extension of the scheduling order, but that it also wanted any such order to include a date certain by which BIS would produce a Rule 30(b)(6) witness concerning its document production. On August 30, the Court ordered BIS to produce that Rule 30(b)(6) witness by September 22 (D.I. 48).

3. After taking the deposition of BIS's designated Rule 30(b)(6) witness and determining that both the witness and BIS's document production were inadequate, Red Bend moved to compel BIS to produce documents and a Rule 30(b)(6) witness and for sanctions (D.I. 53).

4. After Red Bend moved to compel, BIS engaged in weeks of settlement discussions, which did not result in settlement. While those settlement discussions were taking place, BIS provided none of the additional discovery that Red Bend sought through its motion to compel. BIS also failed to provide dates for depositions as requested by Red Bend.

5. Having avoided providing any meaningful discovery, but having also failed to come to any mutually acceptable resolution, on December 1, 2006, BIS moved to dismiss the entire case, including Red Bend's Counterclaims for non-infringement and invalidity.

6. As set forth in opposition to BIS's motion to dismiss, Red Bend contends that the covenant offered by BIS in its motion to dismiss is not nearly adequate to justify dismissal because it leaves open several actual controversies between the interested parties. Moreover, Red Bend has expended substantial sums and considerable employee time defending this litigation, and the end of the litigation should provide Red Bend with some certainty.

7. However, at this time, while BIS's motion is pending, it is not clear whether this case will proceed. It is likewise unclear which claims will remain in the case if it does proceed. Accordingly, it would be grossly inefficient for Red Bend to pursue discovery and prepare expert reports while the motion to dismiss is pending.

8. Moreover, if the Court rules in Red Bend's favor and denies the portion of BIS's motion to dismiss that seeks to dismiss Red Bend's Counterclaims, Red Bend needs an opportunity to conduct the discovery that BIS has delayed, including the discovery that is the subject of Red Bend's pending motion to compel.

9. Red Bend has asked Counsel for BIS to agree that the parties will jointly seek an extension of scheduling order deadlines if the Court denies BIS's motion in whole or in part. BIS has refused. *See* E-mail from Ms. Lhommedieu to Ms. Fernands (Exhibit A). BIS further represented that it does not intend to serve expert reports. *See id.* Red Bend therefore seeks relief from this Court with respect to the deadline for Red Bend to serve expert reports on issues as to which it has the burden of proof.

LIBNY/4457351.2

WHEREFORE, Red Bend respectfully requests that this Court stay the deadlines set forth in the Second Amended Scheduling Order, including but not limited to the January 1, 2006 deadline for Red Bend to serve expert reports on issues on which it has the burden of proof, until after decision on BIS's pending motion to dismiss. Red Bend further respectfully requests that, if the Court denies BIS's motion to dismiss in whole or in part, it set a revised scheduling order allowing sufficient time for the parties to complete discovery and serve expert reports.

**RED BEND SOFTWARE, INC., RED BEND, LTD.**

By their attorneys,

/s/  Anastasia M. Fernands
Brenda R. Sharton (BBO # 556909)
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel:  617-570-1000
Fax:  617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel:  212-813-8800
Fax:  212-353-3555

Dated:  January 3, 2006

5

**Certification Pursuant To Local Rule 7.1(A)(2)**

      Counsel for Defendants hereby certifies that, on January 2, 2006, Defendants' Counsel, Anastasia M. Fernands, left a voice-mail message for Ms. Caitlin Lhommedieu, Counsel for BIS, and on January 3, 2006, Ms. Fernands and Ms. Lhommedieu exchanged e-mail messages concerning the scheduling order deadlines. BIS does not assent to the relief requested in this motion.

                                                        /s/ Anastasia M. Fernands
                                                 Anastasia M. Fernands

LIBNY/4457351.2

## Certificate of Service

I, Miguel C. Danielson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on January 3, 2006.

/s/ Miguel C. Danielson

LIBNY/4457351.2