UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11960-RWZ

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

v.

RED BEND SOFTWARE, INC.

MEMORANDUM OF DECISION

March 22, 2006

ZOBEL, D.J.

In September 2004, plaintiff BIS Advanced Software Systems, Ltd. sued defendant Red Bend Software, Inc. for patent infringement. Defendant thereafter counterclaimed, alleging both invalidity and non-infringement. Plaintiff now seeks to dismiss its claims with prejudice and dismissal of the counterclaims without prejudice. Defendant opposes, arguing that its declaratory counterclaims should go forward.

The Federal Circuit has held that declaratory judgment jurisdiction exists where (1) the accused infringer bears "a reasonable apprehension," based on the patentee's conduct, that the patentee "will initiate suit" if the accused infringer "continues the allegedly infringing activity"; and (2) the accused infringer has "actually . . . produced the device or [is] prepared to produce that device." Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988). In this case, defendant justifiably has a "reasonable apprehension" that plaintiff will initiate an infringement suit if

defendant continues to produce and sell software. First, plaintiff has stated that it will not bring an infringement action against defendant—but only as to "the software products and services currently manufactured, sold, and licensed" by defendant. (Pl.'s Mot. to Dismiss 1). Because defendant regularly updates its products, however, it is still vulnerable to an infringement suit. Second, plaintiff has throughout the litigation shown a desire to sue defendant's customers for infringement as well. Its promise not to sue, however, extends only to defendant. Because "reasonable apprehension" may exist where an accused infringer's customers face the threat of an infringement suit, the first prong is satisfied. See Arrowhead, 846 F.2d at 736. As for the second prong of the test, it is clear that defendant is "prepared to produce" or may in fact already have produced the updated versions of its software that it believes will be subject to an infringement suit by plaintiff.

Plaintiff cites two cases in support of its claim that its proposed agreement not to sue divests this court of jurisdiction over defendant's counterclaim, but those cases are distinguishable. In Super Sack Manufacturing Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059-60 (Fed. Cir. 1995), for example, the court found that the accused infringer had not undertaken any "meaningful preparatory steps toward an infringing activity by planning to make a new product that may later be said to infringe." Here, by contrast, defendant has developed and imminently plans to release new versions of its products. In Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333, 1338 (Fed. Cir. 2001), the patentee agreed that the accused infringer had no infringement liability, either to the patentee or to its successors under

2

the specified patent. Here, by contrast, the narrow scope of plaintiff's promise not to sue offers no assurance to defendant or its customers that updated versions of its products will be free from claims of infringement. Accordingly, defendant's counterclaim for invalidity of the '239 patent presents an actual case or controversy over which I shall maintain jurisdiction.

Insofar as defendant seeks to maintain its counterclaim for non-infringement, however, its argument fails. Defendant's counterclaim for non-infringement is based upon its current product versions. (See Def.'s Answer and Counterclaim 8, ¶ 12 (asserting that "products that are accused of infringement" do not infringe)). Plaintiff has agreed not to bring an infringement action based on any current products. Thus, no active case or controversy is presented. Indeed, defendant itself repeatedly asserts that it is constantly updating and revising its products and that it is the revised products that are subject to suit. A non-infringement action based on the older products, however, would not necessarily resolve infringement issues as to newer products.

Accordingly, plaintiff's motion to dismiss with prejudice (#60 on the docket) is allowed insofar as it seeks dismissal of its own claims with prejudice, and insofar as it seeks dismissal of defendant's non-infringement counterclaim. It is otherwise denied. Defendant's motion for a hearing (#63) is denied as moot. Defendant's motion to stay (#65) is denied as moot.

_____     /s/ Rya W. Zobel_____
   DATE                              RYA W. ZOBEL
                                     UNITED STATES DISTRICT JUDGE