UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11960-RWZ |
| ) | |
| Red Bend Software, Inc., *et al*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE DEFENDANTS' COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

Plaintiff BIS Advanced Software Systems, Ltd. (hereinafter, "Plaintiff") respectfully requests that this Court reconsider its denial of Plaintiff's Motion to Dismiss without Prejudice Defendants' Counterclaim for Declaratory Judgment of Invalidity.

The Court applied incorrect law on the issue of whether apprehension that a customer may be sued is sufficient to maintain jurisdiction over a declaratory judgment action. In the recent Federal Circuit case *Microchip Tech. Inc. v. The Chamberlain Group, Inc.*, under analogous facts to the present case, the Federal Circuit held that an apprehension that one's customer might be sued is insufficient to maintain jurisdiction over a declaratory judgment action. *See Microchip Tech. Inc. v. The Chamberlain Group, Inc.*, 2006 WL 626075, *5 (Fed. Cir. Mar. 15, 2006) (copy attached hereto as Exhibit A). Notably, the *Microchip* court recognized and distinguished the *Arrowhead* case, particularly noting that the *Microchip* declaratory plaintiff had not "established a legal relationship between it and a customer that had a legal interest adverse to [the patentee], such as the existence of an indemnity agreement."

*Microchip* at **4-5 (citing *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988).

Likewise, in the instant case, not one Defendant has produced any customer or licensing agreement that would establish a legal relationship with any customer. Therefore, the Court erred when it accepted Defendants' arguments that jurisdiction may be based upon its apprehension of their customers being sued, or based on their customers' apprehensions of suit. Nevertheless, in the interests of efficiently disposing of this litigation, Plaintiff covenants not to sue Red Bend's customers as detailed below.

As for Defendant Red Bend's planned updates to existing products, and other planned products, Defendants do not have a reasonable apprehension of suit on these products. Nevertheless, in the interests of efficiently disposing of this litigation, Plaintiff hereby covenants not to sue any Defendant named in this action for infringement of U.S. Patent No. 6,401,239 based upon the software products currently used, made or sold in the United States by Defendant Red Bend. This covenant extends to: (a) products that Defendant Red Bend produced or was "prepared to produce" as of the date of Plaintiff's Motion to Dismiss, *i.e.* December 1, 2005, *see Arrowhead* at 736; (b) products specifically identified in the Salinger Declaration, *see* D.I. 64, ¶¶ 12-14; and (c) Defendant Red Bend's current customers for their use of such Red Bend products (*i.e.*, those identified in (a) and (b), above) in the United States. Indeed, the terms of this covenant are even broader than the terms of the covenant in the *Columbia* case, which deprived this Court of jurisdiction over that case. *See In re Columbia Univ. Patent Litig.*, 343 F. Supp. 2d 35, 37 (D. Mass. 2004) (Wolf, J.) (noting that to the extent that the court has discretion whether to exercise jurisdiction over declaratory judgment claims, even if jurisdiction exists, "it would be most appropriate to dismiss … rather than to devote a substantial amount of scarce judicial

resources to rendering an essentially advisory opinion on hypothetical facts concerning contingencies that are not likely to occur.") (copy attached hereto as Exhibit B).

In sum, Defendants do not have a reasonable apprehension of suit, and the Court should dismiss Defendant's Counterclaim for Declaratory Judgment of Invalidity for lack of jurisdiction. Accordingly, Plaintiff respectfully requests that this Court reconsider its denial of Plaintiff's Motion to Dismiss without Prejudice Defendants' Counterclaim for Declaratory Judgment of Invalidity, and grant Plaintiff's request for dismissal.

Respectfully submitted,

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

/s/ Scott McConchie
Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GREISINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Dated: March 31, 2006           (703) 716-1191

Certificate under Local Rule 7.1

In accordance with Local Rule 7.1(a)(2), Caitlin Lhommedieu, counsel for Plaintiff, certifies that she conferred with Counsel for defendants, Anastasia Fernands, about this motion and attempted in good faith to resolve the matter, but was unable to reach agreement.

/s/ Caitlin Lhommedieu
Caitlin Lhommedieu