IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND, LTD.,<br>TIME WARNER INC.,<br>ICQ, INC.,<br>INSTALLSHIELD SOFTWARE CORP.,<br>and<br>SCANSOFT, INC.<br><br>    Defendants. | Civil Action No. 04cv11960 (RWZ) |

### RED BEND'S RESPONSE TO BIS'S MOTION FOR RECONSIDERATION

Defendants Red Bend Software, Inc. and Red Bend, Ltd. (collectively "Red Bend") submit this brief in Response to Plaintiff's Motion For Reconsideration Of Plaintiff's Motion To Dismiss Without Prejudice Defendants' Counterclaim For Declaratory Judgment Of Invalidity ("Reconsideration Motion").

Red Bend does not oppose dismissal of its invalidity counterclaims without prejudice under the appropriate circumstances. However, BIS still has not offered sufficient assurances to remove Red Bend's reasonable apprehension that BIS will sue it, or its customers. If, on the other hand, the proposed terms of dismissal of this action were adequate – as in the attached proposed order – then Red Bend would not oppose the dismissal of its invalidity counterclaims without prejudice.

By its Memorandum of Decision dated March 22, 2006, this Court allowed BIS's motion to dismiss with prejudice only insofar as BIS sought to dismiss its own claims and defendants'

declaratory judgment counterclaim of non-infringement. *See* D.I. 67 at 3. The Court denied BIS's motion with respect to defendants' invalidity counterclaims, finding that the defendants had a continuing "reasonable apprehension" of suit for two reasons. First, because Red Bend "regularly updates its products . . . it is still vulnerable to an infringement suit." *Id.* at 2. Second, BIS's promise not to sue extended only to the defendants in the action and "plaintiff has throughout the litigation shown a desire to sue defendant's customers." *Id.* Accordingly, Red Bend's "reasonable apprehension" extended to the threat of an infringement suit by BIS against Red Bend's customers. *Id.* BIS's first proposed covenant was insufficient to remove Red Bend's "reasonable apprehension" because BIS offered "no assurance to defendants or its customers that updated versions of its products will be free from claims of infringement." *Id.* at 2-3.

BIS appears to have tried to correct at least some of these problems in the new covenant that it offers in its Reconsideration Motion. Yet, while the new covenant appears to adequately protect existing defendants, it still fails to provide adequate assurance that BIS will not sue Red Bend's customers who were not named in this litigation for their use of updated versions of Red Bend's products.

In the new covenant proposed by BIS, BIS proposes to covenant not to sue "any Defendant named in this action for infringement U.S. Patent No. 6,401,239 based upon the software products currently used, made or sold in the United States by Defendant Red Bend." Reconsideration Motion at 2. BIS's new proposed covenant continues with the statement that it "extends to (a) products that Defendant Red Bend produced or was 'prepared to produce'[1] as of

---

[1] Defendants' dispute plaintiff's use of "prepared to produce" and note that the Federal Circuit in *Super Sack* noted that "meaningful preparatory steps toward an infringing activity by planning to make a new product that may later be said to infringe" is sufficient for declaratory judgment jurisdiction. Such steps are sufficient to

2

the date of Plaintiff's Motion to Dismiss, *i.e.*, December 1, 2005 (citation omitted) (b) products specifically identified in the Salinger Declaration, *see* D.I. 64 ¶¶ 12-14; and (c) Defendant Red Bend's current customers for their use of such Red Bend products . . . .").

This proposed covenant leaves a gaping hole in the scope of BIS's assurances to Red Bend. Specifically, there is no assurance that BIS will not sue the first new customer to purchase a Red Bend product immediately after dismissal of this action. BIS has repeatedly threatened to sue Red Bend's customers, which leaves Red Bend with a reasonable apprehension of suit on the '239 patent, which it will then have to defend.[2] In effect, BIS's new covenant is telling Red Bend that it cannot sell its products – in particular the products in development that BIS is well aware are aimed at new customers – without exposing those customers to immediate suit by BIS and without exposing Red Bend to having to fulfill legal obligations to defend those customers.

As an alternative to BIS's proposed covenant, Red Bend proposes the attached Proposed Order which provides for dismissal with prejudice of any claim for infringement of U.S. Patent No. 6,401,239 based upon (a) the software products currently used, made or sold by Defendant Red Bend, (b) products of Defendant Red Bend currently in "development", and (c) products specifically identified in the Salinger Declaration, *see* D.I. 64, ¶¶ 12-14. This dismissal includes Defendant Red Bend's current customers, whether named or not, for their use of such Red Bend products (*i.e.*, those identified above) in the United States. These terms, while very similar to the

---

satisfy the requirement "that the putative infringer's '*present* activity' place it at risk of infringement liability." *See Super Sack Mfg. Corp. v. Chase Pkg. Corp.,* 57 F.3d 1054, 1059 (Fed. Cir. 1995).

[2] In its Reconsideration Motion, BIS relies on *Microchip Technology, Inc. v. The Chamberlain Group, Inc.*, 2006 WL 626075 (Fed. Cir. 2006). That case is not applicable here. Here, Red Bend has a legal obligation to defend its customers, and therefore a "legal right to 'clear the air.'" *See id.*at *7. Red Bend has produced during discovery various agreements that show its legal obligation to indemnify customers, and it would be happy to provide those agreements to the Court if requested. Furthermore, in *Microchip*, there was no existing threat against any customer, since the patent holder in that case had only threatened a single customer and had reached settlement with said customer. In the present case, BIS has threatened multiple customers of Red Bend, tried to add several as Defendants in this case, and settled with none.

3

terms proposed by BIS, address the holes left by BIS's proposal. Accordingly, these terms eliminate any "reasonable apprehension" of any suit by BIS for infringement of the '239 patent based on any of the identified products.

Finally, as Red Bend noted in its opposition to BIS's Motion to Dismiss, this case presents precisely the type of problems that the Declaratory Judgment Act sought to alleviate – where a company and/or its customers have been threatened with the prospect of infringement liability and seek some security. *See Minnesota Mining and Manuf. Co. v. Norton Co.*, 929 F.2d 670, 673. (Fed. Cir. 1991). Under these circumstances, "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding," it is appropriate for the Court to invest judicial time and resources in a declaratory action. *Id.* at 672-73. However, to the extent that a judgment can be crafted at this time to reach the same result, Red Bend proposes that the Court enter such a judgment (in the form attached hereto as Exhibit A).

WHEREFORE, for the reasons set forth above Red Bend respectfully requests that the Court either enter an order of dismissal in the form attached as Exhibit A, or, in the alternative, deny BIS's Motion for Reconsideration and permit Red Bend to continue to pursue its declaratory judgment counterclaim of invalidity in order to attain certainty that neither it, nor its customers, will be sued by BIS for manufacture, sale or use of any products that Red Bend currently sells or has taken substantial steps to develop at this time.

4

        **RED BEND SOFTWARE, INC., RED BEND, LTD., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

        /s/ Miguel C. Danielson
        Brenda R. Sharton (BBO # 556909)
        Miguel C. Danielson (BBO # 651288)
        GOODWIN PROCTER LLP
        53 State Street
        Boston, MA 02109
        Tel: 617-570-1000
        Fax: 617-523-1231

        Ethan Horwitz (*pro hac vice*)
        Anastasia Fernands (BBO# 633131)
        GOODWIN PROCTER LLP
        599 Lexington Avenue
        New York, New York 10022
        Tel: 212-813-8800
        Fax: 212-353-3555

Dated: May 5, 2006

## Certificate of Service

I, Miguel C. Danielson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on May 5, 2006.

        /s/ Miguel C. Danielson

LIBNY/4515216.1