# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Red Bend Software, Inc., *et al*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 04-11960-RWZ |

### PLAINITFF'S REPLY BRIEF
### IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

As a result of recent settlement discussions, the parties in the present action nearly reached an agreement, having essentially agreed to the terms of a mutually acceptable covenant not to sue. Those settlement discussions ended, however, when Defendant Red Bend would not stipulate that each party would bear its own costs and attorneys' fees.

Although Plaintiff believes that its second covenant, as presented in its Motion for Reconsideration, is sufficient to meet the Court's concerns as expressed in the Order dated March 22, 2006, Plaintiff would agree to Red Bend's proposed covenant provided that each party bears its own costs and attorneys' fees.

The only difference between Plaintiff's second covenant and Red Bend's proposed covenant is provision (b) regarding products "prepared to produce" versus those "currently in development." Plaintiff's choice of the phrase "prepared to produce" was intentional. Declaratory judgment jurisdiction as to patent invalidity exists only if the accused infringer is "prepared to produce" the accused product, or has taken "meaningful preparatory steps." *Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995). The Federal Circuit held

there was no declaratory judgment jurisdiction where the patentee had agreed not to sue "based upon the products *currently* manufactured and sold" (emphasis added), and specifically rejected jurisdiction based on future products because "the residual possibility of a future infringement suit based on [] future acts is simply too speculative a basis for jurisdiction over [a] counterclaim of invalidity." *Super Sack* at 1056-60. Plaintiff's covenant employs the Federal Circuit's language. Therefore, as discussed in Plaintiff's Motion for Reconsideration, in view of Plaintiff's second covenant, Defendants do not have a reasonable apprehension of suit, and Defendants' Counterclaim must be dismissed for lack of jurisdiction.

Nonetheless, in the interests of resolving this case as efficiently as possible, Plaintiff will agree to Red Bend's proposed covenant provided that the Court further orders that the parties each bear its own costs and attorneys' fees. For the reasons set forth above, Plaintiff respectfully requests entry of the proposed order of dismissal attached hereto, which differs from Red Bend's Proposed Order only in that it would order that each party bear its own costs and attorneys' fees.

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

/s/ Scott McConchie
Daniel P. Tighe (BBO #556583)
Scott McConchie (BBO #634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900

Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Dated: May 12, 2006                (703) 716-1191

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.     ) | Civil Action No. 04-11960-RWZ |
| ) | |
| Red Bend Software, Inc., *et al*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## [PROPOSED] ORDER OF DISMISSAL

Upon Plaintiff's Motion to Dismiss and Motion for Reconsideration, and Defendants' Opposition thereto, for good cause shown, it is hereby ORDERED that:

Any claim for infringement of U.S. Patent No. 6,401,239 ("the '239 Patent") based upon (a) the software products currently used, made, or sold by Defendant Red Bend, (b) products of Defendant Red Bend currently in "development", and (c) products specifically identified in the Salinger Declaration, *see* D.I. 64 ¶¶ 12-14, is hereby dismissed with prejudiced. This dismissal includes claims against Defendant Red Bend's current customers, whether named in this action or not, for their use of such Red Bend products (*i.e.*, those identified above) in the United States.

Defendants' declaratory judgment counterclaims for invalidity of the '239 Patent are hereby dismissed without prejudice.

Each party shall bear its own costs and attorneys' fees.

_____
Rya W. Zobel
United States District Judge