IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS ADVANCED SOFTWARE SYSTEMS, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>RED BEND SOFTWARE, INC.,<br>RED BEND, LTD.,<br>TIME WARNER INC.,<br>ICQ, INC.,<br>INSTALLSHIELD SOFTWARE CORP.,<br>and<br>SCANSOFT, INC.<br><br>    Defendants. | Civil Action No. 04cv11960 (RWZ) |

**RED BEND'S RESPONSE TO BIS'S MOTION FOR LEAVE TO FILE REPLY BRIEF**

    Defendants Red Bend Software, Inc. and Red Bend, Ltd. (collectively "Red Bend") submit this brief in Response to Plaintiff's Motion for Leave to File Reply Brief in Support of Plaintiff's Motion for Reconsideration ("Plaintiff's Motion"). Red Bend submits this response in partial opposition to Plaintiff's Motion.

    To begin, Red Bend believes that some context will assist the Court in considering the issues now before it. This is a patent infringement case that Plaintiff brought against Red Bend and some of Red Bend's customers. Knowing that it had no proper cause of action, Plaintiff attempted to pressure Red Bend into settling by threatening additional Red Bend's customers, and, when those threats did not work, Plaintiff moved to add more customers to this litigation. This Court denied that motion (D.I. 48) and also denied Plaintiff's motion for reconsideration (D.I. 49 and Order dated 10/20/05).

Plaintiff also made this case unduly complicated and expensive. For example, Plaintiff did not properly produce documents or witnesses and then filed a motion to compel in an attempt to convince this Court that it was Red Bend who was not cooperating in discovery. The Court did not grant Plaintiff's motion to compel, but instead told Plaintiff to attempt to resolve any discovery differences with Red Bend (D.I. 48). The Court also ordered Plaintiff to produce a Rule 30(b)(6) witness to explain its document production. *Id.* That witness was not aware of key issues concerning Plaintiff's documents. The witness did, however, know at least two things: (1) that Plaintiff had gathered certain types of documents in response to Red Bend's requests – many of which documents had not been produced; and (2) that Plaintiff had destroyed documents since the commencement of litigation.

Plaintiff was then faced with Red Bend's motion to compel and for sanctions. Before this Court could deal with that motion, Plaintiff moved to dismiss its own patent infringement claims ***with prejudice*** (D.I. 60).

As of December 1, 2005, when Plaintiff sought to dismiss its own claims with prejudice, Plaintiff had successfully avoided any substantive discovery for more than a year. Among other things, Plaintiff never produced the documents that its witness admitted were gathered in connection with the document requests, but that were never produced to Red Bend. Plaintiff also successfully avoided depositions, producing a single witness only after ordered to by this Court, and that witness was unprepared. It is in this context, where Plaintiff has effectively admitted that there was no merit to its claims by asking for their dismissal, and where Plaintiff was facing a motion for sanctions, that the Plaintiff asks the Court to order that Red Bend bear its own costs and fees.

2

Plaintiff's proposed reply brief addresses two issues: (1) Plaintiff's attempt to get out of this case through a unilateral offer to dismiss its infringement allegation such that Red Bend would have no reasonable apprehension of continued litigation; and (2) Plaintiff's attempt to condition that offer on Red Bend giving up its right to seek attorneys' fees pursuant to Fed. R. Civ. P. 54 and 35 U.S.C. § 285.

As to the first issue, the terms of Plaintiff's offer to dismiss its action, there is no dispute. Plaintiff has now agreed to the language that Red Bend proposed in its opposition to Plaintiff's motion for reconsideration. Accordingly, the Court should enter the Order as proposed by Red Bend (*see* Exhibit A to D.I. 72).

The second issue in Plaintiff's proposed reply concerns costs and fees for this litigation – an issue that was not raised in Plaintiff's motion for reconsideration or in Red Bend's Response. Rather than seeking to "reply" to Red Bend's opposition, Plaintiff actually seeks to interject the Court into the parties' settlement negotiations by asking the Court to order what Plaintiff could not achieve through those negotiations. However, this Court is not a referee for settlement negotiations, and Plaintiff's request is improper. This motion by Plaintiff relates only to what it must do to get out of this ill-conceived case; Red Bend need not do anything, let alone give up its right to seek attorneys' fees under 35 U.S.C. § 285 given Plaintiff's behavior.

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, a party may make a motion for attorneys' fees at any time within 14 days of entry of judgment. Judgment has not yet entered in this action, and Red Bend should be given an opportunity to move for attorneys' fees as contemplated by the Federal Rules.

Moreover, as Red Bend will explain in more detail at the appropriate time pursuant to Rule 54, there are at least three separate bases for finding that this case is an exceptional case

under 35 U.S.C. § 285 such that the Court may award attorneys fees to Red Bend. The Federal Circuit has held that "exceptional" cases are cases involving litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or inequitable conduct before the United State Patent and Trademark Office ("PTO"). *See, e.g., Brasseler, U.S.A. I., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001).

In this case, Plaintiff (1) brought a frivolous claim; (2) engaged in litigation misconduct; and (3) engaged in inequitable conduct before the PTO. The fact that Plaintiff knowingly brought a frivolous infringement claim is evidenced by the fact that Plaintiff sought to dismiss its own infringement claims with prejudice when it could no longer avoid getting to the merits of the case. As described in more detail in Red Bend's opposition to plaintiff's motion to amend the complaint (D.I. 42) and its motion to compel and for sanctions (D.I. 53), Plaintiff's litigation misconduct included, *inter alia*, harassing Red Bend's customers, attempting to add multiple customers as defendants, destroying documents, and failing to produce an adequate Rule 30(b)(6) witness after the Court ordered the deposition. Finally, the documents that were produced by Plaintiff suggest that Plaintiff failed to disclose material information to the PTO during prosecution of the '389 patent, in other words, engaged in inequitable conduct. Of course, much of the evidence concerning this third issue no longer exists in light of Plaintiff's document destruction.

In short, having spent considerable sums defending itself and its customers in a frivolous litigation – one in which Plaintiff's litigation conduct increased the already substantial cost – Red Bend has a strong basis for seeking fees and costs. However, the topic is not an appropriate subject for Plaintiff's requested "reply" brief, and the Court need not consider it at this time.

4

LIBNY/4520019.2

WHEREFORE, for the reasons set forth above Red Bend respectfully requests that the Court (1) deny Plaintiff's request for leave to file a reply to the extent that Plaintiff seeks to raise new issues in the reply; and (2) enter the order of dismissal in the form attached as Exhibit A to Red Bend's Response to Plaintiff's Motion for Reconsideration (D.I. 72).

**RED BEND SOFTWARE, INC., RED BEND, LTD., ICQ, INC. and INSTALLSHIELD SOFTWARE CORP.**

/s/ Miguel C. Danielson
Brenda R. Sharton (BBO # 556909)
Miguel C. Danielson (BBO # 651288)
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel: 617-570-1000
Fax: 617-523-1231

Ethan Horwitz (*pro hac vice*)
Anastasia Fernands (BBO# 633131)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Tel: 212-813-8800
Fax: 212-353-3555

Dated: May 18, 2006

## Certificate of Service

I, Miguel C. Danielson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on May 18, 2006.

/s/ Miguel C. Danielson