UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11960-RWZ |
| ) | |
| Red Bend Software, Inc., *et al*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINITFF'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

As a result of recent settlement discussions, the parties in the present action nearly reached an agreement, having essentially agreed to the terms of a mutually acceptable covenant not to sue. Those settlement discussions ended, however, when Defendant Red Bend would not stipulate that each party would bear its own costs and attorneys' fees.

Although Plaintiff believes that its second covenant, as presented in its Motion for Reconsideration, is sufficient to meet the Court's concerns as expressed in the Order dated March 22, 2006, Plaintiff would agree to Red Bend's proposed covenant provided that each party bears its own costs and attorneys' fees.

The only difference between Plaintiff's second covenant and Red Bend's proposed covenant is provision (b) regarding products "prepared to produce" versus those "currently in development." Plaintiff's choice of the phrase "prepared to produce" was intentional. Declaratory judgment jurisdiction as to patent invalidity exists only if the accused infringer is "prepared to produce" the accused product, or has taken "meaningful preparatory steps." *Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995). The Federal Circuit held

there was no declaratory judgment jurisdiction where the patentee had agreed not to sue "based upon the products *currently* manufactured and sold" (emphasis added), and specifically rejected jurisdiction based on future products because "the residual possibility of a future infringement suit based on [] future acts is simply too speculative a basis for jurisdiction over [a] counterclaim of invalidity." *Super Sack* at 1056-60.  Plaintiff's covenant employs the Federal Circuit's language.  Therefore, as discussed in Plaintiff's Motion for Reconsideration, in view of Plaintiff's second covenant, Defendants do not have a reasonable apprehension of suit, and Defendants' Counterclaim must be dismissed for lack of jurisdiction.

Nonetheless, in the interests of resolving this case as efficiently as possible, Plaintiff will agree to Red Bend's proposed covenant provided that the Court further orders that the parties each bear its own costs and attorneys' fees.  For the reasons set forth above, Plaintiff respectfully requests entry of the proposed order of dismissal attached hereto, which differs from Red Bend's Proposed Order only in that it would order that each party bear its own costs and attorneys' fees.

        BIS ADVANCED SOFTWARE SYSTEMS, LTD.

        By its attorneys,

        /s/ Scott McConchie
        Daniel P. Tighe (BBO #556583)
        Scott McConchie (BBO #634127)
        GRIESINGER, TIGHE & MAFFEI, LLP
        176 Federal Street
        Boston, MA 02110-2214
        (617) 542-9900

        Neil F. Greenblum
        Michael J. Fink
        Caitlin Lhommedieu
        Benjamin P. Kota
        GREENBLUM & BERNSTEIN, P.L.C.
        1950 Roland Clarke Place
        Reston, VA 20191

Dated: June 12, 2006        (703) 716-1191

## Certificate of Service

I, Scott McConchie hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on June 12, 2006.

/s/ Scott McConchie