UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIS Advanced Software Systems, Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-11960-RWZ |
| | ) |
| Red Bend Software, Inc., *et al*, | ) |
| | ) |
| Defendants. | ) |

**PLAINITFF'S SURREPLY BRIEF
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Plaintiff would not normally file a surreply brief, but the outrageous assertions and misstatements Defendant Red Bend has made in its Response cannot stand unrebutted. Therefore, asking the Court's indulgence, Plaintiff submits this surreply in order to clarify the facts and issues. Although Defendant Red Bend made wild accusations in its Response, Plaintiff will not attempt to address each of these, but rather, will briefly rebut the most egregious misstatements.

First, Plaintiff must emphasize that, contrary to Defendant Red Bend's assertions, Plaintiff has <u>not</u> "now agreed to the language that Red Bend proposed in its opposition." Red Bend's Response, p. 3. Plaintiff has stated only that it will agree to that covenant <u>provided that</u> each party bear its own costs and attorneys' fees. *See* Plaintiff's Reply Brief, p. 2. Otherwise, Plaintiff will not covenant as Defendant Red Bend proposed, and simply covenants as previously stated. *See* Plaintiff's Motion for Reconsideration, p. 2.

Second, Defendant Red Bend asserts that it has a "strong basis for seeking fees and costs" under 35 U.S.C. § 285. Red Bend's Response, p. 4. The text of the statute, though, contradicts this assertion: "The court in exceptional cases may award reasonable attorneys fees to the

*prevailing party*." 35 U.S.C. § 285 (emphasis added).  A prevailing party is one who has received at least some relief on the merits which alters the legal relationship of the parties.  *See, e.g.*, *In re Columbia Univ. Patent Litigation,* 343 F. Supp. 2d 35, 49 (D. Mass. 2004) (holding that a covenant not to sue conferred "no relief from the court on the merits," such that the covenantee is not a prevailing party under § 285).  Thus, in this case, Defendant Red Bend is not a prevailing party; and Plaintiff's voluntary dismissal does not render Defendant Red Bend a prevailing party.  Accordingly, an award of attorneys' fees in this case would be improper.

Moreover, even assuming *arguendo* that Defendant Red Bend were the prevailing party in this case, this is not an "exceptional case."  An exceptional case is one involving litigation misconduct, a frivolous suit, or inequitable conduct.  *See, e.g., Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001).  In the instant case, though, none of these circumstances exist.  Rather, the facts discussed below show that Defendant Red Bend has absolutely no basis for seeking costs and attorneys' fees.

Defendant Red Bend charges that Plaintiff has committed litigation misconduct by allegedly destroying documents, but this bald accusation is belied by the facts.  As Plaintiff has previously made clear, when Plaintiff modified its disaster recovery system, no evidence was destroyed.  *See* Opposition to Defendants' Motion to Compel, D.I. 55, pp. 8-10.  Rather, certain <u>backup media</u> were replaced, while the original electronic files were <u>retained</u>.  As no relevant documents were destroyed, litigation misconduct cannot serve as the basis for a finding of an exceptional case.

Similarly, Defendant Red Bend's claim that this is an exceptional case because Plaintiff allegedly filed a frivolous suit is misplaced.  Defendant Red Bend claims that the frivolity of Plaintiff's suit is evidenced merely by Plaintiff's Motion to Dismiss.  However, Plaintiff has

2

emphatically not "effectively admitted that there was no merit to its claims," as Defendant Red Bend misrepresents. As the Court is surely aware, numerous plaintiffs move to dismiss their cases every year, perhaps upon changed business circumstances such as other opportunities and changed emphasis on priorities, perhaps after learning facts in discovery that change the calculus of the litigation, or perhaps for other reasons. In fact, the system of discovery in the federal courts has exactly this goal in mind, that the parties, upon learning additional information, might reevaluate their situations, and make decisions as discovery progresses. Otherwise, every patentee that voluntarily moves to dismiss would be opening itself up to a claim for attorneys' fees. Moreover, a plaintiff may move to dismiss with or without prejudice as the facts and circumstances warrant without any implication of frivolity. Therefore, such a motion to dismiss, by itself, is not evidence that Plaintiff brought a frivolous lawsuit, and cannot serve as the basis for a finding of an exceptional case.

Finally, Defendant Red Bend charges that Plaintiff committed inequitable conduct during the prosecution of the patent in suit, but this basis for an award of fees is again contradicted by the facts. Notably, Defendant Red Bend has never asserted in any of its pleadings inequitable conduct in this case, no discovery has been conducted on the issue, and no expert reports have been filed. Thus, although Defendant Red Bend has indicated that it intends to file a motion for costs and attorneys' fees based on allegations of inequitable conduct, it is not possible that they could present any evidence in support of such a charge. These unsubstantiated charges of inequitable conduct, which were never raised prior to Plaintiff's request for dismissal, cannot serve as the basis for a finding of an exceptional case.

Thus, the instant case is not an exceptional case under any of the circumstances that would support an award of costs and attorneys' fees. In this case, Defendant Red Bend is not a

prevailing party and the case is not exceptional. Accordingly, the Court should order that each party bear its own costs and attorneys' fees.

For the reasons set forth above, Plaintiff respectfully requests entry of the proposed order of dismissal attached to Plaintiff's Reply Brief in Support of its Motion for Reconsideration. In the alternative, Plaintiff respectfully requests that the Court simply grant Plaintiff's Motion for Reconsideration.

Respectfully submitted,

BIS ADVANCED SOFTWARE SYSTEMS, LTD.

By its attorneys,

 /s/ Scott McConchie
Daniel P. Tighe (BBO # 556583)
Scott McConchie (BBO # 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110-2214
(617) 542-9900


Neil F. Greenblum
Michael J. Fink
Caitlin Lhommedieu
Benjamin P. Kota
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Dated: June 12, 2006          (703) 716-1191

## Certificate of Service

I, Scott McConchie hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic and paper copies will be sent to those indicated as non-registered participants on June 12, 2006.

/s/ Scott McConchie